IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
AT INDIANAPOLIS

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL UNION NO. 20 WELFARE AND BENEFIT FUND<br><br>and<br><br>TRUSTEES OF THE SHEET METAL WORKERS LOCAL UNION NO. 20 DEFINED CONTRIBUTION PENSION FUND<br><br>and<br><br>TRUSTEES OF THE SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION FUND<br><br>And<br><br>LOCAL UNION NO. 20 OF THE INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS<br><br>    Plaintiffs,<br><br>*v.*<br><br>SAFE-T-INNOVATIONS, LLC<br>d/b/a STI Heating & Air Conditioning,<br><br>    Defendant. | CASE NO. 1:26-cv-109 |

## COMPLAINT

1.    Plaintiffs are the Trustees of the Sheet Metal Workers Local No. 20 Welfare and Benefit Fund ("Welfare Fund"), the Trustees of the Sheet Metal Workers Local Union No. 20 Defined Contribution Fund ("Defined Contribution Fund"), and the Trustees of the Sheet Metal Workers Local No. 20 Gary Area Pension Fund ("Pension Fund") (collectively, the "Funds"), and

the Local Union No. 20 of the International Association of Sheet Metal, Air, Rail and Transportation Workers ("Local Union"). Defendant, Safe-T-Innovations, LLC, d/b/a STI Heating & Air Conditioning ("STI"), is an employer obligated to make contributions to the Funds based upon contractually agreed rates and to withhold working dues and other deductions to the Local Union. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Funds for the purpose of collecting contributions and other amounts due and owing. The Local Union brings this action for the purpose of collecting deductions owed by Defendant.

## JURISDICTION AND VENUE

2.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3.  Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Welfare Fund and Defined Contribution Fund are administered in Marion County, Indiana, within the territorial jurisdiction of this Court.

4.  Additionally, venue is appropriate under 28 USC § 1391(b)(2) because the omissions giving rise to Plaintiffs' Complaint stem from a collective bargaining agreement negotiated with the Local Union, which maintains its principal business office in Marion County, Indiana. Moreover, this action concerns the nonpayment of contributions and deductions required by collective bargaining agreement, the payment of which is due at Plaintiffs' business offices in Marion County, Indiana.

## THE PARTIES

5. The Plaintiffs are trustees of the Welfare, Defined Contribution, and Pension Funds, which are multiemployer benefit plans welfare and pension plans within the meaning of ERISA §§ 3(1), (2), and (37), 29 U.S.C. §§ 1002(1), (2) and (37). The Welfare and Defined Contribution Funds are administered in Marion County, Indiana. The Pension Fund is administered in Lake County, Indiana.

6. Plaintiff, Local Union No. 20 of the International Association of Sheet Metal, Air, Rail and Transportation Workers ("Local Union"), is a labor organization as defined in 29 U.S.C. §152(5) and an employee organization under ERISA § 3(4), 29 U.S.C. §1002(4), which represents employees for the purpose of collective bargaining in an industry affecting commerce as defined in 29 U.S.C. § 152(7). The Local Union's principal place of business is 2828 E. 45th Street, Indianapolis, IN 46205.

7. Defendant, Safe-T-Innovations, LLC, d/b/a STI Heating & Air Conditioning, is a Nevada limited liability company, with its principal place of business located in Lake County, Indiana, at 1040 Kennedy Avenue, Suite 407, Schererville, IN 46375. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COMMON FACTS

8. At all relevant times, Defendant was signatory to the terms of a collective bargaining agreement between the Northern Indiana Sheet Metal Contractors Association, Inc. and Local Union No. 20, International Association of Sheet Metal, Air, Rail, Transportation ("CBA"). A true and accurate copy of the CBA is attached hereto as **Exhibit A**.

9. The terms of the CBA require Defendant to make contributions to the Funds, along with contributions to other employee benefit plans. The CBA also requires Defendant to remit deductions to the Local Union on behalf of its employees. Lastly, the CBA binds Defendant to the terms of the respective Trust Agreements for the Funds. True and accurate copies of the Funds' Trust Agreements are attached as **Exhibits B, C, and D**.

10. The Funds' Trust Agreements give Plaintiffs the authority to collect employer contributions due to the Funds. To ensure employers remit benefit contributions in a timely and orderly manner, the Funds adopted Collection Policies. True and accurate copies of the respective Collection Policies are attached as **Exhibits E, F, and G**.

11. On June 18, 2021, Defendant, through their Managers, executed an assent to the collective bargaining agreement ("CBA") then in force between the Northern Indiana Sheet Metal Contractors Association, Inc. and the Local Union No. 20 of International Association of Sheet Metal, Air, Rail and Transportation Workers. A true and accurate copy of the Letter of Assent is attached hereto as **Exhibit H**.

12. Pursuant to the terms of the CBA, Trust Agreements, and Collection Policies, Defendant is required to make monthly contributions to the Funds on behalf of each of its employees in an amount and under the terms set forth in the agreements.

13. The Welfare and Defined Contribution Funds' Collection Policies require Defendant to submit all monthly reports and contributions on or before the 25th day of the month after the month in which work was performed. The Pension Fund's Collection Policy requires Defendant to submit all monthly reports and contributions on or before the 20th day of the month after the month in which work was performed. If contributions are not made by the due date, they are delinquent and are subject to late fees and interest.

14. As an employer bound by the CBA, Defendant became obligated to withhold deductions from its employees' wages and to remit the deductions to the Local Union monthly. (Exhibit A, CBA, Addendum V, Section 1(a), at p. 30).

15. Despite having a contractual obligation to remit contributions and deductions, with reports of hours worked, Defendant has refused or otherwise neglected to pay all contributions and deductions owed for the months of November 2024 forward.

16. As a result of Defendant's conduct, Defendant is liable to Plaintiffs for delinquent contributions, withholdings, liquidated damages, and accruing interest in an amount yet to be determined, pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and LMRA § 301, 29 U.S.C. § 185.

## COUNT I

**(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Remit Contributions, Withholding and Reports)**

17. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

18. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA.

19. The terms of the CBA bind Defendant to the terms of the Funds' Trust Agreements. (Exhibit A, Addendum VIII, Sections 3 and 12, at pp. 39, 42).

20. The terms of the CBA, Trust Agreements and Collection Policies require Defendant to make contributions to the Funds. (Exhibit A, CBA, Addendum VIII, Sections 3 and 12, at pp. 39, 42; Exhibit B, Welfare Fund Trust Agreement, Art. VI, at p. 21; Exhibit C, Defined Contribution Plan Trust Agreement, Art. III, at p. 7; Exhibit D, Pension Fund Trust Agreement, Art. VI, at p. VI-1; Exhibits E-G, Collection Policies).

21. The terms of the CBA require Defendant to withhold deductions from their employees' wages on behalf of the Local Union and remit such deductions to the Local Union by the 20th day of the month following the month in which the work was performed. (Exhibit A, CBA, Addendum V, Section 1(a), at p. 30).

22. Defendant has refused or otherwise neglected to pay all required contributions and deductions for the period of November 2024 and later. Contributions and deductions owed to the Plaintiffs for this period total at least $96,027.72.

23. Additionally, Defendant has refused or otherwise neglected to submit monthly reports of hours worked or to contribute to the Funds for the period of October 2025 forward.

24. The Collection Policies require Defendant to submit all monthly reports and contributions on or before the 25th day of the month (20th day for the Pension Fund) following the month in which work was performed. If contributions are not made by the due date, they are delinquent. (Exhibits E-G, Collection Policies).

25. For the period of October 2025 forward, Defendant has refused or otherwise failed to submit monthly reports of hours worked by covered employees. As such, Plaintiffs are unable to ascertain the amount(s) Defendant owes to Plaintiffs in delinquent contributions, deductions, liquidated damages, and interest for this period.

26. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, withholdings, liquidated damages, interest and attorney fees and costs pursuant to ERISA § 502(a)(3) and (g)(2), 29 U.S.C. §1132(a)(3) and (g)(2).

## COUNT II

**(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract and Failure to Remit Contributions, Withholdings and Reports)**

27. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

28. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA.

29. The terms of the CBA bind Defendant to the terms of the Funds' Trust Agreements. (Exhibit A, Addendum VIII, Sections 3 and 12, at pp. 39, 42).

30. The terms of the CBA, Trust Agreements and Collection Policies require Defendant to make contributions to the Funds. (Exhibit A, CBA, Addendum VIII, Sections 3 and 12, at pp. 39, 42; Exhibit B, Welfare Fund Trust Agreement, Art. VI, at p. 21; Exhibit C, Defined Contribution Plan Trust Agreement, Art. III, at p. 7; Exhibit D, Pension Fund Trust Agreement, Art. VI, at p. VI-1; Exhibits E-G, Collection Policies).

31. The terms of the CBA require Defendant to withhold deductions from their employees' wages on behalf of the Local Union and remit such deductions to the Local Union by the 20th day of the month following the month in which the work was performed. (Exhibit A, CBA, Addendum V, Section 1(a), at p. 30).

32. Defendant has refused or otherwise neglected to pay all required contributions and deductions for the period of November 2024 and later. Contributions and deductions owed to the Plaintiffs for this period total at least $96,027.72.

33. Additionally, Defendant has refused or otherwise neglected to submit monthly reports of hours worked or to contribute to the Funds for the period of October 2025 forward.

34. The Collection Policies require Defendant to submit all monthly reports and contributions on or before the 25th day of the month (20th day for the Pension Fund) following the month in which work was performed. If contributions are not made by the due date, they are delinquent. (Exhibits E-G, Collection Policies).

35. For the period of October 2025 forward, Defendant has refused or otherwise failed to submit monthly reports of hours worked by covered employees. As such, Plaintiffs are unable to ascertain the amount(s) Defendant owes to Plaintiffs in delinquent contributions, deductions, liquidated damages, and interest for this period.

36. Defendant's actions are in breach of the CBA, Trust Agreements, and Collection Policies, and Defendant is therefore liable for delinquent contributions, deductions, liquidated damages, interest and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

### COUNT III

**(ERISA Section 515, 219 U.S.C. Section 1145 – Failure to Pay Liquidated Damages and Interest)**

37. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

38. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA.

39. The terms of the CBA binds Defendant to the terms of the Fund's Trust Agreement. (Exhibit A, Addendum VIII, Section 2(b), at p. 27).

40. The terms of the CBA, Trust Agreements and Collection Policies require Defendant to make contributions to the Fund. (Exhibit A, CBA, Addendum VIII, Sections 3 and 12, at pp. 39, 42; Exhibit B, Welfare Fund Trust Agreement, Art. VI, at p. 21; Exhibit C, Defined Contribution Plan Trust Agreement, Art. III, at p. 7; Exhibit D, Pension Fund Trust Agreement, Art. VI, at p. VI-1; Exhibits E-G, Collection Policies).

41. The Collection Policies require Defendant to submit all monthly reports and contributions on or before the 25th day of the month (20th day for the Pension Fund) following the month in which work was performed. If contributions are not made by the due date, they are delinquent. (Exhibits E-G, Collection Policies).

42. Defendant has refused or otherwise neglected to pay the required contributions and deductions for the period of November 2024 through September 2025.

43. Additionally, Defendant has refused or otherwise neglected to submit monthly reports of hours worked or to contribute to the Funds for the period of October 2025 forward.

44. As such, Plaintiffs are entitled to liquidated damages and interest in accordance with the Collection Policies for the months of November 2024 forward.

45. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT IV

**(LMRA Section 301, 29 U.S.C. 185 – Breach of Contract and Failure to Pay Liquidated Damages and Interest)**

46. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

47. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA.

48. The terms of the CBA binds Defendant to the terms of the Fund's Trust Agreement. (Exhibit A, Addendum VIII, Section 2(b), at p. 27).

49. The terms of the CBA, Trust Agreements and Collection Policies require Defendant to make contributions to the Fund. (Exhibit A, CBA, Addendum VIII, Sections 3 and 12, at pp. 39, 42; Exhibit B, Welfare Fund Trust Agreement, Art. VI, at p. 21; Exhibit C, Defined Contribution Plan Trust Agreement, Art. III, at p. 7; Exhibit D, Pension Fund Trust Agreement, Art. VI, at p. VI-1; Exhibits E-G, Collection Policies).

50. The Collection Policies require Defendant to submit all monthly reports and contributions on or before the 25th day of the month (20th day for the Pension Fund) following

the month in which work was performed. If contributions are not made by the due date, they are delinquent. (Exhibits E-G, Collection Policies).

51. Defendant has refused or otherwise neglected to pay the required contributions and deductions for the period of November 2024 through September 2025.

52. Additionally, Defendant has refused or otherwise neglected to submit monthly reports of hours worked or to contribute to the Funds for the period of October 2025 forward.

53. As such, Plaintiffs are entitled to liquidated damages and interest in accordance with the Collection Policies for the months of November 2024 forward.

54. Defendant's actions are in violation of CBA, Trust Agreements, and Collection Policies, and Defendants are therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V

### Order Compelling Payroll Audit
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E)

55. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

56. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA.

57. The terms of the CBA binds Defendant to the terms of the Funds' Trust Agreements. (Exhibit A, Addendum VIII, Section 2(b), at p. 27).

58. The terms of the CBA, Trust Agreements and Collection Policies require Defendant to make contributions to the Funds. (Exhibit A, CBA, Addendum VIII, Sections 3 and 12, at pp. 39, 42; Exhibit B, Welfare Fund Trust Agreement, Art. VI, at p. 21; Exhibit C, Defined Contribution Plan Trust Agreement, Art. III, at p. 7; Exhibit D, Pension Fund Trust Agreement, Art. VI, at p. VI-1; Exhibits E-G, Collection Policies).

59. Defendant may be subject to payroll audits as may be deemed appropriate by Plaintiffs, in order to verify that Defendant has made all required contributions to the Funds. Defendant is required to provide in connection with such audits any and all records that may be required to complete such audits. (Exhibit B, Welfare Fund Trust Agreement, Art. VI, Section 6.06, at p. 22; Exhibit C, Defined Contribution Fund Trust Agreement, Art. III, Section 6, at p. 8; Exhibit D, Pension Fund Trust Agreement, Art. VI, at p. VI-1).

60. Plaintiffs have no way of verifying, absent an audit, the number of covered hours worked and wages paid to Defendant's employees for the months of October 2025 forward. Therefore, Plaintiffs have no way of ascertaining the precise amount owed in delinquent contributions, deductions, late fees, and interest for work performed during that time period.

61. In accordance with the terms of the CBA, Trust Agreements, and Collection Policies, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

62. Pursuant to the Collection Policies, Defendant is obligated to reimburse Plaintiffs for the cost of performing an audit, if the audit reveals a deficiency. (Exhibit E-G, Collection Policies at p. 4).

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A. Judgment in favor of Plaintiffs and against Defendant for all unpaid fringe benefit contributions and deductions in the amount of $96,027.72 for the period of November 2024 through September 2025, or such other amount as may be established at the time of judgment.

B. Judgment in favor of Plaintiffs and against Defendant for all unpaid fringe contributions and deductions for the period of October 2025 forward as is further determined by an audit or other evidence;

C. Judgment on behalf of Plaintiffs and against Defendant for delinquent and unpaid fringe benefit contributions and deductions owed by Defendant to Plaintiffs that may accrue while this action is pending;

D. Judgment on behalf of Plaintiffs against Defendant for liquidated damages and interest for late and/or unpaid contributions, and for future liquidated damages and interest for late and/or unpaid contributions that may accrue while this action is pending, as provided under ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

E. An order compelling Defendant to submit true and accurate reports of covered work performed in October 2025 and all subsequent months and, further, to submit all records required for audit;

F. Judgment against Defendant for audit costs and expenses, in accordance with the terms of the Collection Policies;

G. An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, Collection Policies, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

H. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARTNERS LLC

/s/ Sawyer C. Lehman
Sawyer C. Lehman (IN #35287-49)
Thomas R. Kendall (IN #26859-15)
5078 Wooster Road, Suite 400
Cincinnati, OH 45226
(937) 619-0900
slehman@fringebenefitlaw.com
tkendall@fringebenefitlaw.com
*Attorneys for Plaintiffs, Trustees of the Welfare*

Fund, Trustees of the Defined Contribution Fund, and Local Union

ASHER, GITTLER & D'ALBA, LTD.

/s/ Alexander I. Rosenthal
Alexander I. Rosenthal (IN #31790-46)
200 W. Jackson, Suite 720
Chicago, IL 60606
(312) 601-9243
AR@ulaw.com
*Attorney for Plaintiffs, Trustees of the Pension Fund*