# AGREEMENT AND DECLARATION OF TRUST
# SHEET METAL WORKERS LOCAL UNION NO. 20
# WELFARE AND BENEFIT FUND

**As Amended and Restated**

**March 1, 2023**

This Instrument Drafted By:

Ledbetter Parisi LLC
2449 North Delaware St.
Indianapolis, IN 46205

# Contents

Article I – Definition of Terms ........................................................................................... 2

Section 1.01 – ADMINISTRATIVE MANAGER ................................................... 2

Section 1.02 – AGREEMENT AND DECLARATION OF TRUST/TRUST AGREEMENT.. 2

Section 1.03 – ASSOCIATION ............................................................................... 2

Section 1.04 – BENEFICIARY ............................................................................... 2

Section 1.05 – BOARD OF TRUSTEES ................................................................. 2

Section 1.06 – COLLECTIVE BARGAINING AGREEMENT ............................... 2

Section 1.07 – CONTRIBUTIONS ......................................................................... 2

Section 1.08 – EMPLOYEE .................................................................................... 3

Section 1.09 – EMPLOYER .................................................................................... 3

Section 1.10 – EMPLOYER AREA ........................................................................ 3

Section 1.12 – FIDUCIARIES ................................................................................ 4

Section 1.13 – LOCAL UNION AREA ................................................................... 4

Section 1.14 – PARTICIPANT ............................................................................... 5

Section 1.15 – PARTICIPATION AGREEMENT .................................................. 5

Section 1.16 – PLAN OF BENEFITS ..................................................................... 5

Section 1.17 – POLICIES ....................................................................................... 5

Section 1.18 – RECIPROCITY ............................................................................... 6

Section 1.19 – TRUSTEE ....................................................................................... 6

Section 1.20 – UNION ............................................................................................ 6

Article II – Creation of Board of Trustees .......................................................................... 7

Section 2.01 – TRUST ASSETS ............................................................................. 7

Section 2.02 – COMPOSITION OF THE BOARD ................................................ 7

Section 2.03 – APPOINTMENT OF EMPLOYEE TRUSTEES ............................. 7

Section 2.04 – APPOINTMENT OF EMPLOYER TRUSTEES ............................. 7

Section 2.05 –TRUSTEES' TERM OF SERVICE.................................................. 7

Section 2.06 – REMOVAL OF EMPLOYEE TRUSTEE....................................... 8

Section 2.07 – REMOVAL OF EMPLOYER TRUSTEE....................................... 8

Section 2.08 – REMOVAL BY BOARD ACTION ................................................ 8

Section 2.09 – SUCCESSOR ~~EMPLOYER~~ TRUSTEES ................................ 8

Section 2.10 – RESIGNATION OF TRUSTEES .................................................... 8

Section 2.11 – NO UNION VOTE IN EMPLOYER TRUSTEE DESIGNATION.... 9

Section 2.12 –ACCEPTANCE OF TRUSTEESHIP .............................................. 9

Section 2.13 – LIMITATION OF TRUSTEE LIABILITY.................................................. 9

Section 2.15 – TRAINING TRUSTEES ........................................................................... 9

Article III – Powers and Duties of Trustees...................................................................... 10

Section 3.01 – GENERAL DUTIES................................................................................ 10

Section 3.02 – DUTY TO MANAGE TRUST ASSETS ................................................. 10

Section 3.04 – INVESTMENT COMPANY ................................................................... 10

Section 3.05 – INVESTMENT POLICY STATEMENT.................................................. 11

Section 3.06 – POWER TO APPOINT ADMINISTRATIVE MANAGER...................... 11

Section 3.07 – POWER TO SELECT DEPOSITORY...................................................... 11

Section 3.08 – OTHER POWERS................................................................................... 11

Section 3.09– DUTY TO MAINTAIN RECORDS AND ACCOUNTS .......................... 13

Section 3.10 – JUDICIAL DETERMINATIONS & DUTY TO COOPERATE ............... 13

Section 3.11 – RELIANCE ON RECORDS .................................................................... 13

Section 3.12 – EVIDENCE OF AUTHORITY ............................................................... 13

Section 3.13 – RELIANCE ON COUNSEL.................................................................... 14

Section 3.14 – RULEMAKING....................................................................................... 14

Section 3.15 – SUCCESSOR TRUSTEE POWERS ....................................................... 14

Section 3.16 – THIRD PARTIES – NO DUTY TO INQUIRE ....................................... 14

Section 3.17 – APPLICATION OF TRUST FUND......................................................... 14

Section 3.18 – PROVISION OF BENEFITS .................................................................. 15

Section 3.19 – OTHER PERMISSIBLE EXPENDITURES............................................ 15

Section 3.20 – POWER TO CONSTRUE TERMS ......................................................... 15

Section 3.21 – INSURANCE AND BONDING.............................................................. 15

Section 3.22 – ADMISSION OF NEW EMPLOYERS ................................................... 16

Section 3.23 – TRUST MERGER ................................................................................... 16

Article IV – Operation of the Board of Trustees ............................................................... 17

Section 4.01 – OFFICERS.............................................................................................. 17

Section 4.02 – QUORUM; MAJORITY VOTE REQUIREMENTS................................ 17

Section 4.03 – NUMBER OF VOTES ............................................................................ 17

Section 4.04 – DEADLOCK........................................................................................... 17

Section 4.05 – REMOTE ATTENDANCE OF MEETINGS ........................................... 17

Section 4.06 – BOARD VACANCIES............................................................................ 18

Section 4.07 – COMPENSATION & REIMBURSEMENT OF EXPENSES.................... 18

Section 4.08 – LITIGATION EXPENSES ...................................................................... 18

Section 4.09 – MEETINGS; NOTICES; ACTION WITHOUT MEETING ........................... 18

Article V – Controversies and Disputes.................................................................................. 19

Section 5.01 – RELIANCE ON RECORDS ........................................................................ 19

Section 5.02 – SUBMISSION TO TRUSTEES ................................................................. 19

Section 5.03 – EXHAUSTION OF INTERNAL REMEDIES.......................................... 19

Section 5.04 – CLAIMS PROCEDURE.............................................................................. 19

Section 5.05 – SETTLING DISPUTES................................................................................ 19

Section 5.06 – LIMITATION ON ACTIONS .................................................................... 20

Section 5.07 – ACCOUNTING AND JUDICIAL SETTLEMENTS .............................. 20

Article VI – Contributions and Collections ............................................................................ 21

Section 6.01 – GENERAL COLLECTION DUTIES ........................................................ 21

Section 6.02 – RATE OF CONTRIBUTION ..................................................................... 21

Section 6.03 – REPORTS AND MODE OF PAYMENT .................................................. 21

Section 6.04 – DELINQUENT CONTRIBUTIONS .......................................................... 21

Section 6.05 – COLLECTION OF DELINQUENT CONTRIBUTIONS......................... 21

Section 6.06 – REVIEW OF EMPLOYER RECORDS .................................................... 22

Section 6.07 – PAYMENT OF CONTRIBUTIONS ......................................................... 22

Section 6.08 – REFUND OF EMPLOYER CONTRIBUTIONS...................................... 22

Article VII – Termination of Individual Employers .............................................................. 23

Section 7.01 – TERMINABLE EVENTS ........................................................................... 23

Section 7.02 – CESSATION OF BENEFITS ..................................................................... 23

Section 7.03 – LIMITED CONTINUATION OF PARTICIPATION .............................. 23

Article VIII – Amendments ...................................................................................................... 24

Section 8.01 – POWER TO AMEND; VOTE REQUIREMENTS ................................... 24

Section 8.02 – PERMISSIBLE AMENDMENT ................................................................ 24

Article IX – Termination of Trust............................................................................................ 25

Section 9.01 – CONDITIONS OF TERMINATION ......................................................... 25

Section 9.02 – APPLICATION OF THE FUND AFTER TERMINATION .................... 25

Section 9.03 – NOTIFICATION OF TERMINATION ..................................................... 25

Article X – Miscellaneous ........................................................................................................ 26

Section 10.01 – LIMITATIONS UPON BENEFICIAL RIGHTS OF EMPLOYEES ........... 26

Section 10.02 – FACILITY OF PAYMENT ...................................................................... 26

Section 10.03 – WITHHOLDING PAYMENT.................................................................. 26

Section 10.04 – LAW APPLICABLE ................................................................................. 26

Section 10.05 – GENDER ............................................................................................ 27

Section 10.06 – ARTICLE AND SECTION TITLES............................................... 27

Section 10.07 – SAVINGS CLAUSE............................................................................ 27

Section 10.08 – NO RIGHT, TITLE OR INTEREST ............................................... 27

Article XI – Adoption of Trust .................................................................................... 28

Section 11.01 – COUNTERPARTS ............................................................................. 28

# Restated Agreement and Declaration of Trust of the

# Sheet Metal Workers Local Union No. 20 Welfare and Benefit Fund

This Restated Agreement and Declaration of Trust is made and entered into effective the 1st day of March, 2023 by and between International Association of Sheet Metal, Air, Rail and Transportation Workers Local Union No. 20 (hereafter "Union") and certain Employer Associations and agreed by certain individual Trustees.

The Trust Fund is and shall constitute an irrevocable trust created pursuant to the provisions of Section 302(c) of the Labor Management Relations Act of 1947 as amended for the benefit of the Employees and to provide welfare benefits to Participants and Beneficiaries under such provisions, limitations and conditions as may be established by the Trustees under the authority granted to the Trustees.

It is the intention of all parties that the benefits are limited to those which can be financed from the proceeds of the Trust Fund. To the extent provided by law, it is expressly understood and agreed that there is no liability upon the Union, any Employer or the Trustees for the furnishing of any specific type or amount of benefits, except as otherwise expressly provided in the written Health Plan, or as required by law.

In consideration of the premises, the Trustees, designated and in office, as such, have executed this Agreement and Declaration of Trust as indicating their acceptance of their respective duties imposed upon them as Trustees under the terms of this Agreement.

## WITNESSETH:

WHEREAS, the Trustees have determined that the Restated Agreement and Declaration of Trust creating the SHEET METAL WORKERS LOCAL UNION NO. 20 WELFARE AND BENEFIT FUND should be restated as set forth herein;

WHEREAS, the Trustees, pursuant to the powers granted to them in the Restated Agreement and Declaration of Trust hereinabove described, have determined it to be in the best interests of said Trust, the Associations, the Contributing Employers, the Union and the Beneficiaries of said Trust, to restate the Restated Agreement and Declaration of Trust:

NOW, THEREFORE, in accordance with Article VIII of the Restated Agreement and Declaration of Trust creating the SHEET METAL WORKERS LOCAL UNION NO. 20 WELFARE AND BENEFIT FUND, for and in consideration of the premises and of the mutual covenants and agreements herein contained, the undersigned Trustees, being all of the Trustees of the Fund, do hereby amend the Restated Agreement and Declaration of Trust and hereby adopt this Restated Agreement and Declaration of Trust and accept all of the provisions herein contained, and the Trustees declare that they will receive and hold the contributions and any other money or property which may come into their hands as Trustees, with the powers and duties, uses and purposes as hereinafter set forth, to-wit:

# ARTICLE I – DEFINITION OF TERMS

## Section 1.01 – ADMINISTRATIVE MANAGER

The term "Administrative Manager" shall mean the individual, firm or corporation employed by the Trustees to administer the office of the Trust Fund, as described herein.

## Section 1.02 – AGREEMENT AND DECLARATION OF TRUST/TRUST AGREEMENT

The terms "Trust Agreement," "Agreement and Declaration of Trust," and "Restated Agreement and Declaration of Trust" shall mean this Restated Agreement and Declaration of Trust and any subsequent amendments hereto, and, where appropriate, any prior agreement and declaration of trust under which the Fund was previously operated.

## Section 1.03 – ASSOCIATION

The term "Association" as used herein shall mean and refer to each of the following associations and their successors in interest: Northern Indiana Sheet Metal Contractors' Association, Inc.; Sheet Metal Contractors' Association of Central Indiana, Inc.; Sheet Metal Contractors' Association of Evansville; SMACNA of Michiana, Inc.; Central Wabash Valley Sheet Metal Contractors Association; and Fort Wayne Area Sheet Metal Contractors' Association, Inc.

## Section 1.04 – BENEFICIARY

The term "Beneficiary" as used herein, shall mean a person designated by a Participant, or by the terms of the Plan, who is or may become entitled to a benefit hereunder.

## Section 1.05 – BOARD OF TRUSTEES

The term "Board of Trustees" and "Trustees" as used herein shall mean the Board of Trustees of the Sheet Metal Workers Local Union No. 20 Welfare and Benefit Fund, which shall be the "Plan Administrator" of the Trust Fund, and the "Named Fiduciaries" within the meaning of the Act.

## Section 1.06 – COLLECTIVE BARGAINING AGREEMENT

The term "Collective Bargaining Agreement" shall mean any applicable Collective Bargaining Agreement now existing between an Employer and the Union which provides for Contributions to this Trust, as well as any extensions, amendments or renewals thereof, or any new Collective Bargaining Agreement executed in the future between a Union and an Employer which provides for the payment of Contributions to this Trust, as well as any extensions, amendments or renewals thereof.

## Section 1.07 – CONTRIBUTIONS

The term "Contributions" or "Employer Contributions" shall mean payments made by Employers or Unions to the Trust on behalf of Employees. All contributions paid into and/or due and owing to the Fund shall be considered assets of the Fund.

## Section 1.08 – EMPLOYEE

The term "Employee" shall mean any person employed by an Employer on whose behalf the Employer is making Contributions to the Trust pursuant to and under the terms of a Collective Bargaining Agreement between the Union and an Employer, or other employees of an Employer on whose behalf the Employer is making contributions to the Fund and who have been accepted for participation pursuant to rules established by the Trustees, or an employee of the Union or an Association, or an employee of a Pension Fund, Federal Credit Union, or Joint Apprenticeship and Training Trust Fund affiliated with the Union, on whose behalf Contributions are being made to the Trust, or an Employee of the Trust. The term "Employee" shall also mean any person formerly employed by an Employer, for a period of time (established by the Trustees from time to time or required by law, whichever shall be longer) from the date of such termination of employment, during which time such person shall pay to the Trust a self-contribution, the amount of which may be modified by the Trustees from time to time during the period of such continued self-contribution.

## Section 1.09 – EMPLOYER

The term "Employer" shall mean any Association, individual, partnership, or corporation which has a Collective Bargaining Agreement with the Union, any member of an Association for whom it bargains with the Union, or any Employer not presently a party to such Collective Bargaining Agreement but who satisfies the participation requirements established by the Trustees and who agrees to be bound by this Restated Agreement and Declaration of Trust. The term "Employer" shall also mean the Union, and any Pension Fund, Federal Credit Union, or Joint Apprenticeship and Training Trust Fund affiliated with the Union, provided that such entity agrees to participate in the Fund and makes contributions to the Fund on behalf of its employees. The term also includes any Employer that contributes or takes other affirmative steps that evidence an intent to participate. The act of contributing to this Trust Fund shall bind an Employer to the terms of this Trust Agreement, whether or not any such Employer has signed or otherwise assented to this Agreement or a counterpart thereof.

## Section 1.10 – EMPLOYER AREA

The term "Employer Area" shall mean the following six (6) areas:

(a)     "Gary Area" consists of the Indiana counties of Lake, Porter, LaPorte, Newton, Jasper, Pulaski and Starke, presently represented by the NORTHERN INDIANA SHEET METAL CONTRACTORS' ASSOCIATION, INC.

(b)     "South Bend Area" consists of the Indiana counties of St. Joseph, Elkhart, Marshall, Kosciusko and Fulton, and the Michigan counties of Berrien, Cass and St. Joseph, and the western part of Van Buren, presently represented by SMACNA OF MICHIANA, INC.

(c)     "Fort Wayne Area" consists of the Indiana counties of LaGrange, Steuben, Noble, DeKalb, Whitley, Allen, Miami, Cass, Howard, Grant, Wabash, Huntington, Wells,

Blackford, Jay and Adams, presently represented by FT. WAYNE AREA SHEET METAL CONTRACTORS' ASSOCIATION, INC.

(d)     "Terre Haute Area" consists of the Indiana counties of Clay, Greene, Owen, Parke, Putnam, Sullivan, Vermillion and Vigo, as well as the Illinois counties of Clark, Crawford, Edgar and Lawrence, presently represented by CENTRAL WABASH VALLEY SHEET METAL CONTRACTORS' ASSOCIATION.

(e)     "Evansville Area" consists of the Indiana counties of Knox, Daviess, Pike, Gibson, Vanderburgh, Posey, Warrick, Spencer, Martin and DuBois, and the Kentucky counties of Daviess, Henderson, Union and Webster, presently represented by SHEET METAL CONTRACTORS' ASSOCIATION OF EVANSVILLE, INDIANA, INC.

(f)     "Indianapolis and Lafayette Area" consists of the Indiana counties of Benton, White, Carroll, Tippecanoe, Warren, Montgomery, Fountain, Tipton, Boone, Madison, Delaware, Henry, Hancock, Hendricks, Marion, Hamilton, Morgan, Johnson, Shelby, Rush, Franklin, Decatur, Ripley, Bartholomew, Brown, Monroe, Lawrence, Jackson, Orange, Washington, Fayette, Union, Jennings and Clinton, presently represented by SHEET METAL CONTRACTORS' ASSOCIATION OF CENTRAL INDIANA, INC.

## Section 1.11 – ERISA

"ERISA" shall mean the Employee Retirement Income Security Act of 1974, as amended.

## Section 1.12 – FIDUCIARIES

In addition to the Board of Trustees, the term "Fiduciaries" as used herein shall mean a person or entity who: (1) exercises any discretionary authority or discretionary control respecting management of the Plan or exercises any authority or control respecting management or disposition of the Plan's assets; (2) renders investment advice for a fee or other compensation, directly or indirectly, with respect to any moneys or other property of the Plan, or has any authority or responsibility to do so; or (3) has any discretionary authority or discretionary responsibility in the administration of the Trust Fund.

## Section 1.13 – LOCAL UNION AREA

The term "Local Union Area" shall mean the six (6) Areas of contiguous counties designated from time to time by the Union, which, as of the effective date, consist of the following counties, but which may be redesignated by the Union from time to time, provided that such areas remain contiguous and six in number:

(a)     "Gary Area" consists of the Indiana counties of Lake, Porter, LaPorte, Newton, Jasper, Pulaski and Starke.

(b)     "South Bend Area" consists of the Indiana counties of St. Joseph, Elkhart, Marshall, Kosciusko and Fulton, and the Michigan counties of Berrien, Cass and St. Joseph, and the western part of Van Buren.

(c)     "Fort Wayne Area" consists of the Indiana counties of LaGrange, Steuben, Noble, DeKalb, Whitley, Allen, Miami, Cass, Howard, Grant, Wabash, Huntington, Wells, Blackford, Jay, and Adams.

(d)     "Terre Haute Area" consists of the Indiana counties of Parke, Putnam, Clay, Owen, Vigo, Sullivan, Vermillion and Greene, and the Illinois counties of Clark, Crawford, Lawrence, and Edgar.

(e)     "Evansville Area" consists of the Indiana counties of Knox, Daviess, Pike, Gibson, Vanderburgh, Posey, Warrick, Spencer, Martin and DuBois, and the Kentucky counties of Daviess, Henderson, Union and Webster.

(f)     "Indianapolis Area and Lafayette Area" consists of the Indiana counties of Benton, White, Carroll, Tippecanoe, Warren, Montgomery, Fountain, Tipton, Boone, Madison, Delaware, Henry, Hancock, Hendricks, Marion, Hamilton, Morgan, Johnson, Shelby, Rush, Franklin, Decatur, Ripley, Bartholomew, Brown, Monroe, Lawrence, Jackson, Orange, Washington, Fayette, Union, Jennings, and Clinton.

## Section 1.14 – PARTICIPANT

The term "Participant" means an Employee who has met the requirements established by the Trustees to be eligible for benefits under the Plan.

## Section 1.15 – PARTICIPATION AGREEMENT

The term "Participation Agreement" as used herein shall mean an assent of participation agreement or a letter of intent as stated herein and signed by Participating Employers allowing the Fund to accept Contributions on behalf of Employees not working under a Collective Bargaining Agreement.

## Section 1.16 – PLAN OF BENEFITS

The terms "Plan of Benefits", "Benefit Plan" or "Plan" shall mean any benefits which may be provided from time to time by the Trust. Benefits may be offered at the discretion of the Trustees to eligible Employees, retirees and their qualifying dependents.

## Section 1.17 – POLICIES

The terms "Policies" or "Policy" shall mean the Policy or Policies of insurance issued pursuant to this Restated Agreement and Declaration of Trust and accepted by the Trustees as part of the Fund and all other Policies of insurance accepted by the Trustees as part of such Fund. The term "Policy" or "Policies" as used herein shall be deemed to include any amendments or riders attached to such Policy or Policies.

Section 1.18 – RECIPROCITY

The term "Reciprocity" as used herein shall mean an agreement and/or resolution which provides for the transfer of contributions for benefits on behalf of the Employee from one welfare fund to another.

Section 1.19 – TRUSTEE

The term "Trustee" shall mean the Trustees designated in this Restated Agreement and Declaration of Trust, together with their successors designated and appointed in accordance with the terms hereof.

Section 1.20 – UNION

The term "Union" shall mean INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS LOCAL UNION NO. 20.

## ARTICLE II – CREATION OF BOARD OF TRUSTEES

### Section 2.01 – TRUST ASSETS

The Trust herein created shall be known as SHEET METAL WORKERS' LOCAL UNION NO. 20 WELFARE AND BENEFIT FUND, which said Trust shall be comprised of assets initially derived from Employer Contributions made pursuant to Collective Bargaining Agreements between the Employers and the Union (plus any additional sum or sums, from Employer Contributions which may hereafter be agreed upon by the Employers and the Union and set forth in written Collective Bargaining Agreements and Participation Agreements), together with all insurance contracts (including dividends, refunds, or other sums payable to the Trustees on account of such insurance contracts), all investments made and held by the Trustees on account of such insurance contracts, all investments made and held by the Trustees, all moneys received by the Trustees as Contributions or as income from investments made and held by the Trustees or otherwise, and any other property received and held by the Trustees for the uses, purposes and trust set forth in this Restated Agreement and Declaration of Trust, where any of the foregoing is derived from the Employer Contributions.

### Section 2.02 – COMPOSITION OF THE BOARD

Unless enlarged as herein provided, the Board of Trustees of the Trust shall consist of fourteen (14) natural persons, seven (7) of whom shall represent Employees and seven (7) of whom shall represent the Employers, and each of whom shall be "Named Fiduciaries" within the meaning of Section 402(a)(2) of ERISA.

### Section 2.03 – APPOINTMENT OF EMPLOYEE TRUSTEES

The Employee Trustees shall be the Business Manager of the Union, and six (6) other natural persons appointed by the Business Manager of the Union, provided that such individuals shall each be appointed from different Local Union Areas, such that each of the six (6) Local Union Areas is represented by an Employee Trustee, in addition to the Business Manager of the Union.

### Section 2.04 – APPOINTMENT OF EMPLOYER TRUSTEES

The Sheet Metal Contractors Association of Central Indiana, Inc. shall be represented by two (2) Employer Trustees. With the exception of Terre Haute, all other Employer Areas shall be represented by one (1) Employer Trustee. The Associations from Evansville, South Bend, Indianapolis/Lafayette, Gary and Fort Wayne will appoint their Employer Trustees. The interests of the Terre Haute Area shall be represented by the Trustees appointed by the Sheet Metal Contractors Association of Central Indiana, Inc.

### Section 2.05 – TRUSTEES' TERM OF SERVICE

Each Employee and Employer Trustee shall continue to serve until his death, resignation, incapacity or inability to act, or removal as herein provided. In case of vacancy for any reason, a Successor Employer Trustee shall be appointed as hereinafter provided.

## Section 2.06 – REMOVAL OF EMPLOYEE TRUSTEE

An Employee Trustee may be removed at any time by the Business Manager of the Union. The Business Manager-Trustee shall be deemed to have been removed as a Trustee upon ceasing to hold that office. The person succeeding the Business Manager in office shall ex officio be a Successor Employee Trustee. Other Successor Employee Trustees shall be designated by the Business Manager of the Union, subject to the requirements contained in Section 2.03 of this Article. The Board of Trustees shall presume any notice of removal provided by an appointing organization is valid and lawful, unless and until overturned by a court of competent jurisdiction.

## Section 2.07 – REMOVAL OF EMPLOYER TRUSTEE

An Employer Trustee may be removed at any time by the Association which appointed him. In the event an Association ceases to exist or ceases to represent Employers in collective bargaining with the Union, or in the case of an Employer Trustee vacancy in an Employer Area not represented by an Association, the Employer Trustee may be removed at any time by a majority vote of the Employers in that Employer Area. Such vote shall be conducted in the same manner as an election to designate a Successor Employer Trustee, as set forth herein. The Board of Trustees shall presume any notice of removal provided by an appointing organization is valid and lawful, unless and until overturned by a court of competent jurisdiction.

## Section 2.08 – REMOVAL BY BOARD ACTION

By unanimous vote, the remaining Trustees may cause the removal of any fellow Trustee who may be serving as a Trustee in violation of ERISA, or who habitually fails to fulfill his duties and obligations as Trustee. The vacancy or vacancies caused by such a removal shall be filled in accordance with Section 4 of this Article.

## Section 2.09 – SUCCESSOR TRUSTEES

Successor Employer Trustees shall be designated by the Association selecting or appointing the predecessor Employer Trustee, and such selection shall be duly certified by the presiding officer or the secretary of such Association. In the event an Association ceases to exist or ceases to represent Employers in collective bargaining with the Union, or in the case of an Employer Trustee vacancy in an Employer Area not represented by an Association, a Successor Employer Trustee shall be elected by a vote of the Employers in the corresponding Employer Area. An Employer whose principal place of business is located in such Employer Area and who contributed to the Fund in the calendar month preceding the election shall be entitled to vote in such election. Each such Employer shall receive one vote and the Successor Employer Trustee shall be determined by a majority of such votes. Such election shall be conducted by a person or persons designated by the Board of Trustees. In the event an Employee Trustee shall die, become incapable of acting hereunder, resign or be removed, a successor Employee Trustee shall be named in writing by the Business Manager of the Union.

## Section 2.10 – RESIGNATION OF TRUSTEES

Any Trustee or Trustees shall have the right to resign upon tendering 30 days' written notice to the remaining Trustees, or such shorter notice as the remaining Trustees may accept as sufficient, in which notice there shall be stated when such resignation shall take effect, and such resignation

shall take effect on the date specified in the notice unless a Successor Trustee shall have been appointed at an earlier date, in which event such resignation shall take effect immediately upon the appointment of such Successor Trustee.

## Section 2.11 – NO UNION VOTE IN EMPLOYER TRUSTEE DESIGNATION

The Union shall have no voice in the selection, election or designation or in the method of selection, election or designation of any Employer Trustee, notwithstanding that such Union may be making Employer Contributions to the Trust.

## Section 2.12 –ACCEPTANCE OF TRUSTEESHIP

A Trustee shall be deemed to have consented to act as Trustee under this Restated Agreement and Declaration of Trust and to have agreed to administer the Trust as herein provided by becoming signatory hereto, or in the case of a Successor Trustee, by filing a written Acceptance of Trust with the remaining Trustees.

## Section 2.13 – LIMITATION OF TRUSTEE LIABILITY

To the extent permitted by law, no Trustee shall be liable or responsible for any acts or defaults of any Co-Trustee or predecessor Trustee, or for any losses or expenses resulting from or occasioned by anything done or neglected to be done in the administration of the Trust prior to his becoming a Trustee or subsequent to his having ceased to be a Trustee, nor shall any Trustee be required to inquire into or take any notice of the prior administration of the Trust.

## Section 2.14 – TRUST OFFICE

The Trustees shall establish an office in Marion County, Indiana for the transaction of the business of the Trust, the exact location of which to be made known to the parties interested in said Trust. The books and records pertaining to the Trust and its administration shall be maintained at such office.

## Section 2.15 – TRAINING TRUSTEES

The Employee and Employer Trustees may each elect to have in attendance at meetings an individual for the purpose of exposing the individual to the business of the Health Fund and to educate said individual about the operations of the Trust in anticipation that said individual will ultimately be appointed a Trustee on the Fund.

The Training Trustees shall have no voting rights and shall not be considered Trustees or Plan Fiduciaries. Plan assets may be used to reimburse said individual for the costs and expenses of attending meetings and may choose to pay for the education of said individual in anticipation of the appointment of the individual ultimately as a Trustee. Prior to attendance at a meeting, the Training Trustee must execute a confidentiality agreement. The Training Trustee may be excused from a meeting if his presence may jeopardize attorney-client or similar privilege.

## ARTICLE III – POWERS AND DUTIES OF TRUSTEES

### Section 3.01 – GENERAL DUTIES

The Trustees shall have general supervision of the operation of the Trust and shall conduct the business activities of the Trust. The Trustees shall have the discretionary authority to construe the provisions of this Restated Agreement and Declaration of Trust and the terms used herein, and any construction adopted by the Trustees in good faith shall be binding upon the Union, the Employers, the Association, the Employees and their dependents. This discretionary authority shall include, but shall not be limited to, the power to interpret and apply the terms of the Trust, Plan, rules, by-laws, policies, procedures, resolutions or directives, as amended from time to time, and such determination shall be final and binding on all parties.

### Section 3.02 – DUTY TO MANAGE TRUST ASSETS

The Trustees shall hold, manage, care for, and protect the Trust Fund and collect the income therefrom and Contributions thereto and shall have all powers with respect thereto which they deem necessary or desirable to carry out the purposes of the Trust.

### Section 3.03 – DUTY TO INVEST

The Trustees shall invest and reinvest the principal and income of the Trust Fund and keep the Trust Fund invested, without distinction between principal and income, in such securities or in such property, real or personal, tangible or intangible, or part interest therein, wherever situate, whether or not productive of income or consisting of wasting assets, as they, in their sole discretion, consider unnecessary for current expenditures, including, but not limited to, stocks, common or preferred, trust and participation certificates, interests in investment companies, whether so-called "open-end mutual funds" or "closed-end mutual funds," leaseholds, fee title, bonds or notes and mortgages, and other evidence of indebtedness or ownership, irrespective of whether such securities or such property shall be of the character authorized by any state law for trust investments, provided, however, that investments shall be so diversified as to minimize the risk of large losses unless under the circumstances it is clearly prudent not to do so.

> (a)    The Trustees shall be under no duty to invest Trust Fund assets if liquidity, cash flow needs, or similar circumstances make it imprudent to do so.

### Section 3.04 – INVESTMENT COMPANY

The term "investment company" shall include shares of open-end investment companies, including, without limiting the generality of the foregoing, such investment companies as are commonly known as "money-market funds." The Trustees shall use the price established and provided from time to time by any such open-end investment company for any valuation required under the terms of this Restated Agreement and Declaration of Trust. The Trustees shall have the power, in their sole discretion, to invest all or any part of the assets of the Trust Fund in any common or collective investment trust or group trust described in ERISA Section 408(b)(8), and in any common or collective investment trust or group trust which provides for the pooling of the assets of plans exempt from tax under Section 501(a) of the Code, or any comparable provisions of any future legislation that amends supplements or supersedes those sections, including any such

trust which is then maintained by any Investment Manager (whether or not such collective investment trust or group trust provides for the pooling of assets of other tax exempt trusts), provided that such collective investment trust or group trust is exempt from tax (other than tax on unrelated business taxable income) under the Internal Revenue Code or regulations or rulings issued by the Internal Revenue Service, and the provisions of the document governing such collective investment trust or group trust, as it may be amended from time to time, shall govern any investment therein and are hereby made a part of this Trust Agreement; this Section shall apply to all Fund investments, whether made prior to or after the adoption hereof.

## Section 3.05 – INVESTMENT POLICY STATEMENT

The Trustees shall adopt a Statement of Investment Policy and Investment Guidelines ("Policy and Guidelines"). The Trustees, or an investment manager to whom investment authority has been delegated by the Trustees, in investing and reinvesting the principal and income of the Trust Fund, shall be subject to such Policy and Guidelines, and any changes thereto as the Trustees may adopt from time to time. It shall be the duty of the Trustees or an investment manager to act strictly in accordance with such Policy and Guidelines, and any changes thereto. As part of such Policy and Guidelines, the Trustees or an investment manager shall exercise their investment discretion so as to provide sufficient cash assets to meet claims for benefits by Participants and their Beneficiaries under the plan and for administrative expenses.

## Section 3.06 – POWER TO APPOINT ADMINISTRATIVE MANAGER

The Trustees may employ or contract with an individual or firm to act as Administrative Manager. The Manager will administer the day-to-day business operations of the Fund and may receive Employer Contributions, deposit the same in the designated depositories, make disbursements from the Trust Fund under the direction of the Trustees, maintain all books and records of the Trust and perform all other functions necessary or appropriate to the operation of the Trust.

## Section 3.07 – POWER TO SELECT DEPOSITORY

All Trust funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time designate, and any such deposit or deposits shall be made in the name of the Trust. All such funds shall be disbursed by electronic funds transfer, by check or draft, signed by at least one Employer Trustee and one Employee Trustee; provided, however, that the Trustees may establish special bank accounts of limited amount out of which expenses of operation of the Trust may be paid on the signature of one Trustee or a duly authorized employee of the Trust and out of which Benefits may be paid to Employees and their dependents eligible therefor upon the signature of an Employer Trustee and an Employee Trustee or upon the signature of an agent of the Trustees designated by resolution adopted by the Board of Trustees. No Trustee shall be liable in any manner for the failure of any depository selected by the Trustees in good faith and in the exercise of reasonable business judgment.

## Section 3.08 – OTHER POWERS

In addition to, and without limitation of any other power granted by this Restated Trust Agreement, the Trustees shall have the power:

(a)     To appoint an investment manager or managers, as that term is defined in ERISA, together with any future amendments thereto, to manage (which shall include the power to acquire and dispose of Trust assets) any assets of the Trust, and the Trustees shall have the power to delegate to such investment manager or managers all or any part of the investment powers vested in the Trustees by this Trust Agreement. If an investment manager or managers shall have been appointed in accordance herewith, then no Trustee shall be liable for the acts or omissions of such investment manager or managers or be under an obligation to invest or otherwise manage any assets of the Plan which is subject to the management of such investment manager. The Trustees may, by majority vote, change the investment manager or managers at any time.

(b)     To designate other persons to carry out their fiduciary responsibilities, or any part thereof, to the full extent permitted by ERISA.

(c)     To allocate all or any part of their fiduciary responsibilities for the operation and administration of the Trust and the Plan among any of the named fiduciaries as that term is defined in ERISA.

(d)     To employ on their own behalf or to authorize any other fiduciary to employ one or more persons to render advice with regard to any responsibility assumed by or imposed by law upon such fiduciary.

(e)     To serve or permit any person or group of persons to serve in more than one fiduciary capacity.

(f)     To enter into any and all contracts and agreements for carrying out the terms of this Agreement and Declaration of Trust and for the administration of the Trust, and to do all acts that they, in their sole discretion, may deem necessary or advisable, and such contracts, agreements and acts shall be binding and conclusive on the parties hereto, on all persons dealing with the Trust, on all Participants and Beneficiaries claiming any benefits from the Trust.

(g)     To keep property and securities registered in the name of the Trustees or in the name of a nominee or nominees or in unregistered or bearer form without disclosure of any fiduciary relationship.

(h)     To establish and accumulate as part of the Trust Fund, a reserve or reserves, adequate, in the sole opinion of the Trustees, to carry out the purposes of such Trust.

(i)     To pay out of the Trust all real and personal property taxes, income taxes and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust, or any money, property or securities forming a part thereof.

(j)     To pay out of the funds of the Trust membership fees in organizations formed for the purpose of educating Trustees and Administrators to perform their duties and to fulfill their obligations to jointly administered trusts, and to pay reasonable expenses incurred

in connection with the attendance by the Administrators and the Trustees at educational conferences and seminars sponsored by such organizations.

(k)    To enter into reciprocal agreements with any other Trust or Trusts providing for the granting of benefits similar to those provided by this Trust based, in part, upon employment by employers who made contributions on behalf of Employees to such other Trust or Trusts.

(l)    To adopt review procedures consistent with law and applicable regulations.

(m)    To do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary or proper to carry out the purposes of the Trust or for the protection of the property held hereunder.

(n)    To pay reasonable expenses for professional services performed at the request of Trustees for work that would otherwise be considered settlor in nature, including plan design, merger, amendment, and termination.

## Section 3.09– DUTY TO MAINTAIN RECORDS AND ACCOUNTS

The Trustees shall keep true and accurate books of account and a record of all their transactions, meetings and the actions taken at such meetings or by informal action of the Trustees. Such books of account and records shall be audited annually (or more often if so required by law) by an independent and licensed public accountant. A copy of the audit shall be sent to the proper government agencies and a summary of the results of such audit shall be sent to all Participants as required by the Act, and the audit shall at all times be available for inspection by interested persons at the principal office of the Fund.

## Section 3.10 – JUDICIAL DETERMINATIONS & DUTY TO COOPERATE

The Trustees shall be entitled at any time to have a judicial settlement of their accounts and judicial determination of any questions in connection with their duties and obligations under this Trust, or in connection with the administration or distribution thereof. Any Trustee who has resigned or been removed from office shall and hereby agrees to forthwith execute all instruments necessary to effectuate the transfer of Trust funds.

## Section 3.11 – RELIANCE ON RECORDS

To the extent permitted by law, the Trustees shall incur no liability in acting upon any instrument, application, notice, request, signed letter, electronic mail or other paper or document believed by them to be genuine, to contain a true statement of facts and to be signed or sent by the proper person.

## Section 3.12 – EVIDENCE OF AUTHORITY

Except as otherwise provided in this Restated Agreement and Declaration of Trust, any person may rely upon any instrument in writing purporting to have been signed by any two Trustees, one of whom shall be an Employer Trustee and one of whom shall be an Employee Trustee, as

conclusive evidence of the fact that such instrument has been duly authorized by the Board of Trustees.

## Section 3.13 – RELIANCE ON COUNSEL

To the extent permitted by law, no Trustee shall be liable for any action taken or omitted to be taken by him in good faith, nor for the wrongful acts of any agent, employee or attorney selected by the Trustees with reasonable care, nor for any act of commission or omission of any other Trustee the fact that such action or omission was advised by counsel employed by the Trustees shall be conclusive evidence of such good faith and judgment.

## Section 3.14 – RULEMAKING

The Trustees are hereby authorized to formulate and promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust, provided the same are not inconsistent with the terms of this Restated Agreement and Declaration of Trust. All rules and regulations adopted by the Trustees for the administration of the Trust shall be binding upon all parties hereto, all persons dealing with the Trust and all persons claiming any benefits hereunder.

## Section 3.15 – SUCCESSOR TRUSTEE POWERS

Any successor Trustee appointed in accordance with the provisions of this Restated Agreement and Declaration of Trust, upon accepting in writing the terms of this Trust, shall be vested with all of the rights, powers and duties of his predecessor.

## Section 3.16 – THIRD PARTIES – NO DUTY TO INQUIRE

No party dealing with the Trustees shall be obliged (i) to see to the application to the Trust purposes herein stated, of any money or property belonging to the Trust Fund, or (ii) to see that the terms of this Restated Agreement and Declaration of Trust have been complied with, or (iii) to inquire into the necessity or expediency of any act of the Trustees. Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon (i) that at the time of the delivery of said instrument the Trust was in full force and effect, (ii) that the instrument was executed in accordance with the terms and conditions of this Restated Agreement and Declaration of Trust and (iii) that the Trustees were duly authorized and empowered to execute the instrument.

## Section 3.17 – APPLICATION OF TRUST FUND

At their discretion, the Trustees may use and apply the Trust Fund for the purpose of paying or providing for the payment of the following types of benefits in accordance with the terms, provisions and conditions of the Plan or Plans of Benefits adopted by the Trustees from time to time, either directly or by the purchase of insurance, the enumeration of which shall not be deemed or construed to limit the types of related benefits which may be provided by the Trustees:

(a)    Medical care expense benefits;

(b)    Prescription drug benefits;

(c)     Life benefits;

(d)     Accidental death and dismemberment benefits;

(e)     Dental, hearing and vision care expense benefits;

(f)     Disability income benefits; and,

(g)     Benefits in connection with occupational diseases which commonly afflict sheet metal workers, including support of diagnostic screening programs and research.

Benefits offered and available may differ between similarly situated classes of Participants at the discretion of the Trustees.

## Section 3.18 – PROVISION OF BENEFITS

The Trustees may, within their sole discretion, provide benefits on a self-administered or insurance basis in such amounts that they shall from time-to-time determine consistent with good business practices, after taking into consideration the establishment and maintenance of reasonable reserves. The Trustees shall have the authority to increase or decrease various types of benefits which, in their sole judgment, can best be provided from the funds available for that purpose from time to time. There shall be no liability upon the Union, any Employer or any Trustee for the furnishing of any specific type or amount of benefits to any Employee or Beneficiary, nor shall there be any liability upon the Union, any employer, any Trustee or the Trust for the direct payment of any benefits which have been contracted for by the Trustees in the case of the default of the insurance carrier or otherwise.

## Section 3.19 – OTHER PERMISSIBLE EXPENDITURES

The Trustees may pay or provide for (i) the payment of all reasonable and necessary expenses of collecting the Contributions and administering the affairs of this Trust, including the employment of such administrative, legal, expert and clerical assistance that they determine to be necessary, (ii) the leasing of such premises that they determine to be necessary for the administration of the Trust, and (iii) the purchase or leasing of such materials, supplies and equipment that the Trustees, in their discretion, find necessary or appropriate to the performance of their duties.

## Section 3.20 – POWER TO CONSTRUE TERMS

The Trustees shall have the power to construe the provisions of this Restated Agreement and Declaration of Trust and the terms and regulations of the Plan of Benefits; and any construction adopted by the Trustees in good faith shall be binding upon the Union, the Employers, all parties dealing with the Trust and all persons claiming any benefits from the Trust.

## Section 3.21 – INSURANCE AND BONDING

The Trustees, by resolution, shall provide for fidelity bonds, in such form and amounts as may be required by statute, for their employees and for the Trustees who shall be authorized to handle assets of the Trust Fund. If no such statutory requirement shall exist, such bonds shall be in such form and amounts as the Trustees may determine. In addition, the Trust may by resolution purchase

insurance for its fiduciaries and for itself to cover liabilities or losses occurring by reason of the act or omission of a fiduciary; provided, however, that such insurance policy shall be in the form and manner permitted by law.

## Section 3.22 – ADMISSION OF NEW EMPLOYERS

The Trustees are authorized to extend the coverage of this Restated Agreement and Declaration of Trust to such other Employers as the Trustees shall agree upon, provided such Employers are required and agree to conform to the terms and conditions hereof and to make Employer Contributions pursuant to a Collective Bargaining Agreement with the Union.

## Section 3.23 – TRUST MERGER

The Trustees are authorized to negotiate, direct and agree to the merger of this Trust with, or into another Welfare Trust, or the merger of another Trust into this Trust, on such terms and conditions as are consistent with the purposes stated herein for this Trust.

# ARTICLE IV – OPERATION OF THE BOARD OF TRUSTEES

## Section 4.01 – OFFICERS

The Board of Trustees shall provide for a Chairman, a Vice-Chairman, a Secretary, and an Assistant Secretary of the Fund: provided, however, that the Chairman and Secretary shall not both be Employer Trustees or Employee Trustees, and the Vice-Chairman and Treasurer shall not both be Employer Trustees or Employee Trustees. Elections to these positions shall be held at the first meeting of the Board of Trustees of each calendar year, and at each election the positions shall be rotated, such that, in the year succeeding an Employer Trustee's chairmanship, an Employee Trustee shall be Chairman, and the same rotation shall apply to all officers.

## Section 4.02 – QUORUM; MAJORITY VOTE REQUIREMENTS

A quorum of the Trustees for the transaction of business, except as otherwise provided herein, shall consist of four (4) Employer Trustees and four (4) Employee Trustees. Unless otherwise provided herein, all decisions of the Trustees shall be by majority vote of the Trustees present at the meeting, except that the majority vote shall in every instance include the vote of at least three (3) Employer Trustees and three (3) Employee Trustees.

## Section 4.03 – NUMBER OF VOTES

Each Trustee shall have one vote on all matters, provided, however, if there are an unequal number of Employee Trustees or Employer Trustees present at any meeting, then in that event, the Trustees in the group of Trustees being lesser in number shall each receive an additional fractional vote, so that such group of Trustees shall cast a total number of votes equal to the number of votes cast by the group of Trustees that has the larger number present at such meeting.

## Section 4.04 – DEADLOCK

In the event a deadlock develops between the Employer Trustees and the Employee Trustees on a matter concerning the administration of the Trust Fund, which matter is required to be submitted to a neutral party or Impartial Umpire under Section 302(c) of the Labor Management Relations Act of 1947 (Taft-Hartley Act), the Trustees shall appoint a neutral party empowered to break such deadlock within a reasonable length of time. Such neutral party may be appointed by the Trustees in advance of any such deadlock. In the event such neutral party is not appointed within fifteen days after a written request by any Trustee that such neutral party be designated, or in the event such neutral party refuses, fails or is unable to act, the Trustees, odisputer either the Employer Trustees or the Employee Trustees may, upon written application, submit the issue to an Impartial Umpire in accordance with the Impartial Umpire Procedures for Arbitration of Impasses between Trustees of Joint Trust and Pension Funds of the American Arbitration Association. The decision of said Umpire shall be final, binding and conclusive upon the Trustees and all persons concerned. The Umpire's fees and expenses, as well as the joint expenses incidental to his activities and the arbitration, shall be paid from the Fund, but each side shall pay the fees of its own legal counsel.

## Section 4.05 – REMOTE ATTENDANCE OF MEETINGS

Trustees who are unable to attend a meeting in person due to illness, unavoidable conflict, or other reasonable cause may participate in any act at any meeting of the Board of Trustees through the

use of a conference telephone or other communication equipment by means of which all persons participating in the meeting can hear each other. Participation in such a meeting in such manner shall constitute attendance and the persons so participating shall be deemed present in person at the meeting. All votes at a meeting in which one or more Trustees are participating in such a manner shall be taken by roll call. Business at such a meeting may also be conducted by unanimous consent.

## Section 4.06 – BOARD VACANCIES

No vacancy or vacancies in the Board of Trustees shall impair the power of the remaining Trustees, acting in the manner provided by this Restated Agreement and Declaration of Trust, to administer the affairs of the Trust notwithstanding the existence of such vacancy or vacancies.

## Section 4.07 – COMPENSATION & REIMBURSEMENT OF EXPENSES

The Trustees shall serve without compensation from the Trust Fund except for reimbursement of reasonable expenses incurred under specific authority granted by the Trustees. Reasonable expenses include, but are not limited to reimbursement of lost wages, travel expenses, lodging, meals, membership in professional organizations, educational conferences, and similar activities, as determined by the Board of Trustees.

## Section 4.08 – LITIGATION EXPENSES

To the extent permitted by law, the Trustees shall be reimbursed for the full cost of defense in any litigation arising out of the Trusteeship.

## Section 4.09 – MEETINGS; NOTICES; ACTION WITHOUT MEETING

Regular meetings of the Board of Trustees shall be held at least quarterly at a time fixed by the Chairman and the Secretary. Such meetings shall be attended only by the Trustees and shall not be open to the public, except that there may attend such other persons as may be designated or invited by the Trustees and as may be otherwise required by law. At least ten (10) days' written notice of the time and place of such meeting shall be given to the remaining Trustees. Any four (4) Trustees may call a meeting of the Board of Trustees at any time by giving not less than ten (10) days' notice to each Trustee of the time and place thereof. Notice may be given by mail, email, telephone or personally. Meetings of the Board of Trustees may be held at any time without notice with the consent of all Trustees. Meetings may be held in person or through the use of a conference telephone or other communication equipment by means of which all persons participating in the meeting can communicate with one other. Action by the Trustees on any proposition may also be taken without a meeting if all the Trustees unanimously agree thereon in writing. For the purposes of this Section, action taken via electronic mail or "email" shall be considered as being "in writing". Written minutes, a copy of which shall be furnished with reasonable promptness to each Trustee, shall be kept of all business transacted and of all matters upon which voting shall have occurred. Such minutes shall be approved at the next succeeding meeting.

# ARTICLE V – CONTROVERSIES AND DISPUTES

## Section 5.01 – RELIANCE ON RECORDS

In any controversy, claim, demand, suit at law or other proceeding between the Trustees and any Participant, Beneficiary or any other person claiming any benefits from the Trust, the Trustees shall be entitled to rely upon any facts appearing in the records of the Trust, any instruments on file with the Trustees, with the Union or with the Employers, any facts certified to the Trustees by the Union or the Employers, any facts which are of public record and any other evidence pertinent to the issue involved. In the event of a discrepancy between the records maintained by the Plan and documents submitted by a Participant, an Employee or a retiree, the Trustees shall rely upon the Trust records unless shown to their satisfaction that the additional records are reliable, creditable, and probative.

## Section 5.02 – SUBMISSION TO TRUSTEES

All questions or controversies of whatsoever character arising in any manner or between any parties or persons in connection with the Trust or the operation thereof, whether as to any claim for benefits, or whether as to the construction of the language of this instrument, the Plan of Benefits, or the rules and regulations adopted by the Trustees, or as to any writing, decision, instrument or accounts in connection with the operation of the Trust or otherwise, shall be submitted to the Board of Trustees for decision, and the decision of a majority of the Board shall be binding upon all persons dealing with the Trust or claiming any benefit thereunder, except to the extent that such decision may be determined to be arbitrary or capricious by a court or arbitrator having jurisdiction over such matters.

## Section 5.03 – EXHAUSTION OF INTERNAL REMEDIES

Any Trustee, Participant or Beneficiary or any other person or entity which has a dispute with the Fund and/or its Trustees is required to exhaust the remedies set forth herein before commencing proceedings in any other forum.

## Section 5.04 – CLAIMS PROCEDURE

The Trustees shall establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations as required by ERISA. Such procedures shall be included in the Plan document and communicated to interested parties in the Summary Plan Description. Following final determination on appeal, the Participant or Beneficiary may file an action under Section 502(a) of ERISA.

## Section 5.05 – SETTLING DISPUTES

The Trustees may, in their sole discretion, compromise or settle any claim or controversy in such manner as they think in the best interests of the Trust and its beneficiaries, and any decision made by the Board of Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all parties to the Trust, all persons dealing with the Trust, and all persons claiming any benefits thereunder.

Section 5.06 – LIMITATION ON ACTIONS

The Board of Trustees may adopt rules governing venue and/or reasonable limitation periods for actions against the Plan following the final denial of an adverse benefit determination appeal.

Section 5.07 – ACCOUNTING AND JUDICIAL SETTLEMENTS

(a) Accounting. The Union or the Association may at any time demand of the Trustees an accounting with respect to any and all accounts, provided that the party demanding such accounting agrees to pay the necessary expenses thereof.

(b) Judicial Settlements and Action by Trustees. The Trustees shall be entitled, at any time, to have a judicial settlement of their accounts and to seek judicial protection by any action or proceeding they deem necessary and, further, to obtain a judicial determination or declaratory judgment as to any question of construction of this Trust Agreement or for instructions as to any action thereunder and, further, as to any question relating to the discharge of their duties and obligations under, or in connection with the administration of, this Trust and as to the distribution of assets belonging to the Trust. Any such determination, decision or judgment shall be binding upon all parties to, or claiming under, this Trust Agreement.

# ARTICLE VI – CONTRIBUTIONS AND COLLECTIONS

### Section 6.01 – GENERAL COLLECTION DUTIES

The Trustees, in their fiduciary capacity, shall have the power to demand and collect the Contributions of the Employers to the Trust. The Trustees may take any and all steps, including the institution and prosecution of and intervention in any legal proceeding, that may be necessary or desirable to effectuate the collection or preservation of Contributions or other moneys which may be due and owing to the Trust, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary for such purpose. The Trustees shall adopt written policies and exercise systematic, reasonable and diligent efforts in the collection process.

### Section 6.02 – RATE OF CONTRIBUTION

To effectuate the purposes of this Agreement and Declaration of Trust, each Employer shall contribute to the Fund the amount required by its Collective Bargaining Agreement or agreements with the Union, Participation Agreement, and/or agreement with the Trustees. The rate of contribution shall always be governed by the aforesaid agreements then in full force and effect, together with any amendments, supplements, or modifications thereof.

### Section 6.03 – REPORTS AND MODE OF PAYMENT

To carry out and effectuate the purposes hereof, the Trustees shall have the power to enforce the exact time and manner in which payments of Participating Employer contributions to the Fund are to be made and shall be required to notify the contributing Participating Employers in writing of those requirements. Contribution remittance forms submitted by Employers shall be considered a "written agreement" as required by the Labor Management Relations Act as a condition of making and receiving contributions. Each Employer shall maintain adequate records to allow the Trustees and/or their agent to determine the total amount of contributions due the Trust Fund.

### Section 6.04 – DELINQUENT CONTRIBUTIONS

All contributions paid into and/or due and owing to the Fund shall be considered assets of the Fund. Failure of any Employer to make all payments herein provided for, within the time specified, shall constitute a breach of this Trust, and any Employer remittance and report not received by the Trustees or other Administrator on or before the designated day of the month following the month covered by the report shall be considered delinquent, and it shall be the duty of the Trustees to advise the Union thereof, or in the Trustees' discretion, take other proper action for the purpose of collecting such account.

### Section 6.05 – COLLECTION OF DELINQUENT CONTRIBUTIONS

The Trustees shall have the authority to demand, collect and receive Employer contributions and to hold the same until applied to the ultimate purpose herein provided, and to take such steps, including the institution and prosecution of, or the intervention in, any proceeding at law, in equity or in bankruptcy as may be necessary or desirable to effectuate the collection of such Employer contributions. The Board of Trustees may adopt policies and procedures to collect monies owed to the Fund. If Employer contributions are not received by the required due date, the Trustees shall also have the right to assess liquidated damages, interest, professional fees and costs for late

payments in an amount as determined by the Trustees from time to time. If an Employer is delinquent and records are not available to determine the amounts owed, the Trustees may infer the Employer's contribution liability based upon reasonable assumptions regarding the number of employees, hours worked and duration of the delinquency.

## Section 6.06 – REVIEW OF EMPLOYER RECORDS

Each Participating Employer shall promptly furnish to the Trustees on demand such payroll records and data that the Trustees may require in connection with the administration of the Fund and benefits, including but not limited to the general ledger and cash receipts journal, federal payroll reports, employee time cards, payroll journals, workers' compensation reports, individual earnings records, IRS Forms W-2, W-4, 1096 and 1099, general check registers, contribution reports to other trades, check stubs or vouchers, disbursement journals, bank statements, vendor invoices, job records and other documents deemed relevant by the Trustees whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of this Agreement and Declaration of Trust and the benefits derived hereunder. The Trustees are authorized to adopt a policy to hold Employers liable for audit and professional expenses in the event the Employer has underreported hours or contributions to the Trust Fund, or has failed to cooperate with a request to review payroll records and data.

## Section 6.07 – PAYMENT OF CONTRIBUTIONS

Except as otherwise required by law, no Contributing Employer shall be liable for any payments to the Trust Fund other than for Contributions due pursuant to a Collective Bargaining Agreement and of other payments required under the terms of this Restated Agreement and Declaration of Trust. Upon the transfer to the Trustees of such Contributions and other payments, and except as required by law, all responsibilities of the Employers for each Employer Contribution shall cease, and neither the Employers nor the Union shall have any responsibilities for the acts of the Trustees. No person shall have any individual right, title, interest or claim against any Employer, Employer's Contribution or the Trust Fund, except as may be expressly provided for in this Restated Agreement and Declaration of Trust. Employers have no right to set off, discount, or otherwise reduce or refuse to pay contributions due because of an alleged liability of Trust or any third party.

## Section 6.08 – REFUND OF EMPLOYER CONTRIBUTIONS

In no event shall any Employer, directly or indirectly, receive any refund of contributions made by them to the Trust (except in case of a bona fide erroneous payment or overpayment of contributions, to the extent permitted by law) nor shall an Employer directly or indirectly participate in the disposition of the Trust Fund or receive any benefits from the Trust Fund. Upon payment of contributions to the Fund, all responsibilities of the Employer for each contribution shall cease, except as provided by statute, and the Employer shall have no responsibilities for the acts of the Trustees, nor shall an Employer be obligated to see to the application of any funds or property of the Trust or to see that the terms of the Trust have been complied with. The Board of Trustees may adopt a policy concerning Employer overpayments.

# ARTICLE VII – TERMINATION OF INDIVIDUAL EMPLOYERS

Section 7.01 – TERMINABLE EVENTS

An Employer shall cease to be an Employer as defined in this Restated Agreement and Declaration of Trust whenever:

    (a)    Such Employer fails to make an Employer Contribution on the date when due or within the period of time allowed for the payment thereof, and the Trustees give notice of such termination to the Employer and publish notice of such termination to the Employer's employees; or

    (b)    Such Employer no longer qualifies as an Employer as defined in this Restated Agreement and Declaration of Trust.

Section 7.02 – CESSATION OF BENEFITS

When an Employer ceases to be an Employer, the benefits of the Employees of such Employer, and their eligible dependents, shall then be terminated unless such Employees may be entitled to a continuation of benefits by virtue of their employment with other Contributing Employers, or by self-payments pursuant to rules of uniform application or applicable law.

Section 7.03 – LIMITED CONTINUATION OF PARTICIPATION

Any provision herein to the contrary notwithstanding, the Trustees may, for the purpose of any one or more of the coverages provided under any Policy or Policies, continue an Employer whose Collective Bargaining Agreement with the Union has terminated, for a limited period thereafter as an Employer as defined in this Restated Agreement and Declaration of Trust.

# ARTICLE VIII – AMENDMENTS

## Section 8.01 – POWER TO AMEND; VOTE REQUIREMENTS

It is anticipated that in the administration of this Trust, conditions may arise that are not foreseen at the time of the execution of this Restated Agreement and Declaration of Trust, and it is the intention of the parties that the power of amendment, which is hereinafter given, be exercised in order to carry out the purposes of this Trust, among which is to pay the largest benefits possible consistent with the number of members eligible and likely to become eligible for such benefits, the amount of money available and which is likely to become available for the payment of benefits, and sound actuarial practice. Therefore, the Trustees are hereby given the power to amend this Restated Agreement and Declaration of Trust at any time and from time to time, upon the vote of six (6) Employer Trustees and six (6) Employee Trustees. All parties hereto, all persons dealing with the Trust, all Employers and all persons claiming benefits hereunder shall be bound by any such amendment.

## Section 8.02 – PERMISSIBLE AMENDMENT

No person shall have any vested interest or right in the Trust Fund or in any payment from the Trust Fund, and the Trustees have full authority to amend, repeal, add to or take away any right that they deem proper for the preservation of this Trust; provided, however, that in no event shall the Trust Fund be used for any purpose other than the purposes set forth in this Restated Agreement and Declaration of Trust, and for the purpose of paying the necessary expenses incurred in the administration of this Trust, and further provided that all amendments shall comply with the applicable sections of the Internal Revenue Code and other applicable law.

## ARTICLE IX – TERMINATION OF TRUST

Section 9.01 – CONDITIONS OF TERMINATION

This Trust shall terminate upon the happening of any one or more of the following events:

(a)    In the event the obligation of all Employers contributing to the Trust to make contributions shall terminate.

(b)    Upon the disbursement of the entire Trust Fund, as hereinafter provided.

(c)    In the event the Trust hereby created is subject to the Rule against Perpetuities as existing in the law of the State of Indiana at the time in this Article fixed for termination of the Trust, the Trust shall terminate twenty (20) years after the date of death of the last Employee covered by this Restated Agreement and Declaration of Trust at the time of the execution of this Restated Agreement and Declaration of Trust; otherwise, this Trust shall have perpetual existence except otherwise as provided in this Article.

(d)    By operation of law.

(e)    Upon the unanimous vote of all the Trustees to terminate the Trust.

(f)    By action of the Union, and by action of the Employers in each of the Employer Areas. For purposes of this paragraph, action by an Association shall be deemed action by the Employers in the Employer Area represented by such Association, and, in the case of an Employer Area not then represented by an Association, a majority vote of the Employers then obligated to contribute to the Fund shall constitute action by the Employers in such Employer Area, which vote shall be conducted under the procedures provided for the election of a Successor Employer Trustee, as set forth in Article II of this Restated Agreement and Declaration of Trust.

Section 9.02 – APPLICATION OF THE FUND AFTER TERMINATION

In the event this Trust shall terminate for any reason, the Trustees shall first apply the Fund to pay any and all obligations of the Trust, any funds thereafter remaining shall be used at the discretion of the Trustees to provide benefits for Employees covered at the time of termination of this Agreement consistent with the purposes of this Trust as herein provided.

Section 9.03 – NOTIFICATION OF TERMINATION

Upon termination of the Trust, the Trustees shall forthwith notify each Employer and the insurance carrier or carriers of the Policy or Policies and shall continue as Trustees for the purpose of dissolution and may take any action with regard to any Policy or Policies which may be appropriate or required by the insurance carrier or carriers of such Policy or Policies. In any such action by the Trustees, the insurance carrier or carriers of the Policy or Policies may rely upon the signature of a majority of all the Trustees provided at that time under this Restated Agreement and Declaration of Trust if there be more than two (2) Trustees so provided, or upon the signature of two (2) Trustees if there be only two (2) Trustees so provided.

# ARTICLE X – MISCELLANEOUS

### Section 10.01 – LIMITATIONS UPON BENEFICIAL RIGHTS OF EMPLOYEES

All benefit payments, if and when such payments shall become due, shall, except as to minors and persons under legal disability, be paid to such Beneficiary in person and shall not be grantable, transferable, or otherwise assignable in anticipation of payment thereof, in whole or in part, by the voluntary or involuntary acts of any such Beneficiary, or by operation of law, and shall not be liable or taken for any obligation of such Beneficiary. No person shall have the right to anticipate, alienate, sell, transfer, pledge, assign or otherwise encumber any interest whatsoever in any benefit to which he may be or become entitled under any Plan of Benefits adopted by the Trustees, nor shall any such benefit be in any manner subject to the debts, contracts, liabilities or torts of the persons entitled thereto, provided, however, that the Trustees may, in their sole discretion, honor an assignment to the provider of benefits hereunder.

### Section 10.02 – FACILITY OF PAYMENT

In case any benefit payments hereunder become payable to a person under legal disability, or to a person not adjudicated incompetent but, by reason of mental or physical disability, in the opinion of the Trustees, is unable to administer properly such payments, then such payments may be paid out by the Trustees for the benefit of such person in such of the following ways as they think best, and the Trustees shall have no duty or obligation to see that the Funds are used or applied for the purpose or purposes for which paid:

   (a)   directly to any such person;

   (b)   to the legally appointed guardian or conservator of such person;

   (c)   to any spouse, child, parent, brother or sister of such person for his welfare, support and maintenance; or

   (d)   by the Trustees using such payments directly for the support, maintenance and welfare of any such person.

### Section 10.03 – WITHHOLDING PAYMENT

In the event any question or dispute shall arise concerning the proper person or persons to whom any payment shall be made hereunder, the Trustees may may initiate an interpleader action, or withhold such payment until a binding adjudication of such question or dispute, satisfactory to the Trustees in their sole discretion, shall have been made, or the Trustees shall have been adequately indemnified to their satisfaction against loss.

### Section 10.04 – LAW APPLICABLE

This Restated Agreement and Declaration of Trust shall be construed according to and be governed by the laws of the State of Indiana, except as may be otherwise required by federal law.

Section 10.05 – GENDER

Where used in this Restated Agreement and Declaration of Trust, words in the masculine shall be read and construed as in the feminine, and words in the singular shall be read and construed as though used in the plural, in all cases where such construction would so apply.

Section 10.06 – ARTICLE AND SECTION TITLES

The Article and Section titles are included solely for convenience and shall, in no event, be construed to affect or modify any part of the provisions of this Restated Agreement and Declaration of Trust or be construed as part hereof.

Section 10.07 – SAVINGS CLAUSE

Should any provision of this Restated Agreement and Declaration of Trust be held to be unlawful, or unlawful as to any person or instance, such fact shall not adversely affect the other provisions herein contained or the application of said provisions to any other person or instance, unless such illegality shall make impossible the functioning of the Trust. No Trustee shall be held liable for any act done or performed in pursuance of any provisions hereof prior to the time such act or provision shall be held unlawful by a court of competent jurisdiction.

Section 10.08 – NO RIGHT, TITLE OR INTEREST

No person shall have any vested interest or right in the Trust Fund or in any payments from the Trust except as may be provided in any Plan of Benefits adopted by the Trustees, from time to time, provided, however, that the rights of any person who has become eligible for benefits hereunder by fully meeting the requirements of this Restated Agreement and Declaration of Trust or any Plan of Benefits created hereunder shall not be affected, changed, or altered by any amendment hereto, unless the Trust Fund, in the opinion of the Trustees, is inadequate to meet the payments due, in which event the Trustees shall determine whether such benefits shall be reduced uniformly or the Trust terminated.

# ARTICLE XI – ADOPTION OF TRUST

Section 11.01 – COUNTERPARTS

This Restated Agreement and Declaration of Trust may be executed in counterparts and each of the Associations named in Section 1.02 shall become parties hereto effective upon executing counterparts, or Joinder Agreements in manner and form satisfactory to the Trustees and delivering the same to the Union and each of the then signatory Associations.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the Parties hereto have caused this Restated Agreement and Declaration of Trust to be executed this _3rd_ day of _March_, 2023.

|                        |                   |
|------------------------|-------------------|
| **Employer Trustees**  | **Union Trustees** |