# AGREEMENT AND DECLARATION OF TRUST
# SHEET METAL WORKERS LOCAL UNION NO. 20
# DEFINED CONTRIBUTION PENSION FUND

### As Amended and Restated
### March 1, 2023

**This Instrument Drafted By:**

**Ledbetter Parisi LLC**
**2449 North Delaware St.**
**Indianapolis, IN 46205**

# Contents

Article I – Definitions ......................................................................................................... 1

    Section 1. ACT/ERISA ........................................................................................... 1

    Section 2. ADMINISTRATIVE MANAGER ...................................................... 1

    Section 3. AGREEMENT AND DECLARATION OF TRUST/TRUST AGREEMENTS ...... 1

    Section 4. ASSOCIATION ..................................................................................... 2

    Section 5. BENEFICIARY ..................................................................................... 2

    Section 6. BOARD OF TRUSTEES ...................................................................... 2

    Section 7. EMPLOYEE .......................................................................................... 2

    Section 8. EMPLOYERS ........................................................................................ 2

    Section 9. FIDUCIARIES ....................................................................................... 2

    Section 10. FUND .................................................................................................... 3

    Section 11. LABOR AGREEMENT/COLLECTIVE BARGAINING AGREEMENT............. 3

    Section 12. PARTICIPANT .................................................................................... 3

    Section 13. PARTICIPATION AGREEMENT .................................................... 3

    Section 14. PARTICIPATING EMPLOYER CONTRIBUTIONS ..................... 3

    Section 15. PENSION PLAN .................................................................................. 3

    Section 16. RECIPROCITY ................................................................................... 3

    Section 17. TRUSTEE ............................................................................................ 4

    Section 18. UNION .................................................................................................. 4

Article II – Purpose Of The Trust And Application Of The Fund...................................... 5

    Section 1. PROVISION OF BENEFITS ............................................................... 5

    Section 2. USE OF THE FUND ............................................................................. 5

    Section 3. WITHDRAWAL OF FUNDS .............................................................. 6

Article III – Contributions To The Fund............................................................................ 7

    Section 1. GENERAL COLLECTION DUTIES................................................... 7

    Section 2. RATE OF CONTRIBUTION .............................................................. 7

    Section 3. REPORTS AND MODE OF PAYMENT ........................................... 7

    Section 4. DELINQUENT CONTRIBUTIONS.................................................... 7

    Section 5. COLLECTION OF DELINQUENT CONTRIBUTIONS.................... 7

    Section 6. REVIEW OF EMPLOYER RECORDS............................................... 8

    Section 7. PAYMENT OF CONTRIBUTIONS.................................................... 8

    Section 8. REFUND OF EMPLOYER CONTRIBUTIONS................................. 8

Article IV – Board Of Trustees.......................................................................................... 9

Section 1. NUMBER ............................................................................................ 9

Section 2. APPOINTMENT/REPRESENTATION ............................................ 9

Section 3. RESIGNATION AND REMOVAL ................................................... 9

Section 4. SUCCESSOR TRUSTEE ................................................................. 9

Section 5. ACCEPTANCE OF THE TRUST BY TRUSTEES ........................... 10

Section 6. LIMITATION OF LIABILITY OF TRUSTEES ............................... 10

Section 7. OFFICE OF THE FUND ................................................................. 10

Section 8. OFFICERS ....................................................................................... 10

Section 9. POWER TO ACT IN CASE OF VACANCY ..................................... 10

Section 10. MEETINGS; NOTICES ................................................................ 10

Section 11. QUORUM; VOTING; ACTION WITHOUT MEETING ............... 11

Section 12. MANNER OF ACTING IN THE EVENT OF DEADLOCK ............ 11

Section 13. REMOVAL OF TRUSTEE ........................................................... 12

Section 14. COMPENSATION & REIMBURSEMENT OF EXPENSES ............ 12

Section 15. TRAINING TRUSTEES ............................................................... 12

Article V – Powers Of Trustees ........................................................................ 13

Section 1. AGREEMENT ................................................................................. 13

Section 2. CONDUCT OF TRUST BUSINESS ................................................ 13

Section 3. TRUSTEES INTERPRET THIS AGREEMENT ............................... 14

Section 4. BOOKS AND RECORDS ................................................................ 14

Section 5. INVESTMENT POLICY STATEMENT ............................................ 15

Section 6. INVESTMENTS .............................................................................. 15

Section 7. DISBURSING FUNDS .................................................................... 16

Section 8. ALLOCATION AND DELEGATION OF FIDUCIARY RESPONSIBILITIES... 16

Section 9. ADMINISTRATIVE MANAGER ..................................................... 16

Section 10. BY-LAWS, RULES AND REGULATIONS ..................................... 17

Section 11. BONDS ......................................................................................... 17

Section 12. INSURANCE .................................................................................. 17

Section 13. INFORMATION TO PARTICIPANTS AND BENEFICIARIES ........ 17

Section 14. ACCOUNTANTS AND ACTUARIES ............................................. 17

Section 15. REPORTS ...................................................................................... 18

Section 16. DISCHARGE OF LIABILITY ........................................................ 18

Section 17. ESTABLISHMENT OF PLAN ....................................................... 18

Section 18. CLAIMS PROCEDURE ................................................................ 18

Section 19. THIRD PARTIES – NO DUTY TO INQUIRE ..................................................... 18

Section 20. ADMISSION OF NEW EMPLOYERS ........................................................... 19

Article VI – Controversies And Disputes ........................................................................ 19

Section 1. RELIANCE ON RECORDS............................................................................ 19

Section 2. SUBMISSION TO TRUSTEES ...................................................................... 19

Section 3. SETTLING DISPUTES ................................................................................. 19

Section 4. EXHAUSTION OF INTERNAL REMEDIES.................................................... 19

Section 5. LIMITATION ON ACTIONS ......................................................................... 19

Article VII – Beneficial Rights ...................................................................................... 21

Section 1. NO RIGHT, TITLE OR INTEREST OF EMPLOYERS AND UNION................. 21

Section 2. LIMITATIONS UPON BENEFICIAL RIGHTS OF EMPLOYEES ..................... 21

Article VIII – Termination Of Trust ............................................................................... 22

Section 1. CONDITIONS OF TERMINATION ............................................................... 22

Section 2. PROCEDURES IN EVENT OF TERMINATION .............................................. 22

Article IX – Miscellaneous ........................................................................................... 23

Section 1. LAW APPLICABLE ..................................................................................... 23

Section 2. SAVINGS CLAUSE ..................................................................................... 23

Section 3. MERGER .................................................................................................... 23

Section 4. ACCOUNTING AND JUDICIAL SETTLEMENTS ........................................... 23

Section 5. WITHHOLDING PAYMENT.......................................................................... 23

Section 6. GENDER ..................................................................................................... 24

Section 7. AMENDMENT OF TRUST AGREEMENT ...................................................... 24

Section 8. ARTICLE AND SECTION TITLES................................................................. 24

Section 9. FACILITY OF PAYMENT ............................................................................. 24

**RESTATED AGREEMENT AND DECLARATION OF TRUST**
**SHEET METAL WORKERS LOCAL UNION NO. 20 DEFINED CONTRIBUTION**
**PENSION FUND**

This Restated Agreement and Declaration of Trust is made and entered into effective the 1st day of March 2023 by and between Sheet Metal Workers Local Union No. 20 (hereafter "Union") and certain Employer Associations and agreed by certain individual Trustees.

The Trust Fund is and shall constitute an irrevocable trust created pursuant to the provisions of Section 302(c) of the Labor Management Relations Act of 1947 as amended for the benefit of the Employees and to provide retirement benefits for the Employees who meet the qualifications as to age, length of service with contributing Employers, length of payment by the Employer of contributions, and such other provisions, limitations and conditions as may be established by the Trustees under the authority granted to the Trustees.

It is the intention of all parties that the benefits are limited to those which can be financed from the proceeds of the Trust Fund. To the extent provided by law, it is expressly understood and agreed that there is no liability upon the Union, any Employer or the Trustees for the furnishing of any specific type or amount of benefits, except as otherwise expressly provided in the written Pension Plan, or as required by law.

In consideration of the premises, the Trustees, designated and in office, as such, have executed this Agreement and Declaration of Trust as indicating their acceptance of their respective duties imposed upon them as Trustees under the terms of this Agreement, to read as follows:

# ARTICLE I – DEFINITIONS

Section 1. ACT/ERISA

The term "Act" and "ERISA" shall mean the Employee Retirement Income Security Act of 1974, as amended.

Section 2. ADMINISTRATIVE MANAGER

The term "Administrative Manager" shall mean the individual, firm or corporation employed by the Trustees to administer the office of the Trust Fund, as described in herein.

Section 3. AGREEMENT AND DECLARATION OF TRUST/TRUST AGREEMENTS

The terms "Agreement and Declaration of Trust" and "Trust" as used herein shall mean this instrument, including any amendments hereto and modifications hereof, and the Trust created hereunder.

1

Section 4. ASSOCIATION

The term "Association" as used herein shall mean and refer to each of the following associations and their successors in interest: Northern Indiana Sheet Metal Contractors' Association, Inc.; Sheet Metal Contractors' Association of Central Indiana, Inc.; Sheet Metal Contractors' Association of Evansville; SMACNA of Michiana, Inc.; Central Wabash Valley Sheet Metal Contractors Association; and Fort Wayne Area Sheet Metal Contractors' Association, Inc.

Section 5. BENEFICIARY

The term "Beneficiary" as used herein, shall mean a person designated by a Participant, or by the terms of the Plan, who is or may become entitled to a benefit hereunder.

Section 6. BOARD OF TRUSTEES

The term "Board of Trustees" and "Trustees" as used herein shall mean the Board of Trustees of the Sheet Metal Workers Local Union No. 20 Defined Contribution Pension Fund, which shall be the "Plan Administrator" of the Trust Fund, and the "Named Fiduciaries" within the meaning of the Act.

Section 7. EMPLOYEE

The term "Employee" as used herein shall mean all Employees covered under the terms of a Collective Bargaining or Participation Agreement with an Employer which requires participation in this Fund. The term "Employee" may also include such additional class or classes of individuals which the Trustees, in their discretion, determine to accept as Participants in the Fund, provided that the acceptance of such class or classes does not discriminate for or against any members of any class or group of covered employees.

Section 8. EMPLOYERS

The term "Employers" shall mean any Association, individual, partnership, or corporation which has a Collective Bargaining Agreement with the Union, any member of an Association for whom it bargains with the Union, or any Employer not presently a party to such Collective Bargaining Agreement but who satisfies the participation requirements established by the Trustees and who agrees to be bound by this Restated Agreement and Declaration of Trust. The term "Employer" shall also mean the Union, and any Pension Fund, Federal Credit Union, or Joint Apprenticeship and Training Trust Fund affiliated with the Union, provided that such entity agrees to participate in the Fund and makes contributions to the Fund on behalf of its employees. The term also includes any Employer that contributes or takes other affirmative steps that evidence an intent to participate. The act of contributing to this Trust Fund shall bind an Employer to the terms of this Trust Agreement, whether or not any such Employer has signed or otherwise assented to this Agreement or a counterpart thereof.

Section 9. FIDUCIARIES

In addition to the Board of Trustees, the term "Fiduciaries" as used herein shall mean a person or entity who: (1) exercises any discretionary authority or discretionary control respecting management of the Plan or exercises any authority or control respecting management or

2

disposition of the Plan's assets; (2) renders investment advice for a fee or other compensation, directly or indirectly, with respect to any moneys or other property of the Plan, or has any authority or responsibility to do so; or (3) has any discretionary authority or discretionary responsibility in the administration of the Trust Fund.

## Section 10. FUND

The term "Fund" as used herein shall mean the trust estate of the Sheet Metal Workers Local Union No. 20 Defined Contribution Pension Fund which shall consist of all contracts together with all dividends, refunds or other sums payable to the Trustees on account of such contracts, all investments otherwise made and held by the Trustees, and any other property and monies received and held by the Trustees for uses, purposes and trust set forth in this Agreement and Declaration of Trust.

## Section 11. LABOR AGREEMENT/COLLECTIVE BARGAINING AGREEMENT

The term "Labor Agreement" and "Collective Bargaining Agreement" as used herein shall mean any existing Labor Agreement between the Union and any Employer.

## Section 12. PARTICIPANT

"Participant" shall mean any person on whose account an Employer is, or has been, required to make contribution into the Trust Fund (including any business representative of the Union, any full-time employee of the Union while employed in a paid capacity by the Union or affiliate thereof and any full-time employee of the Board of Trustees) and any person in those categories of persons who are designated by the Board of Trustees as employed by an Employer.

## Section 13. PARTICIPATION AGREEMENT

The term "Participation Agreement" as used herein shall mean an assent of participation agreement or a letter of intent as stated herein and signed by Participating Employer(s).

## Section 14. PARTICIPATING EMPLOYER CONTRIBUTIONS

The term "Participating Employer Contributions" as used herein shall mean payments by the Employers to the Fund on behalf of Participants as required by the terms of a Labor Agreement, Participation Agreement, or any other written agreement.

## Section 15. PENSION PLAN

The term "Pension Plan" as used herein shall mean the document adopted by the Trustees which sets forth the specific benefits available to participants and beneficiaries from this Trust and sets forth the prerequisites for receipt of said benefits.

## Section 16. RECIPROCITY

3

The term "Reciprocity" as used herein shall mean an agreement and/or resolution which provides for the transfer of contributions for benefits on behalf of the Employee from one retirement fund to another.

Section 17. TRUSTEE

The term "Trustee" shall mean a member of the Board of Trustees, who may be either an Employer Trustee or an Employee Trustee, and who is appointed and has accepted such appointment in accordance with the terms of the Trust Agreement.

Section 18. UNION

The term "Union" as used herein shall mean International Association of Sheet Metal, Air, Rail and Transportation Workers Local Union No. 20.

4

## ARTICLE II – PURPOSE OF THE TRUST
## AND APPLICATION OF THE FUND

Section 1. PROVISION OF BENEFITS

The Agreement and Declaration of Trust and the Fund are created, established and maintained, and the Trustees agree to receive, hold and administer the Trust Fund, for the purpose of providing such benefits as now are, or hereafter may be, authorized or permitted by law for Participants and in accordance with the provisions herein set forth and in the Pension Plan created hereunder.

Section 2. USE OF THE FUND

The Trustees shall use and apply the Fund for the following purposes:

(a) To pay or provide for the payment of all reasonable and necessary expenses of collecting the Employer contributions and administering the affairs of the Fund, including but without limitation, all expenses which may be incurred in connection with the establishment and administration of the Pension Plan to be formulated and agreed upon hereunder, the employment of administrative, legal, expert, and clerical assistance, the purchase or lease of such premises and the purchase or lease of such material, supplies and equipment as the Trustees in their discretion, find necessary or appropriate in the performance of their duties.

(b) To pay or provide for the payment of benefits which are established and paid hereunder.

(c) To establish and accumulate, as part of the Fund, an adequate reserve to carry out the purpose of the Agreement and Declaration of Trust.

(d) To pay reasonable expenses for professional services performed at the request of the Trustees for work that would otherwise be considered settlor in nature, including plan design, merger, amendment, and termination.

(e) To pay out of the funds of the Trust membership fees in organizations formed for the purpose of educating Trustees and administrative staff to perform their duties and to fulfill their obligations to jointly administered trusts, and to pay reasonable expenses incurred in connection with the attendance by the administrative staff and the Trustees at educational conferences and seminars sponsored by such organizations.

(f) To pay any income tax or other tax, charge or assessment attributable to any property or benefit out of such property or benefit, but the Board of Trustees shall give the parties notice of its intention to make such payments as far in advance as may be practicable. If the parties request the Board of Trustees to defer making payment of such tax, charge or assessment, the Board of Trustees shall be indemnified to its satisfaction. The Board of Trustees or the parties, before making payment of any benefit, may require such releases or other documents from any lawful taxing authority and may require such indemnity from the intended payee as they respectively consider necessary for their protection.

5

Section 3. WITHDRAWAL OF FUNDS

All funds received by the Trustees hereunder as part of the Fund shall be deposited by them in such bank or banks as the Trustees may designate for that purpose, and all withdrawals of funds from such bank or banks shall be made by electronic funds transfer, or by check signed by a person or persons authorized by the Trustees to sign and countersign. The Trustees may, at their discretion, invest and reinvest such part of the Fund as in their sole judgment is not required for current expenditures, in such instruments as are legal for investment of trust funds under the laws of the State of Indiana.

# ARTICLE III – CONTRIBUTIONS TO THE FUND

## Section 1. GENERAL COLLECTION DUTIES

The Trustees, in their fiduciary capacity, shall have the power to demand and collect the Contributions of the Employers to the Trust. The Trustees may take any and all steps, including the institution and prosecution of and intervention in any legal proceeding, that may be necessary or desirable to effectuate the collection or preservation of Contributions or other moneys which may be due and owing to the Trust, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary for such purpose. The Trustees shall adopt written policies and exercise systematic, reasonable and diligent efforts in the collection process.

## Section 2. RATE OF CONTRIBUTION

To effectuate the purposes of this Agreement and Declaration of Trust, each Employer shall contribute to the Fund the amount required by its Collective Bargaining Agreement or agreements with the Union, Participation Agreement, and/or agreement with the Trustees. The rate of contribution shall always be governed by the aforesaid agreements then in full force and effect, together with any amendments, supplements, or modifications thereof.

## Section 3. REPORTS AND MODE OF PAYMENT

To carry out and effectuate the purposes hereof, the Trustees shall have the power to enforce the exact time and manner in which payments of Participating Employer contributions to the Fund are to be made and shall be required to notify the contributing Participating Employers in writing of those requirements. Contribution remittance forms submitted by Employers shall be considered a "written agreement" as required by the Labor Management Relations Act as a condition of making and receiving contributions. Each Employer shall maintain adequate records to allow the Trustees and/or their agent to determine the total amount of contributions due the Trust Fund.

## Section 4. DELINQUENT CONTRIBUTIONS

All contributions paid into and/or due and owing to the Fund shall be considered assets of the Fund. Failure of any Employer to make all payments herein provided for, within the time specified, shall constitute a breach of this Trust, and any Employer remittance and report not received by the Trustees or other Administrator on or before the designated day of the month following the month covered by the report shall be considered delinquent, and it shall be the duty of the Trustees to advise the Union thereof, or in the Trustees' discretion, take other proper action for the purpose of collecting such account.

## Section 5. COLLECTION OF DELINQUENT CONTRIBUTIONS

The Trustees shall have the authority to demand, collect and receive Employer contributions and to hold the same until applied to the ultimate purpose herein provided, and to take such steps, including the institution and prosecution of, or the intervention in, any proceeding at law, in equity or in bankruptcy as may be necessary or desirable to effectuate the collection of such Employer contributions. The Board of Trustees may adopt policies and procedures to collect monies owed to the Fund. If Employer contributions are not received by the required due date, the Trustees shall also have the right to assess liquidated damages, interest, professional fees and costs for late

7

payments in an amount as determined by the Trustees from time to time. If an Employer is delinquent and records are not available to determine the amounts owed, the Trustees may infer the Employer's contribution liability based upon reasonable assumptions regarding the number of employees, hours worked and duration of the delinquency.

## Section 6. REVIEW OF EMPLOYER RECORDS

Each Participating Employer shall promptly furnish to the Trustees on demand such payroll records and data that the Trustees may require in connection with the administration of the Fund and benefits, including but not limited to the general ledger and cash receipts journal, federal payroll reports, employee time cards, payroll journals, workers' compensation reports, individual earnings records, IRS Forms W-2, W-4, 1096 and 1099, general check registers, contribution reports to other trades, check stubs or vouchers, disbursement journals, bank statements, vendor invoices, job records and other documents deemed relevant by the Trustees whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of this Agreement and Declaration of Trust and the benefits derived hereunder. The Trustees are authorized to adopt a policy to hold Employers liable for audit and professional expenses in the event the Employer has underreported hours or contributions to the Trust Fund, or has failed to cooperate with a request to review payroll records and data.

## Section 7. PAYMENT OF CONTRIBUTIONS

Except as otherwise required by law, no Contributing Employer shall be liable for any payments to the Trust Fund other than for Contributions due pursuant to a Collective Bargaining Agreement and of other payments required under the terms of this Restated Agreement and Declaration of Trust. Upon the transfer to the Trustees of such Contributions and other payments, and except as required by law, all responsibilities of the Employers for each Employer Contribution shall cease, and neither the Employers nor the Union shall have any responsibilities for the acts of the Trustees. No person shall have any individual right, title, interest or claim against any Employer, Employer's Contribution or the Trust Fund, except as may be expressly provided for in this Restated Agreement and Declaration of Trust. Employers have no right to set off, discount, or otherwise reduce or refuse to pay contributions due because of an alleged liability of Trust or any third party.

## Section 8. REFUND OF EMPLOYER CONTRIBUTIONS

In no event shall any Employer, directly or indirectly, receive any refund of contributions made by them to the Trust (except in case of a bona fide erroneous payment or overpayment of contributions, to the extent permitted by law) nor shall an Employer directly or indirectly participate in the disposition of the Trust Fund or receive any benefits from the Trust Fund. Upon payment of contributions to the Fund, all responsibilities of the Employer for each contribution shall cease, except as provided by statute, and the Employer shall have no responsibilities for the acts of the Trustees, nor shall an Employer be obligated to see to the application of any funds or property of the Trust or to see that the terms of the Trust have been complied with. The Board of Trustees may adopt a policy concerning Employer overpayments.

# ARTICLE IV – BOARD OF TRUSTEES

## Section 1. NUMBER

The Board of Trustees of the Trust shall consist of an equal number of persons, one-half of whom shall represent Employees and one-half of whom shall represent the Employers, and all of whom shall be "Named Fiduciaries" within the meaning of Section 402(a)(2) of ERISA, as amended from time to time.

## Section 2. APPOINTMENT/REPRESENTATION

The Employee Trustees shall be the Business Manager of the Union, and six (6) other individuals appointed by the Business Manager of the Union. The Business Manager-Trustee shall be deemed to have been removed as a Trustee upon ceasing to hold that office. The person succeeding the Business Manager in office shall ex officio be a successor Employee Trustee.

The seven (7) Employer Trustees shall consist of one representative from each Employer Association area, except that the Sheet Metal Contractors of Central Indiana, Inc. shall have two representatives. The Union shall have no voice in the selection, election or designation or in the method of selection, election or designation of any Employer Trustee, notwithstanding that such Union may be making Employer Contributions to the Trust.

## Section 3. RESIGNATION AND REMOVAL

A Trustee may resign and become and remain fully discharged from all further duty or responsibility hereunder upon giving thirty (30) days' notice in writing to the remaining Trustees and to the party by whom he was appointed, or such shorter notice as the remaining Trustees may accept as sufficient, in which notice there shall be stated a date on which such resignation shall take effect; and such resignation shall take effect on the date specified in the notice unless a successor Trustee shall have been appointed at an earlier date, in which event such resignation shall take effect immediately upon the appointment of such successor Trustee.

An Employer Trustee may be removed from office at any time by action of the appointing authority, written notice of such action to be delivered to the Chairman and Secretary of the Trustees serving at that time. An Employee Trustee may be removed from office at any time by action of the Union, written notice of such action to be delivered to the Chairman and Secretary of the Trustees serving at that time. The Board of Trustees shall presume any notice of removal provided by an appointing organization is valid and lawful, unless and until overturned by a court of competent jurisdiction.

## Section 4. SUCCESSOR TRUSTEE

In the event a Participating Employer Trustee shall die, become incapable of acting hereunder, resign, or be removed a successor Participating Employer Trustee shall be presented to the Trustees of the Fund by a letter from the Association who he represented. In the event an Employee Trustee shall die, become incapable of acting hereunder, resign or be removed, a successor Employee Trustee shall be represented to the Trustees of the Fund by a letter from the Business Manager of the Union.

9

Section 5. ACCEPTANCE OF THE TRUST BY TRUSTEES

A Trustee shall execute a written acceptance in a form satisfactory to the Trustees and consistent with the Act and thereby shall be deemed to have accepted the Trust created and established by this Trust Agreement and to have consented to act as Trustee and to have agreed to administer the Trust Fund as provided herein.

Section 6. LIMITATION OF LIABILITY OF TRUSTEES

No successor Trustee shall in any way be liable or responsible for anything done or committed in the administration of the Trust prior to the date they become a Trustee. The Trustees shall not be liable for the acts or omissions of any investment manager, attorney, agent or assistant employed by them in pursuance of this agreement, if such investment manager, attorney, agent or assistant was selected pursuant to this Trust Agreement and such person's performance was periodically reviewed by the Trustees and found to be satisfactory.

Section 7. OFFICE OF THE FUND

The principal office of the Trust Fund shall, so long as such location is feasible, be located and maintained in Marion County, Indiana. The location of the principal office shall be made known to the parties interested in the Trust Fund. At such office, and at such other places as may be required by law, there shall be maintained the books and records pertaining to the Trust Fund and its administration.

Section 8. OFFICERS

The Board of Trustees shall provide for a Chairman, a Vice-Chairman, a Secretary, and an Assistant Secretary of the Fund: provided, however, that the Chairman and Secretary shall not both be Employer Trustees or Employee Trustees, and the Vice-Chairman and Treasurer shall not both be Employer Trustees or Employee Trustees. Elections to these positions shall be held at the first meeting of the Board of Trustees of each calendar year, and at each election the positions shall be rotated, such that, in the year succeeding an Employer Trustee's chairmanship, an Employee Trustee shall be Chairman, and the same rotation shall apply to all officers.

Section 9. POWER TO ACT IN CASE OF VACANCY

No vacancy or vacancies on the Board of Trustees shall impair the power of the remaining Trustees, acting in the manner provided by this Trust Agreement, to administer the affairs of the Trust Fund notwithstanding the existence of such vacancy or vacancies.

Section 10. MEETINGS; NOTICES

Regular meetings of the Board of Trustees shall be held at least quarterly at a time fixed by the Chairman and the Secretary. Such meetings shall be attended only by the Trustees and shall not be open to the public, except that there may attend such other persons as may be designated or invited by the Trustees and as may be otherwise required by law. At least ten (10) days' written notice of the time and place of such meeting shall be given to the remaining Trustees. Any four (4) Trustees may call a meeting of the Board of Trustees at any time by giving not less than ten (10) days' notice to each Trustee of the time and place thereof. Notice may be given by mail, email, telephone or personally. Meetings of the Board of Trustees may be held at any time without notice with the

10

consent of all Trustees. Meetings may be held in person or through the use of a conference telephone or other communication equipment by means of which all persons participating in the meeting can communicate with one other. Action by the Trustees on any proposition may also be taken without a meeting if all the Trustees unanimously agree thereon in writing. For the purposes of this Section, action taken via electronic mail or "email" shall be considered as being "in writing". Written minutes, a copy of which shall be furnished with reasonable promptness to each Trustee, shall be kept of all business transacted and of all matters upon which voting shall have occurred. Such minutes shall be approved at the next succeeding meeting.

Section 11. QUORUM; VOTING; ACTION WITHOUT MEETING

(a) Three Employer Trustees and three Employee Trustees present in person at any meeting of the Board of Trustees shall constitute a quorum for the transaction of business. If at any meeting the number of Employer and Employee Trustees present shall be unequal, then the group of Trustees lesser in number shall be entitled to cast the same number of votes as the other group of Trustees. In such event, the vote or votes of the absent Trustee(s) shall be divided proportionately among the Trustees present.

(b) A quorum of a committee of the Board of Trustees, established in accordance with this Trust Agreement or otherwise, shall be at least half of the members of the committee, except as may be provided otherwise in the by-laws.

(c) Any action taken by the Trustees, except as herein otherwise provided, shall be by affirmative vote of a majority of the votes cast at a meeting, except that the majority vote shall in every instance include the vote of at least three Employer Trustees and three Employee Trustees.

(d) Trustees who are unable to attend a meeting in person due to illness, unavoidable conflict, or other reasonable cause may participate in any act at any meeting of the Board of Trustees using a conference telephone or other communication equipment by means of which all persons participating in the meeting can communicate with one another. Participation in such a meeting in such a manner shall constitute attendance and the persons so participating shall be deemed present in person at the meeting. All votes at a meeting in which one or more Trustees are participating in such a manner shall be taken by roll call. Business at such a meeting may also be conducted by unanimous consent. Action by the Trustees on any proposition may also be taken without a meeting if all of the Trustees agree thereon in writing.

Section 12. MANNER OF ACTING IN THE EVENT OF DEADLOCK

In the event a deadlock develops between the Employer Trustees and the Employee Trustees on a matter concerning the administration of the Trust Fund, which matter is required to be submitted to a neutral party or Impartial Umpire under Section 302(c) of the Labor Management Relations Act of 1947 (Taft-Hartley Act), the Trustees shall appoint a neutral party empowered to break such deadlock within a reasonable length of time. Such neutral party may be appointed by the Trustees in advance of any such deadlock. In the event such neutral party is not appointed within fifteen days after a written request by any Trustee that such neutral party be designated, or in the event

11

such neutral party refuses, fails or is unable to act, the Trustees, or either the Employer Trustees or the Employee Trustees may, upon written application, submit the issue to an Impartial Umpire in accordance with the Impartial Umpire Procedures for Arbitration of Impasses between Trustees of Joint Trust and Pension Funds of the American Arbitration Association. The decision of said Umpire shall be final, binding and conclusive upon the Trustees and all persons concerned. The Umpire's fees and expenses, as well as the joint expenses incidental to his activities and the arbitration, shall be paid from the Fund, but each side shall pay the fees of its own legal counsel.

## Section 13. REMOVAL OF TRUSTEE

By unanimous vote, the remaining board of Trustees may cause the removal of any fellow Trustee who may be serving as a Trustee in violation of ERISA, or who habitually fails to fulfill his duties and obligations as Trustee. The vacancy or vacancies caused by such a removal shall be filled in accordance with Section 4 of this Article.

## Section 14. COMPENSATION & REIMBURSEMENT OF EXPENSES

The Trustees shall serve without compensation from the Trust Fund except for reimbursement of reasonable expenses incurred under specific authority granted by the Trustees. Reasonable expenses include, but are not limited to reimbursement of lost wages, travel expenses, lodging, meals, membership in professional organizations, educational conferences, and similar activities, as determined by the Board of Trustees.

## Section 15. TRAINING TRUSTEES

The Employee and Employer Trustees may each elect to have in attendance at meetings an individual for the purpose of exposing the individual to the business of the Defined Contribution Pension Fund and to educate said individual about the operations of the Trust in anticipation that said individual will ultimately be appointed a Trustee on the Fund.

The Training Trustees shall have no voting rights and shall not be considered Trustees or Plan Fiduciaries. Plan assets may be used to reimburse said individual for the costs and expenses of attending meetings and may choose to pay for the education of said individual in anticipation of the appointment of the individual ultimately as a Trustee. Prior to attendance at a meeting, the Training Trustee must execute a confidentiality agreement. The Training Trustee may be excused from a meeting if his presence may jeopardize attorney-client or similar privilege.

# ARTICLE V – POWERS OF TRUSTEES

## Section 1. AGREEMENT

The Trustees shall have general supervision of the operation of the Trust and shall conduct the business activities of the Trust. The Trustees shall have the discretionary authority to construe the provisions of this Restated Agreement and Declaration of Trust and the terms used herein, and any construction adopted by the Trustees in good faith shall be binding upon the Union, the Employers, the Association, the Employees and their dependents. This discretionary authority shall include, but shall not be limited to, the power to interpret and apply the terms of the Trust, Plan, rules, by-laws, policies, procedures, resolutions or directives, as amended from time to time, and such determination shall be final and binding on all parties.

## Section 2. CONDUCT OF TRUST BUSINESS

The Trustees shall have general supervision of the operation of this Trust Fund in accordance with this Trust Agreement and applicable law. The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto. The Trustees may, in the course of conducting the business of the Trust, execute all instruments in the name of the Defined Contribution Pension Fund, which instruments shall be signed by at least one Employer and one Employee Trustee, provided, however, any one Trustee may execute legal documents to commence and process lawsuits to enforce trust collections on behalf of the Trustees.

In addition to the other power and authority outlined in the Restated Agreement and Declaration of Trust, the Trustees are vested with the following rights, obligations and discretionary authority:

(a) To manage, sell, contract to sell, grant options to purchase, convey, exchange, transfer, abandon, improve, repair, insure, lease for any term even though commencing in the future or extending beyond the term of the Trust, and otherwise deal with all property, real or personal, in such manner, for such considerations, and on such terms and conditions as the Board of Trustees may decide.

(b) To compromise, contest, arbitrate or abandon claims or demands, in their discretion.

(c) To have, with respect to the Trust Fund, all of the rights of an individual owner, including the power to give proxies, to participate in any voting trusts, mergers, consolidations, foreclosures, reorganizations or liquidations, and to exercise or sell stock subscription or conversion rights.

(d) To hold any securities or other property in the name of the Board of Trustees or its nominee, or in such other form as it deems best, with or without disclosing the Trust relationship.

(e) To perform any and all other acts in its judgment necessary or appropriate for the proper and advantageous management, investment and distribution of the Trust Fund.

(f) To begin, maintain or defend any litigation necessary in connection with the administration of the Plan Document or the Trust Agreement, except that the Board of Trustees shall not

13

be obligated or required to do so unless it has been indemnified to its satisfaction against all expenses and liabilities sustained or anticipated by it by reason thereof.

(g) To retain any funds or property subject to any dispute without liability for payment of interest or decline to make payment or delivery thereof until final adjudication is made by a court of competent jurisdiction.

(h) To employ suitable agents or custodians and to employ counsel. The Board of Trustees may consult with legal counsel with respect to the construction of the Trust Agreement and the Plan or its duties thereunder, or with respect to any legal proceeding or any question of law and may take or omit action pursuant to the advice of such counsel.

(i) To promulgate all necessary rules and regulations which it deems necessary or desirable to facilitate the proper administration of the Trust Fund, provided the same are not inconsistent with the terms of the Trust Agreement. All rules and regulations adopted by action of the Board of Trustees shall be binding upon all parties hereto, all parties dealing with the Trust Fund and all persons claiming any benefits hereunder.

(j) To cause to be withheld or accelerated, or otherwise make adjustment of, such amounts as will in its judgment accord to Participants and their Beneficiaries the benefits to which they are properly entitled under the Plan, in the event of mistakes or misstatements with respect to Participants and their Beneficiaries or the amounts of payments made or to be made to them.

(k) To enter into any and all contracts and agreements for carrying out the terms of the Trust and for the administration of the Trust Fund and do all acts as they in their discretion may deem necessary and advisable.

(l) To do any and all acts, whether or not expressly authorized herein, which the Trustees may deem appropriate to accomplish the general objectives and purposes of the Trust.

## Section 3. TRUSTEES INTERPRET THIS AGREEMENT

No Union Representative, Employer Representative, or persons designated by them shall have the right to interpret, modify, or supplement the terms of this Agreement and Declaration of Trust or rules designed by the Trustees governing the operation or supplying of benefits from the Fund.

## Section 4. BOOKS AND RECORDS

The Trustees shall keep true and accurate books of account and a record of all their transactions, meetings and the actions taken at such meetings or by informal action of the Trustees. Such books of account and records shall be audited annually (or more often if so required by law) by an independent and licensed public accountant. A copy of the audit shall be sent to the proper government agencies and a summary of the results of such audit shall be sent to all Participants as required by the Act, and the audit shall at all times be available for inspection by interested persons at the principal office of the Fund.

Section 5. INVESTMENT POLICY STATEMENT

The Trustees shall adopt a Statement of Investment Policy and Investment Guidelines ("Policy and Guidelines"). The Trustees, or an investment manager to whom investment authority has been delegated by the Trustees, in investing and reinvesting the principal and income of the Trust Fund, shall be subject to such Policy and Guidelines, and any changes thereto as the Trustees may adopt from time to time. It shall be the duty of the Trustees or an investment manager to act strictly in accordance with such Policy and Guidelines, and any changes thereto. As part of such Policy and Guidelines, the Trustees or an investment manager shall exercise their investment discretion so as to provide sufficient cash assets to meet claims for benefits by Participants and their Beneficiaries under the plan and for administrative expenses.

Section 6. INVESTMENTS

The Trustees shall have the power and authority to appoint one or more fiduciaries and investment managers who shall be responsible for the management, acquisition, disposition, investing and reinvesting of such of the assets of the Trust Fund as Trustees shall specify. Any such appointment may be terminated by the Trustees upon reasonable written notice. The fees of such fiduciary and investment manager and its expenses to the extent permitted by law shall be paid out of the Trust Fund. In connection with any allocation or delegation of investment functions hereunder, the Trustees shall, from time to time, adopt appropriate investment policies or guidelines. In the event the Trustees appoint an investment manager or managers as aforesaid, the Trustees shall be relieved of their fiduciary responsibilities with regard to the assets under the control of the investment manager or managers, to the fullest extent permitted by law.

The Trustees may invest and reinvest any funds in stocks, both common and preferred, bonds, notes, debentures, mortgages, equipment lease certificates, open-end type investment companies, real estate investment trusts, common trust funds, certificates of deposit, banker's acceptances, obligations of the United States Government, its agencies and authorities, or of any state or local governmental authority or agency, or in other investments which they, in their sole and absolute discretion, consider may not be required for current expenditures and may sell or otherwise dispose of any such investments at any time and from time to time. The Trustees shall be under no duty to invest Trust Fund assets if liquidity, cash flow needs, or similar circumstances make it imprudent to do so.

The Trustees shall have the power, in their sole discretion, to invest all or any part of the assets of the Trust Fund in any common or collective investment trust or group trust described in ERISA Section 408(b)(8), and in any common or collective investment trust or group trust which provides for the pooling of the assets of plans described in Section 40l(a) and exempt from tax under Section 501(a) of the Code, or any comparable provisions of any future legislation that amends supplements or supersedes those sections, including any such trust which is then maintained by any investment manager (whether or not such collective investment trust or group trust provides for the pooling of assets of other tax exempt trusts), provided that such collective investment trust or group trust is exempt from tax (other than tax on unrelated business taxable income) under the Internal Revenue Code or regulations or rulings issued by the Internal Revenue Service, and the provisions of the document governing such collective investment trust or group trust, as it may be amended from time to time, shall govern any investment therein and are hereby made a part of this

15

Trust Agreement; this Section shall apply to all Fund investments, whether made prior to or after the adoption hereof.

The Trustees may authorize Participants to direct the investment of Trust assets allocated to their accounts under the Plan in accordance with procedures established by the Trustees. In their discretion, the Trustees may specify that any such direction of investment by Participants be in accordance with ERISA Section 404(c) and the regulations thereunder. The Trustees shall establish policies and procedures governing the investment of Trust Assets by Participants (if the Trustees have so authorized) and communicate such policies and procedures to the Participants. The policies and procedures established by the Trustees shall include the specification of investments available to Participants for their investment direction. Notwithstanding anything to the contrary contained in this Article, the investment choices and powers granted to Participants shall be limited to those conferred upon them by the Trustees.

## Section 7. DISBURSING FUNDS

All Trust funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time select. The Trustees may designate and authorize two (2) of their number, one Employer Trustee and one Employee Trustee, or other person or persons, to sign and countersign checks upon such separate and specific bank accounts as the Trustees may designate and establish for such purposes, and may authorize two (2) additional member Trustees, one Employer Trustee and one Employee Trustee, to sign and countersign checks in the event either of the above Trustees is not available. The Trustees may authorize the Administrative Manager to disburse funds via check or electronic funds transfer for routine, recurring Plan expenses; provided however, all such expenditures will be properly recorded and included in the financial reports issued at regular meetings.

## Section 8. ALLOCATION AND DELEGATION OF FIDUCIARY RESPONSIBILITIES

The Trustees may, by resolution or by-law or by provisions of this Trust Agreement, allocate fiduciary responsibilities and various administrative duties to the Administrative Manager, committees or subcommittees of the Board of Trustees, and they may delegate such responsibilities and duties to other individuals as they may deem appropriate or necessary in their sole discretion and consistent with the Act.

## Section 9. ADMINISTRATIVE MANAGER

The Trustees may employ or contract for the services of an individual, firm or corporation, to be known as "Administrative Manager," who shall, under the direction of the Trustees or under the direction of any appropriate committee of the Trustees, administer the office or offices of the Trust Fund and of the Trustees, coordinate and administer the accounting, bookkeeping and clerical services, provide for the coordination of actuarial services furnished by the consulting actuary, prepare (in cooperation where appropriate with the consulting actuary or independent auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Trust in accordance with law, assist in the collection of contributions required to be paid to the Trust Fund by the Employer, and perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees. The Administrative

16

Manager shall be the custodian on behalf of the Trustees of all documents and other records of the Trustees and of the Trust Fund.

## Section 10. BY-LAWS, RULES AND REGULATIONS

(a) The Trustees are hereby empowered and authorized to adopt by-laws and to promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust Fund, provided the same are not inconsistent with the terms of this Trust Agreement. All by-laws, rules and regulations adopted by action of the Trustee shall be binding upon all parties hereto, all parties dealing with the Trust Fund and all persons claiming any benefits hereunder.

(b) No by-law, regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Article IV, Section 13 of this Agreement, shall in any manner conflict or be inconsistent (i) with any provisions of the applicable current Collective Bargaining Agreement in effect, or which may be made, between the Employer and the Union, (ii) with this Trust Agreement, and (iii) with any applicable Federal, State or local law.

## Section 11. BONDS

The Trustees shall obtain from an authorized surety company such bonds as may be required by law, covering such persons and in such amounts (but not less than required by law) as the Trustees, in their discretion, may determine. The cost of premiums for such bonds shall be paid out of the Trust Fund.

## Section 12. INSURANCE

The Trustees may in their discretion obtain and maintain policies of insurance, to the extent permitted by law to protect the interests of the Trust and/or Plan and to insure themselves, the Trust Fund as such, as well as employees or agents of the Trustees and of the Trust Fund, while engaged in business and related activities for and on behalf of the Trust Fund (i) with respect to liability to others as a result of acts, errors or omissions of such Trustee or Trustees, employees or agents, respectively, provided such insurance policy shall provide recourse by the insurer against Trustees as may be required by law and (ii) with respect to injuries received or property damage suffered by them. The cost of the premiums for such policies of insurance shall be paid out of the Trust Fund.

## Section 13. INFORMATION TO PARTICIPANTS AND BENEFICIARIES

The Trustees shall fulfill all reporting and disclosure obligations as may be required by the Act or other federal law.

## Section 14. ACCOUNTANTS AND ACTUARIES

17

The Trustees shall engage one or more enrolled actuaries and independent qualified public accountants to perform all services as may be required by applicable law and such other services as the Trustees may deem necessary.

## Section 15. REPORTS

All reports required by law to be signed by one or more Trustees shall be signed by the Chairman and Secretary or their designees.

## Section 16. DISCHARGE OF LIABILITY

The receipt by the Trustees for any money or property or checks (after such checks are honored at the bank and paid to the Trust Fund) shall discharge the person or persons paying or transferring the same.

## Section 17. ESTABLISHMENT OF PLAN

The Trustees shall formulate a Pension Plan for the payment of such retirement pension benefits, permanent disability pension benefits, death benefits, and related benefits, as are feasible. Such Pension Plan shall at all times comply with all applicable federal statutes and regulations and with the provisions of this Trust Agreement. The Trustees shall not be under any obligation to pay any pension if the payment of such pension will result in loss of the Trust Fund's tax-exempt status under the then applicable Internal Revenue Code and any regulations or rulings issued pursuant thereto. Said Trustees shall draft procedures, regulations, and conditions for the operation of the Pension Plan, including, by way of illustration and not limitation, conditions of eligibility for Participants and Beneficiaries, procedures for claiming benefits, schedules of type and amount of benefits to be paid, and procedures for the distribution of benefits.

## Section 18. CLAIMS PROCEDURE

The Trustees shall establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations as required by ERISA. Such procedures shall be included in the Plan document and communicated to interested parties in the Summary Plan Description. Following final determination on appeal, the Participant or Beneficiary may file an action under Section 502(a) of ERISA

## Section 19. THIRD PARTIES – NO DUTY TO INQUIRE

No party dealing with the Trustees shall be obliged (i) to see to the application to the Trust purposes herein stated, of any money or property belonging to the Trust Fund, or (ii) to see that the terms of this Restated Agreement and Declaration of Trust have been complied with, or (iii) to inquire into the necessity or expediency of any act of the Trustees. Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon (i) that at the time of the delivery of said instrument the Trust was in full force and effect, (ii) that the instrument was executed in accordance with the terms and conditions of this Restated Agreement and Declaration of Trust and (iii) that the Trustees were duly authorized and empowered to execute the instrument.

18

Section 20. ADMISSION OF NEW EMPLOYERS

The Trustees are authorized to extend the coverage of this Restated Agreement and Declaration of Trust to such other Employers as the Trustees shall agree upon, provided such Employers are required and agree to conform to the terms and conditions hereof and to make Employer Contributions pursuant to a Collective Bargaining Agreement with the Union.

## ARTICLE VI – CONTROVERSIES AND DISPUTES

### Section 1. RELIANCE ON RECORDS

In any controversy, claim, demand, suit at law or other proceeding between any Participant or any other person and the Trustees, the Trustees shall be entitled to rely upon any facts appearing in the records of the Trustees, any instruments on file with the Trustees, with the Union or with the Employer, any facts certified to the Trustees by the Union or the Employer, any facts which are of public record and any other evidence pertinent to the issue involved. In the event of a discrepancy between the records maintained by the Plan and documents submitted by a Participant, an Employee or a retiree, the Trustees shall rely upon the Trust records unless shown to their satisfaction that the additional records are reliable, creditable and probative.

### Section 2. SUBMISSION TO TRUSTEES

All questions or controversies, of whatsoever character, arising in any manner or between any parties or persons in connection with the Trust Fund or the operation thereof, whether as to any claim for any benefits preferred by any Participant or any other person, or whether as to the construction of the language or meaning of the by-laws, rules and regulations adopted by the Trustees or this instrument, or as to any writing, decision, instrument or accounts in connection with the operation of the Trust Fund or otherwise, shall be submitted to the Trustees or, in the case of questions related to claims for benefits, to an appeals or review committee, if one has been appointed, and the decision of the Trustees or appeals or review committee shall be binding upon all persons dealing with the Trust Fund or claiming benefits thereunder.

### Section 3. SETTLING DISPUTES

The Trustees may in their sole discretion compromise or settle any claim or controversy in such manner as they think best, and any majority decision made by the Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement entered into by the Trustees, shall be conclusive and binding on all parties interested in this Trust.

### Section 4. EXHAUSTION OF INTERNAL REMEDIES

Any Trustee, Participant or Beneficiary or any other person or entity which has a dispute with the Plan and/or its Trustees is required to exhaust the remedies set forth herein before commencing proceedings in any other forum.

### Section 5. LIMITATION ON ACTIONS

19

The Board of Trustees may adopt rules governing venue and/or reasonable limitation periods for actions against the Plan following the final denial of an adverse benefit determination appeal.

# ARTICLE VII – BENEFICIAL RIGHTS

### Section 1. NO RIGHT, TITLE OR INTEREST OF EMPLOYERS AND UNION

No Employer or Union, or Association shall have any right, title or interest in or to the Trust Fund or any part thereof. There shall be no pro-rata or other distribution of any of the assets of the Trust Fund as a result of any Union, Employer or Group of Employees or Employers or Participants and their Beneficiaries ceasing their participation in this Trust Fund for any purpose or reason except as required by law.

### Section 2. LIMITATIONS UPON BENEFICIAL RIGHTS OF EMPLOYEES

All the benefits shall be free from the interference and control of any creditor, and no benefits shall be subject to any assignment or other anticipation, nor to seizure or to sale under any legal, equitable or any other process, and in the event that any claim or benefit shall, because of any debt incurred by or resulting from any other claim or liability against any Employee, Participant or Beneficiary, by reason of any sale, assignment, transfer, encumbrance, anticipation or other disposition made or attempted by said Participant, Beneficiary or Employee, or by reason of any seizure or sale or attempted sale under any legal, equitable or other process, or in any suit or proceedings become payable, or be liable to become payable to any person other than the Participant or Beneficiary for whom the same is intended, as provided herein, pursuant hereto, the Trustees shall have power to withhold payment of such benefit to such Participant or Beneficiary until such assignment, transfer, encumbrance, anticipation or other disposition, writ or legal process is cancelled or withdrawn in such manner as shall be satisfactory to the Trustees. Until so cancelled or withdrawn, the Trustees shall have the right to use and apply the benefits as the Trustees may deem best, directly for the support or maintenance of such Participant or Beneficiary.

21

# ARTICLE VIII – TERMINATION OF TRUST

Section 1. CONDITIONS OF TERMINATION

This Trust Agreement shall cease and terminate upon the happening of any one or more of the following events:

(a) In the event the Trust Fund shall, in the opinion of the Trustees, be inadequate to carry out the intent and purpose of this Trust Agreement, or be inadequate to meet the payments due or to become due under this Trust Agreement;

(b) In the event there are no individuals living who can qualify as Employees hereunder; or

(c) In the event that there is no longer in force an agreement or an obligation between an Employer or Association and the Local Union requiring Employers' contributions for the purposes herein provided.

Section 2. PROCEDURES IN EVENT OF TERMINATION

In the event of termination, the Trustees shall:

(a) Make provision out of the Trust Fund for the payment of any and all obligations of the Trust, including expenses incurred up to the date of termination of the Trust and the expenses incidental to such termination;

(b) Arrange for a final audit and report of their transactions and accounts, for the purpose of termination of their Trusteeship;

(c) Give any notice and prepare and file any reports which may be required by law; and

(d) Distribute the remaining assets among Participants and Beneficiaries of the Plan in accordance with the provisions of the Defined Contribution Pension Plan.

# ARTICLE IX – MISCELLANEOUS

## Section 1. LAW APPLICABLE

This Trust is created and accepted in the state of Indiana and all questions pertaining to the validity or construction of this Trust Agreement and of the acts and transactions of the parties hereto shall be determined in accordance with the laws of the State of Indiana, except as to matters governed by Federal law.

## Section 2. SAVINGS CLAUSE

Should any provision of this Restated Agreement and Declaration of Trust be held to be unlawful, or unlawful as to any person or instance, such fact shall not adversely affect the other provisions herein contained or the application of said provisions to any other person or instance, unless such illegality shall make impossible the functioning of this Fund.

## Section 3. MERGER

The Trustees shall have the power to merge with any other fund established for similar purposes as this Trust Fund under terms and conditions mutually agreeable to the respective Board of Trustees, and in accordance with applicable law.

## Section 4. ACCOUNTING AND JUDICIAL SETTLEMENTS

(a) Accounting. The Union or the Association may at any time demand of the Trustees an accounting with respect to any and all accounts, provided that the party demanding such accounting agrees to pay the necessary expenses thereof.

(b) Judicial Settlements and Action by Trustees. The Trustees shall be entitled, at any time, to have a judicial settlement of their accounts and to seek judicial protection by any action or proceeding they deem necessary and, further, to obtain a judicial determination or declaratory judgment as to any question of construction of this Trust Agreement or for instructions as to any action thereunder and, further, as to any question relating to the discharge of their duties and obligations under, or in connection with the administration of, this Trust and as to the distribution of assets belonging to the Trust. Any such determination, decision or judgment shall be binding upon all parties to, or claiming under, this Trust Agreement.

## Section 5. WITHHOLDING PAYMENT

In the event any question or dispute shall arise as to the proper person or persons to whom any payments shall be made hereunder, the Trustees may initiate an interpleader action, or may withhold such payment until there shall have been made an adjudication of such question or dispute which, in the Trustees' sole judgment, is satisfactory to them, or until the Trustees shall have been fully protected against loss by means of such indemnification agreement or bond as they, in their sole judgment, determine to be adequate.

23

Section 6. GENDER

Whenever any words are used in this Trust Agreement in the masculine gender, they shall also be construed to include the feminine or neuter gender in all situations where they would so apply; and whenever any words are used in the singular, they shall also be construed to include the plural in all situations where they would so apply, and wherever any words are used in the plural, they shall also be construed to include the singular.

Section 7. AMENDMENT OF TRUST AGREEMENT

The provisions of this Trust Agreement may be amended at any time by an instrument in writing executed by at least five (5) Employer Trustees and five (5) Employee Trustees, provided, however, in no event shall the Trust Fund be used for any purpose other than the purposes set forth in this Trust Agreement, and for the purposes of paying the necessary expenses incurred in the administration of this Trust.

Section 8. ARTICLE AND SECTION TITLES

The Article and Section titles are included solely for convenience and shall, in no event, be construed to affect or modify any part of the provisions of this Trust Agreement or be construed as part thereof.

Section 9. FACILITY OF PAYMENT

In case any benefit payments hereunder become payable to a person under legal disability, or to a person not adjudicated incompetent but, by reason of mental or physical disability, in the opinion of the Trustees, is unable to administer properly such payments, then such payments may be paid out by the Trustees for the benefit of such person in such of the following ways as they think best, and the Trustees shall have no duty or obligation to see that the Funds are used or applied for the purpose or purposes for which paid:

    (a)    directly to any such person;

    (b)    to the legally appointed guardian or conservator of such person;

    (c)    to any spouse, child, parent, brother or sister of such person for his welfare, support and maintenance; or

    (d)    by the Trustees using such payments directly for the support, maintenance and welfare of any such person.

*      *      *      *      *

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the Parties hereto have caused this Restated Agreement and Declaration of Trust to be executed this _3RD_ day of _MARCH_, 2023.

| **Employer Trustees** | **Union Trustees** |
|---|---|
| _(signature)_ | _(signature)_ |
| _(signature)_ | _(signature)_ |
| _(signature)_ | _(signature)_ |
| _(signature)_ | _(signature)_ |
| _(signature)_ | _(signature)_ |
| | _(signature)_ |

25