RESTATED AGREEMENT AND DECLARATION OF TRUST

CREATING THE

SHEET METAL WORKERS LOCAL 303
PENSION FUND

THIS RESTATED AGREEMENT AND DECLARATION OF TRUST, made and entered into this 11ᵗ day of November , 1977, by and between LOCAL 303, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION (hereinafter referred to as the "Union") on behalf of all employee-beneficiaries hereof, and NORTHERN INDIANA SHEET METAL, WARM AIR HEATING AND AIR CONDITIONING CONTRACTORS' ASSOCIATION (hereinafter referred to as the "Association") and such other Employers obligated to make contributions to this Pension Fund under the terms of Collective Bargaining Agreements, and GERALD CLUSSERATH, RALPH POTESTA, EDWARD GANNON, RUSSELL BASSETT, RICHARD L. McCLELLAND and ROBERT TARGETT, all of whom are presently all of the Trustees of SHEET METAL WORKERS LOCAL 303 PENSION FUND.

WITNESSETH:

WHEREAS, the Union and the Association heretofore established a Trust for the purpose of providing retirement benefits for certain employees of the Employers and their beneficiaries, said Trust having been created on the 23rd day of December, 1963 and amended from time to time thereafter, and having been known as SHEET METAL WORKERS LOCAL 303 PENSION FUND; and

WHEREAS, the Union has heretofore entered into Collective Bargaining Agreements providing that the Employers shall contribute to the Trust specified amounts of money on behalf of each employee covered by the said Collective Bargaining Agreements; and

WHEREAS, RUSSELL BASSETT, RICHARD L. McCLELLAND and ROBERT TARGETT, Employee Trustees, GERALD CLUSSERATH, RALPH POTESTA and EDWARD GANNON, Employer Trustees, are presently all of the Trustees of said Trust; and

WHEREAS, the Trustees, pursuant to the powers granted to them in the Agreement and Declaration of Trust hereinabove described, have determined it to be in the best

interests of said Trust, the Association, the Contributing Employers, the aforesaid Union, and the employee-benefici- aries of said Trust, to restate the said Agreement and Declaration of Trust;

NOW, THEREFORE, for and in consideration of the premises and of the mutual covenants and agreements herein contained, the undersigned Trustees hereby adopt the following Restated Agreement and Declaration of Trust and accept all of the provisions herein contained, and the Trustees declare that they will receive and hold the contributions and any other money or property which may come into their hands as Trustees, with the powers and duties, uses and purposes as hereinafter set forth, to-wit:

# ARTICLE I

## Definition of Terms

1.01  The term "Employer" shall mean any member-Employer of the Association or any other association, individual, partnership, or corporation which has a Collective Bargaining Agreement with a Union, or any Employer not presently a party to such Collective Bargaining Agreement but who satisfies the participation requirements established by the Trustees and who agrees to be bound by this Restated Agreement and Declaration of Trust.

1.02  The term "Union" shall mean LOCAL 303, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION and any other labor organization which becomes a party to this Restated Agreement and Declaration of Trust in the manner hereinafter provided.

1.030  The term "Employee" shall mean:

(a)  Any person on whose behalf Contributions are being made to the Trust by an Employer pursuant to a written agreement.

(b)  All persons employed full time by the Union upon being proposed by the Union and after acceptance by the Board and as to such Union personnel, the Union shall be considered an Employer within the meaning of this Restated Agreement and Declaration of Trust and shall, on behalf of such personnel, make payments to the Trust at the time and at the rate of payment equal to that made by any other Employer who is a party to the Trust.

(c)  All persons employed full time by the Association hereinabove referred to, upon being proposed by the Association and after acceptance by the Board and as to such Association personnel, the Association shall be considered an Employer within the meaning of this Restated Agreement and Declaration of Trust and shall, on behalf of such

personnel, make payments to the Trust
at the time and at the rate of payment
equal to that made by any other
Employer who is a party to the Trust.

(d)  All persons employed full time by this
Trust, upon acceptance by the Trustees;
and as to such Trust personnel, the
Board shall be deemed an Employer
within the meaning of this Restated
Agreement and Declaration of Trust and
shall, on behalf of such personnel,
make payments to the Trust out of the
Trust Fund at the time and at the
rate of payment equal to that made by
any other Employer who is a party to
the Trust.

(e)  All persons employed full time by the
Sheet Metal Workers Local 303 Welfare
Fund, Loccal 303 Sheet Metal Workers
Federal Credit Union and Sheet Metal
Workers Joint Apprenticeship and
Training Trust Fund, upon acceptance by
the Board and as to such Trust person-
nel, the Sheet Metal Workers Local 303
Pension Fund shall be deemed an Employer
within the meaning of this Restated
Agreement and Declaration of Trust and
shall, on behalf of such personnel,
make payments to the Trust at the times
and at the rate of payment equal to
that made by any other Employer who is
a party to the Trust.

1.031  For persons other than persons on whose behalf
Contributions are being made by an Employer pursuant to
a Collective Bargaining Agreement, Contributions shall be
in the same hourly amount as that paid by Contributing
Employers for each hour worked, but shall be limited to
forty (40) hours per week.

1.04  The term "Trustee" shall mean the Trustees
designated in this Restated Agreement and Declaration of
Trust, together with their successors designated and
appointed in accordance with the terms hereof.

1.05  The term "Employer Trustee" shall mean Trustees
and their successors representing Employers.

1.06  The term "Employee Trustee" shall mean Trustees and their successors appointed by and representing the Union.

1.07  The term "Trust" shall mean the SHEET METAL WORKERS LOCAL 303 PENSION FUND created by an Agreement and Declaration of Trust dated December 23, 1963, and existing under this Restated Agreement and Declaration of Trust and any subsequent amendments hereto.

1.08  The terms "Trust Fund" or "Fund" shall refer to all property of whatever nature which shall be in said Trust.

1.09  The term "Contributions" or "Employer Contributions" shall mean payments made by Employers or the Union to the Trust on behalf of Employees.

1.10  The terms "Pension Plan" or "Plan" shall mean a Plan of Benefits which may be established from time to time by the Trustees.

1.11  The term "Collective Bargaining Agreement" shall mean any applicable Collective Bargaining Agreement now existing between an Employer and a Union which provides for Contributions to this Trust, as well as any extensions, amendments or renewals thereof, or any new Collective Bargaining Agreement executed in the future between a Union and an Employer which provides for the payment of Contributions to this Trust, as well as any extensions, amendments or renewals thereof.

## ARTICLE II

### Creation of Board of Trustees

2.01   The Trust heretofore created and established by the Union and the Employers under the original Agreement and Declaration of Trust, as heretofore amended, is hereby continued, with the Trustees herein provided for, said Trust having been known as and hereinafter to be known as SHEET METAL WORKERS LOCAL 303 PENSION FUND, which said Trust shall be comprised of assets initially derived from Employer Contributions made pursuant to Collective Bargaining Agreements between the parties (plus any additional sum or sums, from Employer Contributions which may hereafter be agreed upon by the Employers and the Union and set forth in written Collective Bargaining Agreements), together with all insurance and annuity contracts (including dividends, refunds, or other sums payable to the Trustees on account of such insurance and annuity contracts) and all investments made and held by the Trustees on account of such insurance and annuity contracts, all investments made and held by the Trustees, all moneys received by the Trustees as Contributions or as income from investments made and held by the Trustees or otherwise, and any other property received and held by the Trustees for the uses, purposes and trust set forth in this Restated Agreement and Declaration of Trust, where any of the foregoing is derived from the Employer Contributions.

2.020   The Board of Trustees of this Trust shall consist of six natural persons, three of whom shall represent the Union and three of whom shall represent the Employers, and shall be "Named Fiduciaries" within the meaning of Section 402(a)(2) of the Employee Retirement Incomes Security Act of 1974, as amended from time to time.

2.021   The Employee Trustees shall be RUSSELL BASSETT, RICHARD L. McCLELLAND and ROBERT TARGETT, or their successors appointed as hereinafter provided.

2.022   The Employer Trustees shall be GERALD CLUSSERATH, RALPH POTESTA and EDWARD GANNON, or their successors appointed as hereinafter provided.

2.030   Each Trustee shall serve for successive three-year periods unless the Association or Union appointing him selects a Successor Trustee and files with all the

Trustees, at least 30 but no more than 90 days prior to the expiration of any three-year period, notice of such selection.

2.031   In case of vacancy by death, incapacity, inability or refusal to act, resignation, removal, or otherwise, of any Trustee, a successor shall be appointed as hereinafter provided.

2.04   The Union shall be represented by and shall designate the Employee Trustees and their successors.

2.05   The Association shall be represented by and shall designate Employer Trustees and their successors.

2.06   Any Trustee or Trustees shall have the right to resign upon tendering 30 days' written notice to the remaining Trustees, which resignation shall take effect on the tenth day following the date of mailing of said notice to each of the remaining Trustees at his last known address, or the date that a Successor Trustee shall have been appointed in accordance herewith, whichever is earlier.

2.07   The Union shall not have any voice in the selection, election or designation or in the method of selection, election or designation of any Employer Trustee, notwithstanding that the Union may be making Employer Contributions to the Trust.

2.08   A Trustee shall be deemed to have consented to act as Trustee under this Restated Agreement and Declaration of Trust and to have agreed to administer the Trust as herein provided by becoming signatory hereto, or in the case of a Successor Trustee, by filing a written Acceptance of Trust with the remaining Trustees.

2.09   An Employer Trustee may be removed at any time by the Association for good and sufficient cause.

2.10   An Employee Trustee may be removed at any time by the Union for good and sufficient cause.

2.11   To the extent permitted by law, no Trustee shall be liable or responsible for any acts or defaults of any co-Trustee or predecessor Trustee, or for any losses

or expenses resulting from or occasioned by anything done or neglected to be done in the administration of the Trust prior to his becoming a Trustee or subsequent to his having ceased to be a Trustee; nor shall any Trrustee be required to inquire into or take any notice of the prior administration of the Trust.

2.12    The Trustees may, from time to time, increase the number of Unions which may become parties hereto, upon such terms and conditions as the Trustees may determine, provided, however, that in no event shall any Union be represented by a greater number of Trustees than any other Union and, further provided, that the number of Employer Trustees and the number of Employee Trustees shall be equal.

2.13    The Union and the Association may, from time to time, increase the number of Trustees provided, however, that in no event shall any Union be represented by a greater number of Trustees than any other Union and, further provided, that the number of Employer Trustees and the number of Employee Trustees shall be equal.

2.14    In the event a deadlock develops between the Employer Trustees and the Employee Trustees, the Trustees shall appoint a neutral party empowered to break such deadlock within a reasonable length of time.  Such neutral party may be appointed by the Trustees in advance of any such deadlock.  In the event such neutral party is not appointed within ten days after a written request by any Trustee that such neutral party be designated, or in the event such neutral party refuses, fails or is unable to act, the Trustees, or either the Employer Trustees or the Employee Trustees may, upon written application, submit the issue to an Impartial Umpire in accordance with the Impartial Umpire Procedures for Arbitration of Impasses between Trustees of Joint Trust and Pension Funds of the American Arbitration Association.  The decision of said Umpire shall be final, binding and conclusive upon the Trustees and all persons concerned.  The Umpire's fee and expenses, as well as the joint expenses incidental to his activities and the arbitration, shall be paid from the Fund.

2.15    The Trustees shall establish an office in the State of Indiana, for the transaction of the business of the Trust, the exact location of which to be made

II-3

known to the parties interested in said Trust.  The books and records pertaining to the Trust and its administration shall be maintained at such office.

ARTICLE III

Powers and Duties of Trustees

3.01   The Trustees shall have general supervision of the operation of the Trust and shall conduct the business and activities of the Trust according to this Restated Agreement and Declaration of Trust.

3.02   The Trustees shall hold, manage, care for, and protect the Trust Fund and collect the income therefrom and Contributions thereto, and shall have all powers with respect thereto which they deem necessary or desirable to carry out the purposes of the Trust.

3.03   The Trustees shall have the power, in their sole discretion, to invest and reinvest the principal and income of the Trust Fund in such securities, common and preferred stock, mortgages, notes, real estate or other property, and may sell or otherwise dispose of such securities or property at any time and from time to time as they so see fit; provided, however, the Trustees may, in their sole discretion, invest the Trust Fund, or any part thereof, in retirement group contracts, and such other forms of contracts that may be selected by the Trustees, for the purpose of providing all or part of the benefits provided under this Trust.   The Trustees shall have power (in addition to and not in limitation of common law and statutory authority) to exercise with respect to any stocks, bonds, or other property, real or personal, held by them as Trustees, all such rights, powers and privileges as might be lawfully exercised by any person owning similar stocks, bonds or other property in his own right.

3.04   The Trustees may employ or contract with an individual or firm to act as Fund Manager.  The Manager will administer the day to day business operations of the Fund and may receive Employer Contributions, deposit the same in the designated depositories, make disbursements from the Trust Fund under the direction of the Trustees, maintain all books and records of the Trust and perform all other functions necessary or appropriate to the operation of the Trust.

3.050   All Trust Funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time designate, and any such deposit or deposits shall be made in the name of the Trust.

III-1

All such funds shall be disbursed only by check or draft, signed by one Employer Trustee and one Employee Trustee, as authorized by the Board of Trustees.  In addition, the Trustees may maintain a checking account in the name of the Trust with the balance not to exceed $3,000 out of which operating expenses may be disbursed upon the signature of one Employer Trustee or one Employee Trustee, as authorized by the Board of Trustees.  No Trustee shall be liable in any manner for the failure of any depository selected by the Trustees in good faith and in the exercise of reasonable business judgment.

3.051   The Trustees may hold from time to time any or all of the Trust Fund in cash, uninvested and non-productive of interest or other income.

3.06    The Trustees may borrow money from any and all types of persons, companies or institutions upon such terms and conditions as the Trustees may deem desirable to carry out the purposes of this Trust Agreement, and for the sums so borrowed or advanced the Trustees may issue promissory notes or other evidence of indebtedness as Trustees, and secure the repayment thereof by the pledge of any securities or other property in their possession as Trustees.

3.07    In addition to, and without limitation of any other power granted by this Trust Agreement, the Trustees shall have the power:

(a)   To appoint an investment manager or managers, as that term is defined in the Employee Retirement Income Security Act of 1974, together with any future amendments thereto, to manage (which shall include the power to acquire and dispose of Trust assets) any assets of the Trust, and the Trustees shall have the power to delegate to such investment manager or managers all or any part of the investment powers vested in the Trustees by this Trust Agreement. If an investment manager or managers shall have been appointed in accordance herewith, then no Trustee shall be liable for the acts or omissions of such investment manager or managers, or be under an obligation to invest or

otherwise manage any assets of the Plan which is subject to the management of such investment manager. The Trustees may, by majority vote, change the investment manager or managers at any time.

(b)  To designate other persons to carry out their fiduciary responsibilities, or any part thereof, to the full extent permitted by the Employee Retirement Income Security Act of 1974, as may be amended from time to time.

(c)  To allocate all or any part of their fiduciary responsibilities for the operation and administration of the Trust and the Plan among any of the named fiduciaries as that term is defined in the Employee Retirement Income Security Act of 1974, as may be amended from time to time.

(d)  To employ on their own behalf or to authorize any other fiduciary to employ one or more persons to render advice with regard to any responsibility assumed by or imposed by law upon such fiduciary.

(e)  To serve or permit any person or group of persons to serve in more than one fiduciary capacity.

(f)  To enter into any and all contracts and agreements for carrying out the terms of this Restated Agreement and Declaration of Trust and for the administration of the Trust, and to do all acts that they, in their sole discretion, may deem necessary or advisable, and such contracts, agreements and acts shall be binding and conclusive on the parties hereto, on all persons dealing with the Trust, on all employee-beneficiaries and on all persons claiming any benefits from the Trust.

III-3

(g)  To keep property and securities regis-
     tered in the name of the Trustees or in
     the name of a nominee or nominees or in
     unregistered or bearer form without
     disclosure of any fiduciary relationship.

(h)  To establish and accumulate as part
     of the Trust Fund, a reserve or re-
     serves, adequate, in the sole opinion
     of the Trustees, to carry out the
     purposes of such Trust.

(i)  To pay out of the Trust all real
     and personal property taxes, income
     taxes and other taxes of any and all
     kinds levied or assessed under existing
     or future laws upon or in respect to
     the Trust, or any money, property or
     securities forming a part thereof.

(j)  To do all acts, whether or not express-
     ly authorized herein, which the Trustees
     may deem necessary or proper to carry
     out the purposes of the Trust or for
     the protection of the property held
     hereunder.

(k)  To pay out of the funds of the Trust
     membership fees in organizations formed
     for the purpose of educating Trustees
     and Administrators to perform their
     duties and to fulfill their obligations
     to jointly administered trusts, and to
     pay reasonable expenses incurred in
     connection with the attendance by the
     Administrators and the Trustees at
     educational conferences and seminars
     sponsored by such organizations.

(l)  To enter into reciprocal agreements
     with any other Trust or Trusts provid-
     ing for the granting of benefits
     similar to those provided by this Trust
     based, in part, upon employment by
     Employers who made contributions on
     behalf of employees to such other Trust
     or Trusts.

(m)  To adopt review procedures consistent
     with law and applicable regulations.

3.08   The Trustees shall keep true and accurate books of account and a record of all their transactions, meetings and the actions taken at such meetings or by informal action of the Trustees.

3.09   The Trustees shall be entitled at any time to have a judicial settlement of their accounts and judicial determination of any questions in connection with their duties and obligations under this Trust, or in connection with the administration or distribution thereof.   Any Trustee who has resigned or been removed from office shall and hereby agrees to forthwith execute all instruments necessary to effectuate the transfer of Trust Funds.

3.10   To the extent permitted by law, the Trustees shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram or other paper or document believed by them to be genuine, to contain a true statement of facts and to be signed or sent by the proper person.

3.11   Any person may rely upon any instrument in writing purporting to have been signed by a majority of the Trustees as conclusive evidence of the fact that a majority of the Trustees have taken the action stated to have been taken in such instrument.

3.12   To the extent permitted by law, no Trustee shall be liable for any action taken or omitted to be taken by him in good faith, nor for the wrongful acts of any agent, employee or attorney selected by the Trustees with reasonable care, nor for any act of commission or omission of any other Trustee; the fact that such action or omission was advised by counsel employed by the Trustees shall be conclusive evidence of such good faith and judgment.

3.13   The Trustees are hereby authorized to formulate and promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust, provided the same are not inconsistent with the terms of this Restated Agreement and Declaration of Trust.   All rules and regulations adopted by the Trustees for the administration of the Trust shall be binding upon all parties hereto, all person dealing with the Trust and all person claiming any benefits hereunder.

3.14   Any Successor Trustee appointed in accordance with the provisions of this Restated Agreement and Declaration of Trust, upon accepting in writing the terms of this Trust, shall be vested with all of the rights, powers and duties of his predecessor.

3.15   No party dealing with the Trustees shall be obliged (a) to see to the application to the trust purposes herein stated, of any money or property belonging to the Trust Fund, or (b) to see that the terms of this Restated Agreement and Declaration of Trust have been complied with, or (c) to inquire into the necessity or expediency of any act of the Trustees.   Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon (a) that at the time of the delivery of said instrument the Trust was in full force and effect, (b) that the instrument was executed in accordance with the terms and conditions of this Restated Agreement and Declaration of Trust and (c) that the Trustees were duly authorized and empowered to execute the instrument.

3.16   The Trustees shall use and apply the Trust Fund for the following purposes:

(a)  To pay or provide for the payment of retirement benefits to eligible Employees in accordance with the terms, provisions and conditions of the Pension Plan adopted by the Trustees from time to time.

(b)  To pay or provide for (1) the payment of all reasonable and necessary expenses of collecting the Contributions and administering the affairs of this Trust, including the employment of such administrative, legal, actuarial, expert and clerical assistance that they determine to be necessary for the administration of the Trust, and (3) the purchase or leasing of such materials, supplies and equipment that the Trustees, in their discretion, find necessary or appropriate to the performance of their duties.

3.17    The Trustees shall have the power to construe the provisions of this Restated Agreement and Declaration of Trust and the terms and regulations of the Pension Plan; and any construction adopted by the Trustees in good faith shall be binding upon the Union, the Employers, all parties dealing with the Trust and all persons claiming any benefits from the Trust.

3.18    The Trustees, by resolution, shall provide for fidelity bonds, in such form and amounts as may be required by statute, for their employees and for the Trustees who shall be authorized to handle assets of the Trust Fund.  If no such statutory requirement shall exist, such bonds shall be in such form and amounts as the Trustees may determine. In addition, the Trust may by resolution purchase insurance for its fiduciaries and for itself to cover liabilities or losses occurring by reason of the act or omission of a fiduciary; provided, however, that such insurance policy shall be in the form and manner permitted by law.

3.19    The Trustees are authorized to extend the coverage of this Restated Agreement and Declaration of Trust to such other Employers as the Trustees shall agree upon, provided such Employers are required and agree to conform to the terms and conditions hereof and to make Employer Contributions pursuant to a Collective Bargaining Agreement with a Union.

3.20    The Trustees are authorized to negotiate, direct and agree to the merger of this Trust with, or into another Pension Trust, or the merger of another Trust into this Trust, on such terms and conditions as are consistent with the purposes stated herein for this Trust.

ARTICLE IV

Operation of the Board of Trustees

4.01   A quorum of the Trustees for the transaction of business, except as otherwise provided herein, shall consist of a majority of Trustees, two of whom shall be Employer Trustees and two of whom shall be Employee Trustees.   All decisions of the Trustees shall be by majority vote except that the majority vote shall in every instance include the vote of at least one Employer Trustee and one Employee Trustee.

4.02   No vacancy or vacancies in the Board of Trustees shall impair the power of the remaining Trustees, acting in the manner provided by this Restated Agreement and Declaration of Trust, to administer the affairs of the Trust notwithstanding the existence of such vacancy or vacancies.

4.03   To the extent permitted by law, the Employer Trustees and Employee Trustees may be paid a reasonable compensation for their services hereunder and shall be reimbursed for their reasonable expenses, said compensation and expenses to be determined by the Board of Trustees.

4.04   To the extent permitted by law, the Trustees shall be reimbursed for the full cost of defense in any litigation arising out of the Trusteeship.

4.05   A meeting of Trustees shall be held at least semi-annualy, one during the first half of each calendar year and the other during the second half.   At said meeting during the second half of the year, a Chairman and Secretary-Treasurer shall be selected to serve during the following calendar year.   The Secretary-Treasurer shal give at least one week's notice of a meeting of the Board of Trustees.   Notice may be given by mail, telegram, telephone or personally.   Any three Trustees, or the Chairman or Secretary-Treasurer shall have the right to call special meetings upon the giving of at least seven days notice to each of the Trustees.   Meetings of the Board of Trustees may be held at any time without notice with the consent of all Trustees.   In the event that the Trustees unanimously concur in writing upon any proposition, no meeting need be held by the Trustees.

## ARTICLE V

### Controversies and Disputes

5.01  In any controversy, claim, demand, suit at law or other proceeding between the Trustees and any employee-beneficiary or any other person claiming any benefits from the Trust, the Trustees shall be entitled to rely upon any facts appearing in the records of the Trust, any instruments on file with the Trustees, with the Union or with the Employers, any facts certified to the Trustees by the Union or the Employers, any facts which are of public record and any other evidence pertinent to the issue involved.

5.02  All questions or controversies of whatsoever character arising in any manner or between any parties or persons in connection with the Trust or the operation thereof, whether as to any claim for benefits, or whether as to the construction of the language of this instrument, the Pension Plan, or the rules and regulations adopted by the Trustees, or as to any writing, decision, instrument or accounts in connection with the operation of the Trust or otherwise, shall be submitted to the Board of Trustees for decision, and the decision of a majority of the Board shall be binding upon all persons dealing with the Trust or claiming any benefit thereunder, except to the extent that such decision may be determined to be arbitrary or capricious by a court or arbitrator having jurisdiction over such matters.

5.03  The Trustees may, in their sole discretion, compromise or settle any claim or controversy in such manner as they think in the best interests of the Trust and its beneficiaries, and any decision made by the Board of Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all parties to the Trust, all persons dealing with the Trust, and all persons claiming any benefits thereunder.

## ARTICLE VI

### Contributions and Collections

6.01    The Trustees, in their fiduciary capacities, shall have the power to demand and collect the contributions of the Employers to the Trust.  The Trustees may take any and all steps, including the institution and prosecution of and intervention in any legal proceeding, that may be necessary or desirable to effectuate the collection and preservation of Contributions or other moneys which may be due and owing to the Trust, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary for such purpose.  Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment.

6.02    The Trustees shall have the right to have payroll records of any Employer audited by a reputable firm of certified public accountants.  In the event the Employer Contributions made by an Employer are substantially correct, the Trust shall bear the full cost of such an audit and if the Employer is found to be delinquent in Employer Contributions, the Employer shall pay the cost of such audit.

6.03    An Employer delinquent in making Employer Contributions shall be obligated to pay interest on all moneys due the Trust at such rates as the Trustees shall from time to time determine, which rate shall be applied in a uniform and non-discriminatory manner, together with all expenses of collection incurred by the Trustees, including costs and legal fees.

6.04    In no event shall the Employers, directly or indirectly, receive any refund of contributions made by them to the Trust, except in case of a bona fide mistake, and in case of such bona fide mistake, only to the extent permitted by law, nor shall any Employer directly or indirectly participate in the disposition of the Trust Fund or receive any benefits from the Trust.  Except as otherwise required by law, no Contributing Employer shall be liable for any payments to the Trust Fund other than for contributions due pursuant to a Collective Bargaining Agreement and of other payments required under the terms of this Trust Agreement.  Upon the transfer to the Trustees of such contributions and other payments, all responsibilities of the Employers for each Employer Contribution shall

cease, and neither the Employers nor the Union shall have any responsibilities for the acts of the Trustees.  No person shall have any individual right, title, interest or claim against any Employer, Employer's Contribution or the Trust Fund, except as may be expressly provided for in this Restated Agreement and Declaration of Trust.

6.05    Each Employer shall promptly furnish to the Trustees, on demand, the names of its Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust. The Trustees may, by their representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust.  All Employers shall annually furnish to the Trustees, if requested by them, a statement showing whether (a) the Company is a corporation and the names of all its officers; (b) if not a corporation, a certificate stating that it is either a partnership or an individual proprietorship and the names of the partners or the name of the individual proprietor. The Union will comply with any reasonable request of the Trustees to examine those records of the Union which may indicate the employment record of any Employee whose status is in dispute.

## ARTICLE VII

### Establishment of Pension Plan

7.01    The Trustees shall have the power to formulate such plan or plans for the payment of such retirement pension benefits, as they, in their sole discretion, shall determine.    Such plan or plans shall at all times conform to the applicable sections of the Internal Revenue Code for purposes of tax exemption and this Restated Agreement and Declaration of Trust.    The Trustees may adopt procedures, regulations and conditions for the operation of the plan, including, by way of illustration and not limitation:    conditions of eligibility for covered Employees, procedure for claiming benefits, schedules of type and amount of benefits to be paid, and procedure for the distribution of benefits; provided, however, that all such rules and regulations adopted by the Trustees shall be general in their application and no special or particular treatment shall be accorded to any individual.

7.02    The Trustees may consult with or employ such actuarial and other experts as they deem necessary for the proper formulation and operation of said Pension Plan.

7.03    The Pension Plan may be amended by the Trustees from time to time, provided that such amendments shall comply with the applicable sections of the Internal Revenue Code and this Restated Agreement and Declaration of Trust.

## ARTICLE VIII

### Vesting of Rights

8.01  No person shall have any vested interest or right in the Trust Fund or in any payments from the Trust except as may be provided in any Pension Plan adopted by the Trustees, from time to time; provided, however, that the rights of any person who has become eligible for benefits hereunder by fully meeeting the requirements of this Restated Agreement and Declaration of Trust or any Pension Plan created hereunder shall not be affected, changed, or altered by any amendment hereto, unless the Trust Fund, in the opinion of the Trustees, is inadequate to meet the payments due, in which event the Trustees shall determine whether such benefits shall be reduced uniformly or the Trust terminated.  Any such reduction in benefits or termination, however, shall be according to applicable law.

# ARTICLE IX

## Amendments

9.01  It is anticipated that in the administration of this Trust, conditions may arise that are not foreseen at the time of the execution of this Restated Agreement and Declaration of Trust, and it is the intention of the parties that the power of amendment, which is hereinafter given, be exercised in order to carry out the purposes of this Trust, among which is to pay the largest benefits possible consistent with the number of members eligible and likely to become eligible for such benefits, the amount of money available and which is likely to become available for the payment of benefits, and sound actuarial practice. Therefore, the Trustees are hereby given the power to amend this Restated Agreement and Declaration of Trust by a majority vote of the Trustees or by written agreement between the Union and the Association, a copy of which shall be filed with the Trustees.  All parties hereto, all persons dealing with the Trust, all Employers and all persons claiming benefits hereunder shall be bound thereby, and no person shall have any vested interest or right in the Trust Fund or in any payment from the Trust Fund, and the Trustees have full authority to amend, repeal, add to or take away any right or payment, retroactively, or otherwise, that they deem proper for the preservation of this Trust; provided, however, that in no event shall the Trust Fund be used for any purpose other than the purposes set forth in this Restated Agreement and Declaration of Trust, and for the purpose of paying the necessary expenses incurred in the administration of this Trust, and further provided that all amendments shall comply with the applicable sections of the Internal Revenue Code and other applicable law.

## ARTICLE X

### Termination of Trust

10.01  This Trust shall cease and terminate upon the happening of any one or more of the following events:

(a)  In the event the Trust Fund shall be, in the opinion of the Trustees, inadequate to carry out the intent and purpose of this Restated Agreement and Declaration of Trust, or to meet the payments due or to become due hereunder to persons already drawing benefits.

(b)  In the event there are no individuals living who can qualify as Employees hereunder.

(c)  By operation of law.

10.02  In the event this Trust shall terminate for any reason, the Trustees shall distribute the Trust Fund in accordance with the provisions of a Pension Plan created pursuant to this Restated Agreement and Declaration of Trust; provided, however, that any distribution of assets shall be in the manner and order required by applicable law.

10.03  In the event the Trust hereby created is subject to the Rule against Perpetuities as existing in the law of the State of Indiana at the time in this Article fixed for termination of the Trust, the Trust shall terminate twenty (20) years after the date of the death of the last Employee covered by this Restated Agreement and Declaration of Trust at the time of the execution of this Restated Agreement and Declaration of Trust; otherwise, this Trust shall have perpetual existence except as provided in the next preceding paragraph hereof.

## ARTICLE XI

## Miscellaneous

11.01  All benefit payments, if and when such payments shall become due, shall, except as to persons under legal disability, be paid to such beneficiary in person and shall not be grantable, transferable, or otherwise assignable in anticipation of payment thereof, in whole or in part, by the voluntary or involuntary acts of any such beneficiary, or by operation of law, and shall not be liable or taken for any obligation of such beneficiary.  No person shall have the right to anticipate, alienate, sell, transfer, pledge, assign or otherwise encumber any interest whatsoever in any benefit to which he may be or become entitled under any Plan of Benefits adopted by the Trustees, nor shall any such benefit be in any manner subject to the debts, contracts, liabilities or torts of the persons entitled thereto.

11.02  In case any benefit payments hereunder become payable to a person under legal disability, or to a person not adjudicated incompetent but, by reason of mental or physical disability, in the opinion of the Trustees, is unable to administer properly such payments, then such payments may be paid out by the Trustees for the benefit of such person in such of the following ways as they think best, and the Trustees shall have no duty or obligation to see that the Funds are used or applied for the prupose or purposes for which paid:

    (a)  directly to any such person;

    (b)  to the legally appointed guardian or conservator of such person;

    (c)  to any spouse, child, parent, brother or sister of such person for his welfare, support and maintenance;

    (d)  by the Trustees using such payments directly for the support, maintenance and welfare of any such person.

11.03  In the event any question or dispute shall arise concerning the proper person or persons to whom any payment shall be made hereunder, the Trustees may withhold

XI-1

such payment until a binding adjudication of such question or dispute, satisfactory to the Trustees in their sole discretion, shall have been made, or the Trustees shall have been adequately indemnified to their satisfaction against loss.

11.04   This Restated Agreement and Declaration of Trust shall be construed according to and be governed by the laws of the State of Indiana, unless preempted by federal law.

11.05   Where used in this Restated Agreement and Declaration of Trust, words in the masculine shall be read and construed as in the feminine, and words in the singular shall be read and construed as though used in the plural, in all cases where such construction would so apply.

11.06   The Article titles are included solely for convenience and shall, in no event, be construed to affect or modify any part of the provisions of this Restated Agreement and Declaration of Trust or be construed as part hereof.

11.07   Should any provision of this Restated Agreement and Declaration of Trust be held to be unlawful, or unlawful as to any person or instance, such fact shall not adversely affect the other provisions herein contained or the application of said provisions to any other person or instance, unless such illegality shall make impossible the functioning of the Trust.   No Trustee shall be held liable for any act done or performed in pursuance of any provisions hereof prior to the time such act or provision shall be held unlawful by a court of competent jurisdiction.

IN WITNESS WHEREOF, the undersigned have caused this Restated Agreement and Declaration of Trust to be executed on the date first above written.

RUSSELL BASSETT, Trustee

GERALD CLUSSERATH, Trustee

RICHARD L. McCLELLAND, Trustee

RALPH POTESTA, Trustee

ROBERT TARGETT, Trustee

EDWARD GANNON, Trustee

AMENDMENT NO. 1
TO THE
RESTATED AGREEMENT AND DECLARATION OF TRUST
CREATING THE
SHEET METAL WORKERS LOCAL 303 PENSION FUND

Pursuant to the powers granted to them in Article IX, Section 9.01, of the RESTATED AGREEMENT AND DECLARATION OF TRUST CREATING THE SHEET METAL WORKERS LOCAL 303 PENSION FUND, the Trustees of the Sheet Metal Workers Local 303 Pension Fund do hereby amend the Restated Agreement and Declaration of Trust, effective January 1, 1980, as follows:

1.  Section 2.021 of Article II is amended to read as follows:

> 2.021  The Employee Trustees shall be JOSEPH KUCER, ROBERT TARGETT and G. RUSSELL BASSETT, appointed by Sheet Metal Workers' International Association, Local 303, or their successors appointed as hereinafter provided.

2.  Section 2.030 of Article II is amended to read as follows:

> 2.030  Each Employer Trustee shall serve for successive three-year periods unless the Association selects a Successor Trustee and files with all the Trustees, at least 30 but no more than 90 days prior to the expiration of any three year period, notice of such selection.

3.   Section 2.04 of Article II is amended to read as follows:

> 2.040  Each Employee Trustee appointed by SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL 303 shall serve until the expiration of his term or until his death, resignation, incapacity or inability or refusal to act, or removal as hereinafter provided, whichever shall occur first. In case of vacancy for any reason, a Successor Employee Trustee shall be appointed as hereinafter provided.

4.   Section 2.041 is added to Article II as follows:

> 2.041  Employee Trustees and Successor Employee Trustees appointed by SHEET METAL WORKERS' INTERNATIONAL ASSOCIA-TION, LOCAL 303 shall consist of the Business Manager of Local 303 and two other Trustees elected by a vote of the members of Local 303, the result of such election being duly certified by the President and Recording Secretary or Treasurer of Local 303.  As of the date of this Amendment No. 1, Trustee JOSEPH KUCER is Business Manager of Local 303 and ex officio Trustee by reason of such office.  A Business Manager-Trustee shall be deemed to have been removed as a Trustee upon ceasing to hold that office and his successor, upon certification as herein provided, shall be a Successor Employee Trustee. The two remaining Employee Trustees appointed by Local 303 shall be elected for terms of approximately six years, commencing as of the date of the first regular meeting of Local 303 held in the month of July at which their predecessor's term expires.  Any Employee Trustee appointed by Local 303 who ceases to be an Employee Trustee for any reason shall have a successor

-2-

designated by the Executive Board of
Local 303 to fill the unexpired term of
such Trustee.  The present term as
Trustee of G. RUSSELL BASSETT shall
terminate as of the first regular
business meeting of Local 303 held in
July, 1981 and the present term as
Trustee of Trustee ROBERT TARGETT shall
terminate as of the first regular
business meeting of Local 303 held in
July, 1984.

5.   Section 2.10 of Article II is amended to read as follows:

2.10  An Employee Trustee may be
removed at any time by a vote of the
members of the Union selecting or
appointing such Trustee, and the result
of such vote shall be duly certified by
the President and by the Recording
Secretary or Treasurer of the Union
selecting or appointing such Trustee.

IN WITNESS WHEREOF, the undersigned Trustees have
caused this Amendment No. 1 to the Restated Agreement and
Declaration of Trust to be executed on the date written
opposite their respective names.

| | | |
|---|---|---|
| _Joseph Kiser_ 7-7-8- | | _____ 7/7/81 |
| Date | | Date |
| _Lee Targett_ 7-7-81 | | _Ralph J. Potato_ 7/7/81 |
| Date | | Date |
| _____ | | _____ |
| Date | | Date |

-3-

AMENDMENT NO. 2
TO
RESTATED AGREEMENT AND DELARATION OF TRUST
CREATING THE
SHEET METAL WORKERS LOCAL 303 PENSION FUND

Pursuant to the powers granted to them in Article IX,

Section 9.01, of the RESTATED AGREEMENT AND DECLARATION OF TRUST

CREATING THE SHEET METAL WORKERS LOCAL 303 PENSION FUND, the

Trustees of the Sheet Metal Workers Local 303 Pension Fund do

hereby amend the Restated Agreement and Declaration of Trust,

effective October 1, 1981, as follows:

   1.    Section 6.03 of Article VI is amended to read as

follows:

          6.030    An Employer whose Employer Con-
          tribution is received after the date on which
          payment is required under the terms of the
          applicable Collective Bargaining Agreement
          or other written agreement (or, if no date
          is stated, after the 20th day of the month
          following the month for which the Contri-
          bution is made) shall be obligated to pay
          interest on all monies due the Trust from
          the date due until the date payment is
          received, at the rate prescribed from time
          to time under Section 6621 of the Internal
          Revenue Code of 1954, which rate shall be
          applied in a uniform and non-discriminatory
          manner, and shall be further obligated to
          pay all expenses of collection incurred by
          the Trustees, including costs and reason-
          able attorneys' fees.

   2.    Section 6.031 is added as follows:

          6.031    An Employer whose Employer Con-
          tribution is received after the date on
          which payment is required under the terms
          of the applicable Collective Bargaining
          Agreement or other written agreement (or,
          if no date is stated, after the 20th day
          of the month following the month for which

the Contribution is made) shall be obligated to pay, in addition to all sums due to the Trust (including interest, costs and reasonable attorneys' fees herein provided), an additional amount equal to the amount of the interest on the unpaid contributions due under Section 6.030 or liquidated damages in the amount of 20% of the unpaid contributions, whichever is greater. The amount due under this Section shall be calculated in the same manner as interest due under Section 6.030.

IN WITNESS WHEREOF, the undersigned Trustees have caused this Amendment No. 2 to be executed on the date written opposite their respective names.

_Joseph Kicca_ 2/1/82
Date

_Ge M C Arwww_ 2/1/82
Date

_Cint Faiszitt_ 2/1/82
Date

_Rolph A. Potesta_ 2/1/82
Date

_W Russell Bassett_ 2/28/82
Date

_Elbert R Serran_ 2/1/82
Date

-2-

AMENDMENT NO. 3
TO
RESTATED AGREEMENT AND DECLARATION OF TRUST
CREATING THE
SHEET METAL WORKERS LOCAL 303 PENSION FUND

Pursuant to the powers granted to them in Article IX, Section 9.01, of the RESTATED AGREEMENT AND DECLARATION OF TRUST CREATING THE SHEET METAL WORKERS LOCAL 303 PENSION FUND, the Trustees of the Sheet Metal Workers Local 303 Pension Fund do hereby amend the Restated Agreement and Declaration of Trust, effective with respect to contributions due on and after March 1, 1983 (for work performed on and after February 1, 1983), as follows:

1.    Section 6.031, as amended by Amendment No. 2 to this Restated Agreement and Declaration of Trust, is hereby rescinded effective as of October 1, 1981, its original effective date, and all liquidated damages previously paid in accordance with that Section shall be refunded or credited to Employers upon written request.

2.    Section 6.030 of Article VI is amended to read as follows:

> 6.030  An Employer whose Employer
> Contribution is received by the Fund
> after the date on which payment is
> required under the terms of the appli-
> cable Collective Bargaining Agreement

or other written agreement (or, if no
date is stated, after the 20th day of
the month following the month for which
the Contribution is made) shall be
obligated to pay interest on all monies
due the Trust from the date due until
the date payment is received, at the
rate prescribed from time to time under
Section 6621 of the Internal Revenue
Code of 1954, which rate shall be
applied in a uniform and non-discrimi-
natory manner, and shall be further
obligated to pay all expenses of
collection incurred by the Trustees,
including costs and reasonable attor-
ney's fees.

3.  Section 6.031 is added, as follows:

6.031  An Employer whose Employer
Contribution is received by the Fund
after the date on which payment is
required under the terms of the appli-
cable Collective Bargaining Agreement
or other written agreement (or, if no
date is stated, after the 20th day of
the month following the month for which
the contribution is made) shall be
obligated to pay, in addition to all
sums due to the Trust (including
interest, costs and reasonable attor-
ney's fees herein provided), liquidated
damages in an additional amount equal
to 5% of the unpaid contributions, the
actual damage resulting from such
late payment being substantial, but
difficult to ascertain.

4.  Section 6.032 is added, as follows:

6.032  Notwithstanding other pro-
visions of this Article, an Employer
whose Employer Contributions for the
immediately preceding twelve (12)
consecutive months were received by the

-2-

Fund within the time provided in
Sections 6.030 and 6.031 shall not be
assessed interest or liquidated damages
on contributions which are received
after the required due date but during
the calendar month in which the contri-
butions are due.

4. Section 6.033 is added, as follows:

6.033  The Trustees are hereby empowered
at their sole discretion to provide
that no interest or liquidated damages
shall be assessed on Employer Contribu-
tions received during a Grace Period if
five (5) days after the due date, as
defined above, provided, however, that
such Grace Period shall be applied in a
uniform and non-discriminatory manner
and, further provided, that interest
and liquidated damages shall be charged
from the original due date on all
Employer Contributions received after
the five (5) day Grace Period and
Employer Contributions received
during the Grace Period shall not be
considered to have been received in a
timely manner for the purposes of
Section 6.032.

IN WITNESS WHEREOF, the undersigned Trustees have

caused this Amendment No. 3 to be executed on the date

written opposite their respective names.

| | |
|---|---|
| _Joseph Keuch_ 3/21/83 | _signature_ |
| Date | Date |
| _signature_ 4-22 | _Edward P. Green_ 4/14/83 |
| Date | Date |
| _R. Russell Bassett_ 4-23-83 | _signature_ 3/21/83 |
| Date | Date |

-3-

AMENDMENT NO. 4
TO
RESTATED AGREEMENT AND DECLARATION OF TRUST
CREATING THE
SHEET METAL WORKERS LOCAL 303 PENSION FUND

Pursuant to the powers granted to them in Article IX, Section 9.01, of the RESTATED AGREEMENT AND DECLARATION OF TRUST CREATING THE SHEET METAL WORKERS LOCAL 303 PENSION FUND, the Trustees of the Sheet Metal Workers Local 303 Pension Fund do hereby amend the Restated Agreement and Declaration of Trust, effective August 1, 1984, as follows:

1. Section 1.02 of Article I is amended to read as follows:

> 1.02  The term "Union" shall mean SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL 20 (herein referred to as "Local 20"), into which SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL 303 has merged, and any other labor organization which becomes a party to this Restated Agreement and Declaration of Trust in the manner hereinafter provided.

2. Section 2.021 of Article II is amended to read as follows:

> 2.021  The Employee Trustees shall be G. RUSSELL BASSETT, JOSEPH KUCER and ROBERT TARGETT and their successors appointed as hereinafter provided.

3.  Section 2.040 of Article II is amended to read as follows:

> 2.040  Each Employee Trustee shall continue to serve until his death, resignation, incapacity or inability or refusal to act, or removal as hereinafter provided, whichever shall occur first.  In case of vacancy for any reason, a Successor Employee Trustee shall be appointed as hereinafter provided.

4.  Section 2.041 of Article II is amended to read as follows:

> 2.041  Employee Trustees and Successor Employee Trustees shall be designated as provided in this Section.  If Local 20 shall have three Business Representatives serving the Counties of Lake Jasper, LaPorte, Newton, Porter, Pulaski and Stark, then those three Business Representatives shall ex officio be the Employee Trustees.  If Local 20 has fewer than three Business Representatives serving the above-named Counties, then those Business Representatives so serving shall ex officio be Employee Trustees and the Business Manager of Local 20 shall appoint additional Employee Trustees so that the total number of Employee Trustees shall be three.  If Local 20 has more than three Business Representatives serving the above-named Counties, then the Business Manager of Local 20 shall designate from such Business Representatives three who shall be the Employee Trustees.

5.  Section 2.10 of Article II is amended to read as follows:

> 2.10  An Employee Trustee may be removed at any time by the Business Manager of Local 20 if said Trustee was appointed by said Business Manager, or by the Trustee's removal from office as a

Business Representative for Local
20 if said Trustee holds his Trus-
teeship ex officio by virtue of his
said office of Business Representative.

IN WITNESS WHEREOF, the undersigned Trustees have

caused this Amendment No. 3 to be executed on the dates

written opposite their respective names.

_Joseph Kucen_ 12-7-84            _____ 12/7/84
                Date                        Date

_____ 12-7-84         _Ralph J. Poteta_ 12/7/84
                Date                        Date

_Russell Bassett_                 _____ 12-7-84
                Date 12/7/84                Date

AMENDMENT NO. 5
TO
RESTATED AGREEMENT AND DECLARATION OF TRUST
CREATING THE
SHEET METAL WORKERS LOCAL 303 PENSION FUND

Pursuant to the powers granted to them in Article IX, Section 9.01, of the RESTATED AGREEMENT AND DECLARATION OF TRUST CREATING THE SHEET METAL WORKERS LOCAL 303 PENSION FUND, the Trustees of the Sheet Metal Workers Local 303 Pension Fund do hereby amend the Restated Agreement and Declaration of Trust, effective June 1, 1987, as follows:

Section 6.06 is added to Article VI, to read as follows:

> 6.06  Payments to the Trust from an employee benefit plan may be received by the Trustees and shall be deemed Employer Contributions for all purposes under this Agreement, provided that (a) such payments are provided for under a Collective Bargaining Agreement or other agreement between the Union and an Employer, and (b) the employee benefit plan making such contributions is maintained by a trust to which Employers contributing to this Trust also contribute, and which is exempt from taxation under the Internal Revenue Code.

IN WITNESS WHEREOF, the undersigned Trustees have caused this Amendment No. 5 to be executed on the dates written opposite their respective names.

_____  5/12/87       _____  5-22-87
                          Date                                    Date

_____  5-22-8       _____  5-22-87
                          Date                                    Date

_____               _____
                          Date                                    Date

AMENDMENT NO. 6
TO
RESTATED AGREEMENT AND DECLARATION OF TRUST
CREATING THE
SHEET METAL WORKERS LOCAL 303 PENSION FUND

Pursuant to the powers granted to them in Section 9.01 of the RESTATED AGREEMENT AND DECLARATION OF TRUST CREATING THE SHEET METAL WORKERS LOCAL 303 PENSION FUND, the undersigned, being a majority of the Trustees of the Sheet Metal Workers Local 303 Pension Fund, do hereby amend the Restated Agreement and Declaration of Trust, effective September 11, 1987, as follows:

The name of the Trust is hereby changed to SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION FUND, and Section 1.07 of Article I is amended to provide as follows:

> 1.07  The term "Trust" shall mean the SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION FUND, created by an Agreement and Declaration of Trust dated December 23, 1963, and existing under this Restated Agreement and Declaration of Trust and all subsequent amendments hereto.

IN WITNESS WHEREOF, the undersigned Trustees have caused this Amendment No. 6 to be executed on the dates written opposite their respective names.

# AMENDMENT No. 7

## TO THE

## RESTATED AGREEMENT AND DECLARATION OF TRUST

### CREATING THE

## SHEET METAL WORKERS LOCAL NO. 20 GARY AREA PENSION FUND

Pursuant to the authority granted them in Section 9.01 of the Restated Agreement and Declaration of Trust Creating the Sheet Metal Workers Local 303 Pension Fund, which Trust has been renamed the Sheet Metal Workers Local No. 20 Gary Area Pension Fund pursuant to Amendment No. 6 to said Restated Agreement and Declaration of Trust, the undersigned, constituting a majority of the Trustees of the Trust, do hereby adopt the following Amendment to the Restated Agreement and Declaration of Trust, effective January 1, 2009.

Section 3.050 of Article III is amended to read as follows:

3.050  All Trust funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time designate, and any such deposit or deposits shall be made in the name of the Trust.  All such funds shall be disbursed only upon the signature of at least one Employer Trustee and one Employee Trustee, provided, however, that disbursements in the amount of $5,000 or less may be made upon the signature of one Trustee and one duly authorized employee or agent of the Trust and, further provided, that the Trustees may establish procedures permitting the use of facsimile signatures for specified types of disbursements.  No Trustee shall be liable in any manner for the failure of any depository selected by the Trustees in good faith and in the exercise of reasonable business judgment.

IN WITNESS WHEREOF, the undersigned have caused this Amendment No. 7 to the Restated Agreement and Declaration of Trust to be executed on the dates shown by their respective names.

_____    2/20/09        _____    2/20/09
Trustee                    Date           Trustee                    Date

_____    2-20-08        _____    2-20-09
Trustee                    Date           Trustee                    Date

_____    2/20/09        _____    2/20/09
Trustee                    Date           Trustee                    Date

- 2 -