SHEET METAL WORKERS LOCAL NO. 20
GARY AREA PENSION FUND
**EMPLOYER CONTRIBUTION COLLECTION POLICY**

**Introduction**

As an aid to the discharge of their fiduciary obligations under the Employee Retirement Income Security Act (ERISA), the Trustees of the Sheet Metal Workers Local No. 20 Gary Area Pension Fund (hereinafter "Fund") have adopted the following Employer Contribution Collection Policy. It is the intent of the Trustees that this Policy shall be implemented consistently and uniformly and that reasonable, diligent, and systematic efforts shall be made to collect all employer contributions. In the event of any inconsistency between the terms of this Collection Policy and the Trust Agreement, the terms of the Trust Agreement will control.

**Contribution Payment Provisions**

1. Employer contributions shall be remitted to the office of the Sheet Metal Workers Local 20 Welfare and Benefit Fund ("Welfare Fund"), either via ACH payment or via mail to P.O. Box 55287, Indianapolis, Indiana 46205. When possible, ACH is the preferred method of remission.

2. Employer contributions and contribution reports shall be received at the office of the Welfare Fund on or before the twentieth day of the month immediately following the month in which the work for which the contribution is made was performed, unless another due date is specified in the employer's collective bargaining agreement. Payments delivered by U.S. Mail shall be considered as received on the date postmarked.

3. If the required contribution and report are not received on or before the due date specified in paragraph 2, above, the contribution shall be deemed to have been delinquent as of the due date specified.

4. As of the date any contribution is deemed delinquent, interest shall begin to accrue on the delinquent balance at the rate of 6% per annum, compounding. The interest charge shall be applied on a monthly basis (each monthly charge being 1/12 of the applicable annual rate or 0.5%) to the total balance due.

5. As of the date any contribution is deemed delinquent, liquidated damages shall be imposed in the amount of 5% of the

delinquent contribution. Interest shall thereafter accrue on the total delinquent amount, including liquidated damages and attorney and audit fees, if any.

6. Notwithstanding anything herein to the contrary, if the monthly contribution of a contributing employer is deemed delinquent under the preceding paragraphs and if that employer's contributions have not been delinquent during the 12-month period immediately preceding the delinquency, then interest and liquidated damage charges shall not be applied, provided, however, that if the monthly contribution remains unpaid as of the date that the next succeeding monthly contribution or contribution report becomes due, then interest and liquidated damages shall apply, retroactive to the original due date of the contribution.

7. If a contribution or report is delinquent, the Fund Office shall send the employer a notice as soon as possible advising of the delinquency and of the accrual of interest charges and the imposition of liquidated damages. While interest and liquidated damages will be assessed as of the dates set forth in paragraphs 4 and 5, above, calculation of the interest and liquidated damage charges shall be deferred until the Fund Office has received a contribution report or other basis for determining with reasonable accuracy the amount of the employer contribution due. When such charges have been calculated, the Fund Office shall advise the employer in writing of the total amount of interest and liquidated damage charges then added to his account.

8. An employer may appeal the assessment of liquidated damages and interest to the Trustees. All appeals must be in writing and must state the reason(s) for such appeal. Except as stated in paragraph 6, appeals may be granted at the sole discretion of the Trustees and on a case-by-case basis. Such appeals will not act to delay any legal or equitable action deemed necessary by the Trustees.

9. If no payment is made in response to the delinquency letter contemplated in paragraph 7, the Fund Office may refer the matter to Fund Counsel for appropriate action. By such referral, Fund Counsel will be authorized to demand from the delinquent employer all amounts due and to file suit and/or a claim against the employer's bond to collect such amounts. Attorney fees and costs incurred by the Fund with respect to any such referral shall be assessed against the delinquent employer and added to the total delinquent amount due.

10. If any employer shall initiate or become the subject of a petition for bankruptcy, reorganization, or liquidation, then the account shall be immediately referred to Fund Counsel for collection.

## Payroll Audit Provisions

1. Payroll audits shall be made of all employers on a random basis, but each employer shall be audited no less frequently than once in a five-year period. In order to facilitate the audit program, the Trustees may join with other SMART funds on a joint audit program.

2. Payroll audits may be ordered on a specific and non-random basis if the Chairman and Secretary of the Board conclude, in their discretion, that there is a basis for believing that the employer is delinquent. An audit initiated for cause may cover any period of time deemed appropriate and necessary by the Trustees.

3. Employers will be notified in writing that an auditor has been authorized to conduct a payroll audit. Such notice will include the name of the auditor, the date for which the audit is scheduled, and the records to be produced. The auditor may make initial contact on behalf of the Fund to schedule the audit. The employer shall produce all records requested by the auditor in a timely manner and shall otherwise cooperate in enabling the auditor to complete the audit.

4. If the auditor has any difficulty in scheduling the audit or in obtaining necessary records from the employer, he shall immediately notify in writing the Fund Office and Fund Counsel, setting forth the details of the employer's non-cooperation. If the problem is not promptly resolved, Fund Counsel shall initiate litigation to ensure compliance with the payroll audit procedures.

5. At the conclusion of the audit, the Fund Office will notify the employer in writing of the auditor's findings. If the auditor finds that the employer owes contributions, interest, or liquidated damages to the Fund, the Fund Office shall request payment of the amount to be due, along with audit costs. Audit costs charged to the Employer shall be the actual costs incurred by the Fund in conducing the audit, up to and not to exceed 5% of the contributions owed. Copies of the audit results may also be provided to Fund Counsel. If the employer disputes the audit findings, it must do so in writing. The Fund Administrator shall

present the matter to the Trustees for review at their next regularly-scheduled meeting.

6. If the amount found to be due is not paid within 15 days of the mailing of the notice, the amount will then be deemed delinquent and interest and liquidated damages shall be imposed as of the date of the deemed delinquency. The case shall then be referred to Fund Counsel for collection, unless the employer is awaiting review of its challenges to the audit findings by the Trustees.

7. When a payroll audit discloses that an employer has not made all required contributions, the auditor shall advise the Fund Office, which shall immediately notify the employer in writing of the amount of contributions found to be due.

8. The Fund will pay the cost of payroll audits unless any such audit discloses an amount due from an employer in excess of 3% of all contributions obligated during the period of the audit, or $300.00, whichever is greater, in which event the employer shall be responsible for and shall be assessed with the cost of the audit.

9. The auditor shall provide the Trustees with a quarterly report of all audits in process, summarizing the status of each case.

10. New Employers to the Fund shall be audited within six months of becoming a signatory Employer and again within six to twelve months of the first audit.

## Refund of Employer Overpayments

1. Consistent with ERISA Section 403(c), any employer that has made an overpayment to the Fund as a result of a mistake of fact or law may submit a written request for a refund to the Board of Trustees via the Fund Office. The Fund Office will promptly investigate the alleged overpayment and provide a summary of its findings to the Board of Trustees. The Trustees may vote to refund any mistaken contributions made by the employer in the 24 months immediately preceding the date the employer provided written notice to the Fund Office. Should a request for a refund be approved by the Trustees, the return of the overpayment(s) will occur within the six months immediately following the date the Fund Office determines that an overpayment was made. No interest shall accrue on the amount of the overpayment.

2.   The Trustees, in their discretion, may order an audit of the employer requesting a refund, covering the time period of the alleged overpayment, if they deem it appropriate, taking into account all the relevant facts and circumstances.

3.   Any benefits paid and/or administrative expenses required to calculate the amount to be refunded shall be deducted from the amount of erroneous contributions.

4.   Nothing herein shall prohibit the Fund Office from making routine adjustments to correct errors in monthly remittance reports and provide credits and/or refunds to employers based on such routine adjustments.


Adopted 8-21-92; revised 11-14-97; revised 11-15-13; revised - -24.