IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
AT INDIANAPOLIS

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL UNION NO. 20 WELFARE AND BENEFIT FUND, et al.<br><br>Plaintiffs,<br><br>*v.*<br><br>SAFE-T-INNOVATIONS, LLC d/b/a STI Heating & Air Conditioning,<br><br>Defendant. | CASE NO. 1:26-cv-00109-RLY-MJD |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

This is an action in which Plaintiffs seek unpaid fringe benefit contributions, liquidated damages, interest, and attorney's fees and costs from Defendant. Although Defendant was properly served with Plaintiffs' Complaint, Defendant has failed to defend and file an answer to the lawsuit. Consequently, default judgment is appropriate under Fed. R. Civ. P. 55.

## I. PROCEDURAL BACKGROUND

Plaintiffs, the Trustees of the Sheet Metal Workers Local No. 20 Welfare and Benefit Fund, Trustees of the Sheet Metal Workers Local Union No. 20 Defined Contribution Pension Fund, Trustees of the Sheet Metal Workers Local No. 20 Gary Area Pension Fund (collectively, "Funds" of "Fund Plaintiffs") and Local Union No. 20 of the International Association of Sheet Metal, Air, Rail and Transportation Workers ("Union"), filed their Complaint against Defendant, Safe-T-Innovations, LLC, doing business as STI Heating & Air Conditioning ("STI"), on January 21, 2026. (Doc. #1). On January 23, 2026, Defendant's registered agent for service of process was

served with the Summons and Complaint. (Doc. #8). Despite having been duly served with process, no answer was timely filed on behalf of Defendant. On February 19, 2026, the Clerk entered default against Defendant. (Doc. #11).

One week after the Clerk's entry of default, Defendant appeared in the action, by counsel. (Doc. #12). However, despite the passage of several months, no steps have been taken to defend the suit. Therefore, default judgment is appropriate.

## II. LEGAL AND FACTUAL BACKGROUND

### A. The Collective Bargaining Agreement, Trust Agreements and Collection Policies Establish Plaintiffs' Claims and Damages.

Fund Plaintiffs are fiduciaries of trust funds created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through their respective Trust Agreements. The Funds are multiemployer benefit plan and employee welfare plan within the meaning of ERISA § (1), 29 U.S.C. § 1002(1). The Fund Plaintiffs are authorized to bring this suit under ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145 and LMRA §185(a), 29 U.S.C. § 185(a). In addition to collecting contributions owed to the Sheet Metal Workers Local No. 20 Welfare and Benefit Fund, the Trustees and employees of said fund serve as the agent for the collection of contributions owed to several other affiliated funds and entities. (Declaration of Josh Todd, ¶ 2). The Union is a labor organization within the meaning of LMRA §152(5), 29 U.S.C. § 152(5) and is authorized to bring this suit under LMRA §185(a), 29 U.S.C. § 185(a).

STI is a Nevada limited liability company with its principal place of business located in Lake County, Indiana. (Doc. #1, Complaint ¶ 7). Defendant is and was at all relevant times a signatory employer and a party to a collective bargaining agreement with the Union ("CBA"). (Doc. #1, Complaint ¶ 8, Doc. #1-1). On behalf of its covered employees, the CBA requires Defendant to contribute to the Funds, and to withhold and remit working dues and other wage

deductions to the Union. (Doc. #1, Complaint ¶ 9; Doc. #1-1 p. 3 and 39-43, CBA Art. V, Sec. 5 and Addendum VIII). The CBA incorporates the terms of the Funds' Trust Agreements by reference, binding STI to the terms of those agreements. (Doc. #1-1 p. 39-43, CBA Addendum VIII, Sec. 3, 4, 12). The Trust Agreements grant authority to Fund Plaintiffs to adopt collection policies. (Doc. #1-2 p. 26, Welfare Trust Sec. 6.01; Doc. #1-3 p. 11., Defined Contribution Trust Art. III, Sec. 1; Doc. #1-4 p. 14, Gary Pension Trust Sec. 3.13).

Contributions and deductions are calculated based on a formula of hours worked by covered employees, multiplied by hourly rates set forth in the CBA, or an accompanying table incorporated into the CBA by reference. The rate schedules in effect during all times relevant to this action are attached to and incorporated by the Declaration of Josh Todd. Contributions and deductions are due no later than the 20th day of the month after the month in which the work is performed. (Doc. #1-1 p. 30, 39-43; Addendum V, Sec. 1(a), Addendum VII, Sec. 3-13).

The Funds' collection policies provide that, if a signatory employer does not timely pay contributions owed to the Funds, the employer is liable for the payment of liquidated damages, interest, reasonable attorney's fees, and costs. The Welfare Fund and Defined Contribution Fund assess liquidated damages equal to 15 percent of the delinquent contributions, and simple interest at the rate of 1.5% per month, calculated from the first day of the month following the due date. (Doc. #1-5 p. 1; #1-6 p. 2). The Pension Fund assesses liquidated damages equal to 5 percent of the delinquent contributions, and interest at the rate of 6% per year beginning from the day after the due date. (Doc. #1-7, p. 1-2). (Doc. #1-1 p. 44, CBA Addendum VIII, Sec. 13, para. 7). Finally, if legal proceedings are commenced against an employer to collect delinquent contributions, Plaintiffs are entitled to recover attorney's fees and costs under the Funds' collection policies and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(B)-(C).

**B. Defendant's Delinquent Contributions and Deductions**

As detailed in Plaintiffs' Complaint, STI's liability to Plaintiffs stems from unpaid contributions, deductions, and related amounts owed for work performed by Plaintiffs' covered employees in November 2024 and later. For the months of November 2024 through August 2026, the amounts owed are established by monthly reports that STI submitted to Plaintiffs. (Decl. Todd, ¶ 4). However, STI has not yet paid all contributions and deductions owed for the work performed during the aforementioned months. (Declaration of Josh Todd ¶ 5 and Ex. 2). STI owes $136,841.34 in delinquent contributions and deductions. *Id*. After crediting STI for $47,000 in payments received, net reported contributions and deductions equal $136,614.12. *Id*. at ¶ 5.

**C. Defendant's Liquidated Damages Owed**

As set forth above, a delinquent employer owes liquidated damages, which are calculated as a percentage of the delinquent contributions and deductions. For all amounts except Local Pension contributions, liquidated damages are equal to 15% of the delinquent payments. For Local Pension, liquidated damages are equal to 5% of the delinquent payments. As detailed in Exhibit 2 to the Declaration of Josh Todd, as a result of its delinquent contributions for the November 2024 through August 2026 work months, STI owes liquidated damages totaling $19,949.72. (Decl. Todd, ¶ 6).

**D. Defendant's Interest Owed**

As set forth above, a delinquent employer owes interest on delinquent contributions and deductions. For all amounts except Local Pension contributions, interest accrues at the rate of 1.5% per month, calculated from the first day of the month following the due date. For Local Pension, interest is assessed at the rate of 6% per annum, beginning on the due date. As detailed in Exhibit 2 to the Declaration of Josh Todd, as a result of its delinquent contributions for the November 2024

through August 2026 work months, as of October 1, 2026, STI owes interest in the total amount of $19,758.12. (Decl. Todd, ¶ 6).

## III. DEFAULT JUDGMENT STANDARD

Federal Rule of Civil Procedure 55 provides a two-step process for obtaining default judgment. *VLM Food Trading Int'l, Inc. v. Ill. Trading Co*., 811 F.3d 247, 255 (7th Cir. 2016). The first step is the entry of default under Rule 55(a). *Id*. The second step is default judgment under Rule 55(b). *Id*.

"The basic effect of an entry of default (step one) is that … the well-pleaded allegations of a complaint relating to liability are taken as true." *Id*. "Once the default is established, and thus liability," the plaintiff must then establish the amount of damages to which it is entitled. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). In this regard, while the district court must conduct an inquiry in order to determine the amount of damages owed, a hearing is not required if the amount is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

## IV. ARGUMENT

### A. Default judgment as to liability and damages is appropriate.

ERISA § 515, 29 U.S.C. § 1145 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Plaintiffs are entitled to enforce this provision under ERISA § 502, 29 U.S.C. § 1132, which allows for lawsuits by plan fiduciaries seeking to remedy an ERISA violation. Plaintiffs are also entitled to relief under LMRA Section 301(a), 29 U.S.C. 185(a), which governs suits for violations of collective bargaining agreements.

Multiemployer benefit plans may enforce the obligations in collective bargaining agreements by virtue of their standing as third-party beneficiaries. *Central States v. Gerber Truck Services, Inc.*, 870 F.2d 1148, 1151 (7th Cir. 1986). Under ERISA § 515, however, plans are not subject to defenses that are unrelated to an employer's written promise to remit contributions to a benefit plan. *Central States, Southeast and Southwest Areas Pension Fund v. Kroger Co*., 226 F.3d 903, 911 (7th Cir. 2000); *see Central States Pension Fund v. Kabbes*, 2004 U.S. Dist. LEXIS 23558, at *51 (N.D. Ill. Nov. 18, 2004) (Section 515 of ERISA severely limits employer defenses in ERISA cases).

ERISA Section 502(g) provides a mandatory list of the categories of damages to be awarded in delinquent contributions cases. 29 U.S.C. § 11332(g)(B), (C), (D). These consist of:

(A) the unpaid contributions,
(B) interest on the unpaid contributions,
(C) an amount equal to liquidated damages provided under the plan in an amount not in excess of 20 percent …,
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) Such other legal or equitable relief as the court deems appropriate. *Id*.

**B. Defendant is liable to Plaintiffs for contributions and related liquidated damages and interest.**

As to damages, Plaintiffs have submitted the declaration of Josh Todd, who is the Executive Director of the Plaintiffs' Fund Office and agent for collection of contributions and deductions. Todd's testimony, together with the incorporated business records maintained by his office, establishes the contributions, deductions, liquidated damages, and interest owed by STI. (Declaration of Josh Todd, ¶ 4-7). To summarize the amounts described in part II above, The Todd Declaration establishes that the following contributions, deductions, liquidated damages, and interest are owed by STI:

| | |
|---|---|
| Reported Delinquent Contributions and Deductions, net of payments received. | $136,614.12 |

| | |
|---|---|
| (Nov. 2024 – August 2026) | |
| Liquidated Damages | $19,949.72 |
| Interest (through 10/01/2026) | $19,758.12 |

**C. Plaintiffs are entitled to an award of their reasonable attorney's fees and costs.**

In addition to the foregoing sums, ERISA Section 502(g) provides, in relevant part, that "in any action [by an ERISA fiduciary to enforce an employer's obligation to contribute to a multiemployer plan] in which a judgment in favor of the plan is awarded, the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant…" 29 U.S.C. § 1132(g)(2)(D). Counts I and II of the Complaint seek to enforce the payment of contributions owed by Defendant to the Funds, in accordance with ERISA and the terms of the CBA. (Doc. #1, ¶23-29). Accordingly, the Complaint sets forth an action to enforce the contribution obligation, as disclosed by Defendant's unfunded work reports. Therefore, in accordance with ERISA's mandate, the Funds move the Court for an award of their reasonable attorney's fees.

Professionals with the firm Ledbetter Partners LLC serve as counsel for three of the four Plaintiffs in this case. Professionals at Ledbetter Partners LLC have expended no less than 21.8 hours in connection with this matter, between January and October 2026. (Declaration of Thomas R. Kendall, ¶ 3). Time was billed on this matter at the rates of $275 for partners, $250 per hour for associates, and $125 per hour for paralegals. (*Id*. at ¶ 4).

The hourly rates charged by the firm are very reasonable for legal services of this nature. (Decl. Kendall, ¶ 6). The total hours expended were reasonable and necessary to investigate the Plaintiffs' claims, communicate with the clients and the defendant and its counsel, obtain and review relevant documents; prepare, file and serve pleadings; and seek default judgment. (*Id*. at ¶ 7). Thus, the firm's attorney fees of $5,290.00 are reasonable. (*Id.* at ¶ 7).

Professionals with the firm Asher, Gittler & D'Alba, Ltd. serve as counsel for Plaintiff,

Trustees of the Sheet Metal Workers Local No. 20 Gary Area Pension Fund. Professionals at Asher, Gittler & D'Alba, Ltd. have expended no less than 5 hours in connection with this matter, between January and March 2026. (Declaration of Alexander I. Rosenthal, ¶ 3). Time was billed on this matter at the rate of $330 per hour by firm partners. (*Id*. at ¶ 4).

The hourly rates charged by the firm are very reasonable for legal services of this nature. (Decl. Rosenthal, ¶ 5). The total hours expended were reasonable and necessary to investigate the Plaintiffs' claims, communicate with the clients and the defendant, obtain and review relevant documents; prepare, file and serve pleadings; and seek default judgment. (*Id*. at ¶ 6). Thus, the firm's attorney fees of $1,732.50 are reasonable. (*Id.* at ¶ 6).

Additionally, Plaintiffs expended costs for filing and service totaling $405.00. (Decl. Kendall at ¶ 5).

## V. CONCLUSION

Plaintiffs respectfully request default judgment against Defendant for contributions, liquidated damages, interest, attorney's fees, and costs, as follows:

| | |
|---|---|
| Contributions and Deductions | $136,614.12 |
| Liquidated Damages | $19,949.72 |
| Interest | $19,758.12 |
| Attorney's Fees | $7,022.50 |
| Costs | $405.00 |
| Total | $183,749.46 |

Respectfully submitted,

**LEDBETTER PARTNERS LLC**

s/ Thomas R. Kendall

Thomas R. Kendall (IN #26859-15)
5078 Wooster Road, Suite 400
Cincinnati, OH 45226
937-619-0900
937-619-0999 (fax)
tkendall@fringebenefitlaw.com
*Attorney for Plaintiffs, Trustees of the Welfare Fund, Trustees of the Defined Contribution Fund, and Local Union*

**ASHER, GITTLER & D'ALBA, LTD.**

/s Alexander Isaac Rosenthal

Alexander I. Rosenthal (IN #31790-46)
200 West Jackson Blvd., Ste. 720
Chicago, Illinois 60647
(312) 601-9243 (ph)
(312) 263-1520 (fax)
ar@ulaw.com
*Attorney for Plaintiff the Sheet Metal Workers Local 20 Gary Area Pension Fund*